**VALLE MAKOFF LLP**
JOHN M. MOSCARINO (State Bar No. 122105)
   jmoscarino@vallemakoff.com
11777 San Vicente Blvd., Suite 890
Los Angeles, California 90049
Telephone:   (310) 476-0300
Facsimile:    (310) 476-0333

Attorneys for Defendants
RICHARD M. PACHULSKI and PACHULSKI
STANG ZIEHL & JONES LLP

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION – FIRST STREET COURTHOUSE

| | |
|---|---|
| ABRAHAM STUART RUBIN, an individual; DUSTY BERKE, as Trustee of the STUART RUBIN CHILDREN'S TRUST; and ANNETTE AND STUART RUBIN, as Co-Trustees of the STUART AND ANNETTE RUBIN FAMILY TRUST; ASR DEVELOPMENT CO.; FORCE RUBIN, LLC; FORCE RUBIN 2, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>GARY STIFFELMAN; RICHARD M. PACHULSKI; PACHULSKI STANG ZIEHL & JONES LLP, a California Limited Liability Partnership;· U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish Limited Partnership; CALMWATER ASSET MANAGEMENT, LLC, a Delaware Limited Liability Company; GREENBURG TRAURIG, LLP, a New York Limited Liability Partnership; DOE ATTORNEYS 1-50; DOE FIDUCIARIES 1-50; DOES 1-100, inclusive <br><br>Defendants. | Case No. 2:23-cv-10152 CBM (PVCx) <br><br>Hon. Consuelo B. Marshall <br><br>**EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME FOR ALL DEFENDANTS TO PLEAD OR OTHERWISE RESPOND TO THE COMPLAINT** <br><br>Complaint Filed:   December 1, 2023 |

/ / /

/ / /

S:\Pachulski-Rubin\PLD\EX-AP-EXTEND-RESPONSE.docx

**EX PARTE RE EXTENDING TIME FOR ALL DEFENDANTS TO PLEAD OR RESPOND**

TO THE PARTIES AND TO THE COURT:

PLEASE TAKE NOTICE THAT Defendants Richard M. Pachulski ("Pachulski") and Pachulski Stang Ziehl & Jones LLP ("PSZJ") hereby apply, ex parte, for an Order Extending Time For All Defendants To Plead Or Otherwise Respond To Complaint. Pachulski and PSZJ request that all defendants be given two weeks after the date that the last of the two pending motions to withdraw is rescheduled for hearing before Judge Marshall so as to ensure that the Parties can have a meaningful Rule 7-3 Conference before filing any motion addressed to the Complaint.

This application is made pursuant to Local Rule 7-19 and Federal Rule of Civil Procedure 6(b).

Counsel for the Parties in the case are as follows:

| **Name and Contact Information** | **Parties Presented** |
|---|---|
| Oliver D. Griffin<br>(admitted pro hac vice)<br>GRIFFIN PARTNERS LLP<br>123 South Broad Street, Suite 1670<br>Philadelphia, PA 19109<br>Tel: (267) 499-3273<br>Fax: (267) 427-8139<br>oliver.griffin@griffinlawllp.com | Attorneys for Plaintiffs Abraham Stuart Rubin, an individual; Dusty Berke, as Trustee of the Stuart Rubin Children's Trust; and Annette and Stuart Rubin, as Co-Trustees of the Stuart and Annette Rubin Family Trust; ASR Development Co.; Force Rubin, LLC; Force Rubin 2, LLC |
| Rudy R. Perrino, Esq.<br>KUTAK ROCKLLP<br>777 South Figueroa Street, Suite 4550<br>Los Angeles, California 90017-5800<br>Telephone: (213) 312-4000<br>Facsimile: (213) 312-4001<br>rudy.perrino@kutakrock.com | Attorneys for Plaintiffs Abraham Stuart Rubin, an individual; Dusty Berke, as Trustee of the Stuart Rubin Children's Trust; and Annette and Stuart Rubin, as Co-Trustees of the Stuart and Annette Rubin Family Trust; ASR Development Co.; Force |

