Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendants
U.S. Real Estate Credit Holdings III-A LLP,
Calmwater Asset Management, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION - SPRING STREET COURTHOUSE**

ABRAHAM STUART RUBIN, an individual; DUSTY BERKE, as Trustee of the STUART RUBIN CHILDREN'S TRUST; and ANNETTE AND STUART RUBIN, as Co-Trustees of the STUART AND ANNETTE RUBIN FAMILY TRUST; ASR DEVELOPMENT CO.; FORCE RUBIN, LLC; FORCE RUBIN 2, LLC,

Plaintiffs,

v.

GARY STIFFELMAN; RICHARD M. PACHULSKI; PACHULSKI STANG ZIEHL & JONES LLP, a California Limited Liability Partnership;· U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish Limited Partnership; CALMWATER ASSET MANAGEMENT, LLC, a Delaware Limited Liability Company; GREENBURG TRAURIG, LLP, a New York Limited Liability Partnership; DOE ATTORNEYS 1-50; DOE FIDUCIARIES 1-50; DOES 1-100, inclusive

Defendants.

Case No. 2:23-cv-10152

**U.S. REAL ESTATE CREDIT HOLDINGS III-A LLP AND CALMWATER ASSET MANAGEMENT, LLC'S OPPOSITIONS TO MOTION TO WITHDRAW FILED BY OLIVER D. GRIFFIN AND KUTAK ROCK LLP; MARSHA A. HOUSTON**

Date: March 12, 2024
Time: 9:00 a.m.
Place: Courtroom 8D

Complaint Filed: December 1, 2023

Defendants U.S. Real Estate Credit Holdings III-A LLP, and Calmwater Asset Management, LLC (together, the "USRECH Defendants") hereby oppose the motions to withdraw as counsel (the "Withdrawal Motions") filed by each of Rudy R. Perrino of Kutak Rock LLP ("Perrino") and Oliver D. Griffin ("Griffin"). [Dkt. Nos. 30, 32, 33.]

## I. INTRODUCTION AND BRIEF STATEMENT OF FACTS

The USRECH Defendants are troubled by the Withdrawal Motions. The issue is not that Mr. Perrino and Mr. Griffin ("Rubin's Attorneys") wish to withdraw as counsel, but rather that they have filed the Withdrawal Motions after filing a facially frivolous complaint without taking any measures to mitigate their abuse of process. This Court should not permit officers of the court, who are bound by the strictures of Rule 11 of the Federal Rules of Civil Procedure, to sign and file a pleading and then exit the case without taking any steps to rectify the damage they have caused and without facing the consequences of the filing. Rubin's Attorneys should not be permitted to withdraw until either: (1) new attorneys have substituted into the case and certified the pending complaint (the "RICO Complaint") under Rule 11, or (2) the RICO Complaint has been dismissed.

As summarized in the Opposition filed by Defendants Richard Pachulski and Pachulski Stang Ziehl & Jones LLP (the "Pachulski Opposition"), dkt. no. 46, which the USRECH Defendants join, Rubin's Attorneys filed a prolix RICO complaint (the "RICO Complaint") that reads more like a bad novel than a federal pleading. Perhaps worse, as to the USRECH Defendants, every allegation levied against them arises out of USRECH's legally valid enforcement of writs of attachment it obtained against Stuart Rubin in a Superior Court action pending in Riverside County. As such, the RICO Complaint is an obvious strategic lawsuit against public participation (i.e., a SLAPP), that is subject to a federal motion to strike under California's anti-SLAPP laws. The lawsuit is also, without a doubt, a transparent maneuver by Rubin's Attorneys to forum shop Stuart Rubin's claims

and to use the federal court system to collaterally attack ongoing state court litigation.

The RICO Complaint was filed on December 1, 2023, and then just six days later Stuart Rubin's attorneys strategically submitted it an exhibit in the Riverside litigation as "evidence" to support ASR Development Co.'s ("ASR") motion attacking USRECH's writ of attachment in the Riverside state court case. (RJN, Ex. A.) ASR's efforts to manufacture evidence to support its arguments failed, and the Riverside Court ruled against ASR (i.e., Mr. Rubin).[1] (RJN, Ex. B.)