| | |
|---|---|
| | Rubin, LLC; Force Rubin 2, LLC |
| Chris Frost<br><br>Frost LLP<br><br>10960 Wilshire Blvd., Suite 1260<br><br>Los Angeles, CA 90024<br><br>Telephone: (424) 254-0441<br><br>chris@frostllp.com | Attorneys for Defendant Gary Stiffelman |
| Marsha A. Houston<br><br>Christopher O Rivas<br><br>REED SMITH LLP<br><br>355 South Grand Avenue Suite 2900<br><br>Los Angeles, CA 90071<br><br>Telephone: 213-457-8000<br><br>Facsimile: 213-457-8080<br><br>mhouston@reedsmith.com<br><br>crivas@reedsmith.com | Attorneys for Defendants Calmwater Asset Management, LLC a Delaware Limited Liability Company and U.S. Real Estate Credit Holdings III-A, LP, an Irish Limited Partnership |
| Michael P. McNamara<br><br>Kirsten H. Spira<br><br>JENNER & BLOCK LLP<br><br>515 S. Flower Street, Suite 3300<br><br>Los Angeles, CA, 90071-2246<br><br>Telephone: 213 239 5148<br><br>Facsimile: 213 239-5199<br><br>mmcnamara@jenner.com<br><br>kspira@jenner.com | Attorneys for Defendant Greenberg Traurig LLP |

This application is supported by the declaration of John M. Moscarino, filed concurrently herewith, the attached memorandum of points and authorities, the

2
**EX PARTE RE EXTENDING TIME FOR ALL DEFENDANTS TO PLEAD OR RESPOND**

1  records, pleadings and files in this matter, and such other and further matters as this
2  Court may consider at the time of hearing thereon.
3       As set forth in the concurrently filed declaration of John M. Moscarino, after
4  all counsel had a Zoom conference call to discuss the impact of the pending motions
5  to withdraw on the litigation, counsel for Pachulski and PSZJ advised counsel for
6  all Parties that he will be making this application.
7       Counsel for Defendant Greenberg Traurig has advised counsel for Pachulski
8  and PSZJ that Greenberg Traurig is likely to join in the application. Counsel for
9  Calmwater and USRECH has advised counsel for Pachulski and PSZJ that
10 USRECH and Calmwater support this application. Counsel for Plaintiffs
11 previously advised counsel for Pachulski and PSZJ that they do not have client
12 authority to stipulate to the requested relief.
13 Dated: February 5, 2024        VALLE MAKOFF

By: */s/ John M. Moscarino*
JOHN M. MOSCARINO
Attorneys for Defendants
RICHARD M. PACHULSKI and
PACHULSKI STANG ZIEHL &
JONES LLP

3
**EX PARTE RE EXTENDING TIME FOR ALL DEFENDANTS TO PLEAD OR RESPOND**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case was filed on December 1, 2023. (Docket No. 1.) After counsel for some of the defendants met and conferred about extending their response dates and setting a uniform response date for all defendants, this court entered an order setting February 13, 2024 as the date for defendants Gary Stiffelman ("Stiffelman"), Richard M. Pachulski ("Pachulski"), Pachulski Stang Ziehl & Jones LLP ("PSZJ"), U.S. Real Estate Holdings III-A LP ("USRECH"), and Calmwater Asset Management ("Calmwater") to plead or otherwise respond to the Complaint. (Docket No. 17.) The February 13, 2024 date corresponded to the February 13, 2024 response date of Defendant Greenberg Traurig LLP ("Greenberg Traurig").

On January 25, 2024, Oliver Griffin, one of Plaintiffs' lawyers, notified defense counsel that he was going to withdraw as counsel. (Moscarino Decl. ¶ 3.) Griffin filed his motion that day. (Docket No. 32.) After Griffin advised all counsel that Kutak was going to file a motion to withdraw, Kutak Rock LLP ("Kutak"), through its partner Rudy Perrino ("Perrino"), advised counsel that Kutak was likewise going to withdraw as well. (Moscarino Decl. ¶ 3.)

After receiving notice that Kutak was going to withdraw, counsel for Pachulski and PSZJ asked all counsel to convene a conference call to discuss the impact of the motions to withdraw on the litigation. (Moscarino Decl. ¶ 4.) Counsel agreed to hold such a call. (Moscarino Decl. ¶ 4.)

All counsel attended a Zoom Conference Call on January 26, 2024. Based on an assumption that both motions would be calendared for February 28, 2024, defense counsel collectively agreed that the best approach to dealing with pleading deadlines would be to file an ex parte application to extend all defendants pleading deadlines to March 13, 2024. (Moscarino Decl. ¶ 5.) Plaintiffs' counsel confirmed that they had no authority to agree to anything. Nonetheless, Perrino stated that he

///

4
EX PARTE RE EXTENDING TIME FOR ALL DEFENDANTS TO PLEAD OR RESPOND

would seek authority from his client to seek the requested extension. (Moscarino Decl. ¶ 5.)