On January 17, 2024, counsel for the USRECH Defendants sent a letter to Mr. Perrino, and other partners of Kutak Rock, raising serious concerns about the merits of the Riverside Action and advising Kutak Rock of the USRECH Defendants' intention to file a motion under Rule 11 (as well as a motion to dismiss and an anti-SLAPP motion).[2] Approximately a week later, Rubin's Attorneys failed to take corrective actions to withdraw the RICO Complaint and, instead, filed the Withdrawal Motions. This is clearly not an appropriate measure to address the Rule 11 issues here, and it also creates a situation in this case where **most** of the plaintiffs are either trusts or limited liability companies and cannot proceed in this matter without counsel. Thus, before the Court grants the Withdrawal Motions, it should address how the RICO Complaint will be resolved.

## II. ANALYSIS

There are numerous statutes and rules in place aimed to prevent frivolous litigation in federal court. Attorneys may be sanctioned when they "multipl[y] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; *In re Keegan Mgmt. Co. Secur. Litig.*, 78 F3d 431, 436 (9th Cir. 1996). Rule 11 also

---

[1] ASR is, not surprisingly, wholly owned by A. Stuart Rubin.

[2] A true and correct copy of the letter is affixed hereto as **Exhibit A**. Although it was not USRECH's intention to publicly file the letter, Mr. Perrino has already made it a matter of public record by filing it in a proceeding pending in the Santa Monica Superior Court.

prohibits attorneys from violating attorney certifications that they have a legal basis to file a pleading, motion or other paper. Fed. R. Civ. Proc. 11. Federal courts also have **inherent** power separate and apart from Section 1927 and Rule 11 to sanction attorneys and parties for bad faith litigation conduct not only where there is evidence of bad faith, but also where an attorney is "merely" reckless but has filed pleadings for an improper purpose like, as is the case here, where the pleading is a reckless "attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case." *Fink v. Gomez*, 239 F3d 989, 993-94 (9th Cir. 2001).

Here, in the face of written communications from the USRECH Defendants of their serious concerns about the validity and purpose of the RICO Complaint, as well as their notice to Kutak Rock of Rule 11 issues, Rubin's attorneys took **no action whatsoever** to rectify the improper pleading in this case. They did not withdraw, dismiss, or amend the RICO Complaint, nor did they dismiss the USRECH Defendants. Rather, after pulling the proverbial pin from the grenade and throwing it in the public square, Rubin's Attorneys merely filed the Withdrawal Motions so that the USRECH Defendants were still saddled with having to deal with the sanctionable RICO Complaint.

This is plainly not enough. In *Holgate v. Baldwin*, 425 F.3d 671, 678-79 (2005), the Ninth Circuit upheld a trial court's Rule 11 sanctions against an attorney where the attorney withdrew as counsel three days after receiving a Rule 11 safe harbor motion, when there was "nothing in the record to indicate that he did anything to withdraw or otherwise correct the complaint in light of this motion." In that case, the withdrawing attorney "had prior notice of the frivolousness of the complaint . . . and notice of a second forthcoming motion for sanctions." *Id.*

If corrective actions were actually taken to either dismiss or withdraw the frivolous RICO Complaint, or if substitute counsel appeared in the case certifying the RICO Complaint, the USRECH Defendants consent to the Withdrawal Motions.

At least in that scenario, the USRECH Defendants would be have counsel with whom they could meet and confer regarding the frivolous RICO Complaint. However, it is wholly improper for Rubin's Attorneys to certify the RICO Complaint under Rule 11, then to immediately withdraw without having to address the consequences of their actions.

## III. CONCLUSION

For the foregoing reasons, the USRECH Defendants oppose the Withdrawal Motions unless and until either: (1) the RICO Complaint is dismissed, or (2) substitute counsel enters into the case and certifies the RICO Complaint under Rule 11.

Dated: February 20, 2024

REED SMITH LLP

By: *_/s/ Marsha A. Houston_*
MARSHA A. HOUSTON
CHRISTOPHER O. RIVAS
Attorneys for Defendants
U.S. Real Estate Credit Holdings III-A, LP, and Calmwater Asset Management, LLC

## DECLARATION OF MARSHA A. HOUSTON

I, Marsha A. Houston, declare:

1. I am an attorney duly licensed to practice in the State of California. I am a partner at Reed Smith LLP, counsel for plaintiff U.S. Real Estate Credit Holdings III-A, L.P. ("USRECH"). I have personal knowledge of the following facts and could and would competently testify to them if called as a witness.

2. On January 19, 2024, I caused a letter to be sent to Kutak Rock, a true and correct copy of which is affixed hereto as **Exhibit A**.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 20th day of February, 2024, in Los Angeles, California.

/s/ Marsha A. Houston
Marsha A. Houston