After the January 26, 2024 Zoom call, Kutak filed its own motion to withdraw. (Docket No. 32.) The Kutak motion was originally calendared for February 21, 2024. (Id.) However, it was later amended to set a March 6, 2024 hearing date. (Docket No. 33.) The Griffin motion and the Kutak motion were calendared for hearing before Magistrate Judge Oliver.

On January 30, 2024, the case was reassigned to Judge Marshall. (Docket No. 34). A new hearing date has not yet been set. (Moscarino Decl. ¶ 7.)

Plaintiffs' counsel has periodically updated defense counsel on efforts to communicate with Plaintiffs about agreeing to the requested extension. Counsel has reported that he has been unable to obtain authority to the extension. (Moscarino Decl. ¶ 7.) This is consistent with counsel's report that there has been a breakdown in the attorney-client relationship and counsel's inability to enter into agreements on behalf of his clients in related state court litigation. (Moscarino Decl. ¶ 9.)

All counsel have been notified of the Application. (Moscarino Decl. ¶ 8 and Ex. B.) The contact information for all counsel is listed on pages 1 and 2 of this Application.

## II.   GOOD CAUSE EXISTS TO EXTEND THE DEFENDANTS' RESPONSE DATE

Federal Rule of Civil Procedure 6(b) states that the Court "may, for good cause shown, extend the time" for any action to be done. (Federal Rule of Civil Procedure 6(b).) Applications to extend the time for a defendant to plead or otherwise respond to a Complaint "are to be liberally permitted." Ruszczyk, as Trustee for Ruszczyk v. Noor, 349 F.Supp.3d 754, 767 (D.Minn. 2018).

/ / /

/ / /

1    Here, there is good cause to extend the deadline for all defendants to plead or otherwise respond to the Complaint. Local Rule 7-3 requires counsel to meet and confer before filing their response to the Complaint – a point that is emphasized in the Court's Standing Order. (Docket No. 35 at p. 4.) When Griffin informed defense counsel that he intended to withdraw, no Rule 7-3 conference had yet taken place. A meaningful meet and confer discussion pursuant to Local Rule 7-3 is thus a required step in this litigation.

At the present time, the existing ethical conflicts between counsel and their clients make it impossible for a meaningful meet and confer to take place. Defendants are not responsible for this state of affairs. The inability to have a meaningful meet and confer at this time exists because (a) counsel for Plaintiffs are withdrawing; and (b) counsel do not have authority to speak for their client at this time. (Moscarino Decl. ¶¶ 6, 7, 9, 10.)

Moreover, given the breakdown in communications between Plaintiffs and their counsel, defendants do not know (a) if Plaintiffs have made any progress in securing successor counsel for this case and the many related state court and bankruptcy court matters in which Kutak represents Plaintiffs; (b) if successor counsel will be interested in pursuing this case; or (c) if, assuming that successor counsel decides to pursue the case, Plaintiffs will elect to abandon any part of the existing Complaint and/or seek to file an Amended Complaint.

Pachulski and PSZJ have done everything they could have done to avoid the application. However, because Griffin and Kutak do not have client authority to stipulate to the relief prayed for herein and it is impossible to conduct a Rule 7-3 conference at this time, PSZJ and Pachulski have been forced to proceed via this ex parte application and request that the Court extend the time for all Defendants to

/ / /

/ / /

/ / /

6
**EX PARTE RE EXTENDING TIME FOR ALL DEFENDANTS TO PLEAD OR RESPOND**

plead or otherwise respond to the Complaint to a date that is two weeks after the latest of the motions to withdraw is set for hearing.[1]

Dated: February 5, 2024       VALLE MAKOFF

By: */s/ John M. Moscarino*
JOHN M. MOSCARINO
Attorneys for Defendants
RICHARD M. PACHULSKI and PACHULSKI STANG ZIEHL & JONES LLP

---

[1] The motions to withdraw were originally set for hearing on different dates. PSZJ and Pachulski believe they should be set on the same day because the motions have overlapping issues.

7

**EX PARTE RE EXTENDING TIME FOR ALL DEFENDANTS TO PLEAD OR RESPOND**