Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendants
U.S. Real Estate Credit Holdings III-A LLP,
Calmwater Asset Management, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION - SPRING STREET COURTHOUSE**

ABRAHAM STUART RUBIN, an individual; DUSTY BERKE, as Trustee of the STUART RUBIN CHILDREN'S TRUST; and ANNETTE AND STUART RUBIN, as Co-Trustees of the STUART AND ANNETTE RUBIN FAMILY TRUST; ASR DEVELOPMENT CO.; FORCE RUBIN, LLC; FORCE RUBIN 2, LLC,

Plaintiffs,

v.

GARY STIFFELMAN; RICHARD M. PACHULSKI; PACHULSKI STANG ZIEHL & JONES LLP, a California Limited Liability Partnership;· U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish Limited Partnership; CALMWATER ASSET MANAGEMENT, LLC, a Delaware Limited Liability Company; GREENBURG TRAURIG, LLP, a New York Limited Liability Partnership; DOE ATTORNEYS 1-50; DOE FIDUCIARIES 1-50; DOES 1-100, inclusive

Defendants.

Case No. 2:23-cv-10152

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF U.S. REAL ESTATE CREDIT HOLDINGS III-A LLP AND CALMWATER ASSET MANAGEMENT, LLC'S OPPOSITIONS TO MOTION TO WITHDRAW FILED BY OLIVER D. GRIFFIN AND KUTAK ROCK LLP**

Date: March 12, 2024
Time: 9:00 a.m.
Place: Courtroom 8D

Complaint Filed: December 1, 2023

Defendants U.S. Real Estate Credit Holdings III-A LLP, and Calmwater Asset Management, LLC (together, the "USRECH Defendants") hereby submit a Request for Judicial Notice to provide this Court with copies of ASR Development Co.'s ("ASR") state court Petition for Hearing on Second Third Party Claim of Ownership and Superior Right to Possession and the Riverside court's Judgment Denying Second Third Party Claim of ASR, which are referenced in the USRECH Defendants' opposition to the motions to withdraw as counsel (the "Withdrawal Motions") filed by each of Rudy R. Perrino of Kutak Rock LLP ("Perrino") and Oliver D. Griffin ("Griffin") [Dkt. Nos. 30, 32, 33] as Exhibits A and B, respectively. Although the opposition to the Withdrawal Motions was filed on February 20, 2024, the USRECH Defendants inadvertently excluded this request from that filing.

This request is made pursuant to Federal Rules of Evidence, Rule 201, and the USRECH Defendants request that this Court take judicial notice that the documents below were filed in the Superior Court of California, County of Riverside:

**EXHIBIT A -** Petition for Hearing on Second Third Party Claim of Ownership and Superior Right to Possession, filed by ASR in the Superior Court of California, County of Riverside.

**EXHIBIT B -** Notice of Entry of Judgment Denying Second Third Party Claim of ASR Development Co., as entered by Honorable Angel M. Bermudez, Judge of the Superior Court of California, County of Riverside.

Judicial notice of the existence, filing, and content of this document is appropriate because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Judicial notice may be taken of documents filed in other courts. *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) (materials from a proceeding in another tribunal are appropriate for judicial notice), *rev'd on other grounds*, 520 U.S. 548 (1997)

(taking judicial notice of a decision and order of an Administrative Law Judge); *Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) ("we may take judicial notice of [another court's] docket"). The Court may take judicial notice of facts that are a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Such matters of public record include court docket and records, pleadings, orders and other papers filed in an action. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Richardson v. Yates*, 435 Fed. App. 625, 626 (9th Cir. 2011) (granting judicial notice of court docket and records); *Porter v. Ollison*, 620 F.3d 952, 955 (9th Cir. 2010).

Dated: February 21, 2024 REED SMITH LLP

By: */s/ Christopher O. Rivas*
MARSHA A. HOUSTON
CHRISTOPHER O. RIVAS
Attorneys for Defendants
U.S. Real Estate Credit Holdings III-A, LP, and Calmwater Asset Management, LLC

# EXHIBIT A

Rudy R. Perrino, Esq. (SBN: 190672)
**KUTAK ROCK LLP**
777 South Figueroa Street, Suite 4550
Los Angeles, CA 90017-5800
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
E-Mail: rudy.perrino@kutakrock.com

Attorneys for Third Party Claimant,
ASR DEVELOPMENT CO.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE – SOUTHWEST JUSTICE CENTER**

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., an Irish limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>GLENROY COACHELLA, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.: RIC 1905743<br><br>Assigned to Judge Angel M. Bermudez<br>Department S-302<br><br>**PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]**<br><br>**[Filed concurrently with the Declaration of Rudy R. Perrino and [Propose] Order.]** |
| AND ALL OTHER RELATED ACTIONS. | **Date: January 8, 2024**<br>**Time: 8:30 a.m.**<br>**Dept.: S302**<br>**Reservation No.: 426392331054**<br><br>Action Filed: November 19, 2019<br>Trial Date: June 21, 2024 |

**TO THE COURT AND COUNSL OF RECORD:**

Third Party Claimant, ASR Development Co., a California corporation ("ASR or "Third-Party Claimant"), having filed its Second Third-Party Claim of Ownership with the levying officer pursuant to California Civil Procedure Code § 720.220 on October 16, 2023 ("Second Third-Party Claim"), and after waiting five (5) days for the levying officer to serve the creditor pursuant to

California Civil Procedure Code § 720.240(a), followed by ten (10) days for objection by the creditor pursuant to Section 720.240(b), with no objection having been received, hereby petitions the Court for a hearing on the validity of its Second Third-Party Claim and for proper disposition of the property that is the subject of that claim in accordance with California Civil Procedure Code § 720.310. A true and correct copy of the Second Third-Party Claim of Ownership is attached to the associated Declaration of Rudy R. Perrino as **Exhibit A**. A true and correct copy of the proof of service of the Second Third-Party Claim and two copies associated with the filing with the levying officer is attached the Declaration of Rudy R. Perrino as **Exhibit B**.

WHEREFORE, the purpose of the hearing is to determine the validity of ASR's Second Third Party Claim, the proper disposition of the property that is subject to the Second Third Party Claim, Third Party Claimant will and does hereby seek an order directing the release of the aforementioned property to be used solely for the purposes specified in the Second Third-Party Claim, or as otherwise ordered by the Court.

WHEREFORE, a Memorandum of Points and Authorities is included with this petition, along with the associated Declaration of Rudy R. Perrino authenticating the Second Third-Party Claim and associated proof of service. The Memorandum of Points and Authorities addresses certain legal issues that may arise at the hearing on the Petition, and is incorporated by reference in support thereof.

WHEREFORE, Third Party Claimant hereby requests that a hearing date be set and held as soon as possible, but in no event later than twenty (20) days after the filing of this petition as required by California Civil Procedure Code 720.310(c).

Dated: November 9, 2023 **KUTAK ROCK LLP**

By: [signature]
Rudy R. Perrino
Third Party Claimant,
ASR DEVELOPMENT CO.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On October 16, 2023, ASR Development Co., a California corporation ("ASR" or "Third Party Claimant") caused its Second Third Party Claim of Ownership and Superior Right to Possession ("Second Third Party Claim") and two copies to be served on the levying officer, consistent with California Civil Procedure Code § 720.310. (Declaration of Rudy R. Perrino, ("Perrino Decl.") ¶ 3 & **Exhibits A and B**.) In its Second Third Party Claim, ASR seeks a declaration of its ownership of partnership distributions since May 2022 by Rubin-Pachulski Properties LP ("RPP") which have been diverted to the Los Angeles County Sheriff at 9355 Burton Way, Beverly Hills, CA 90210, as the levying officer. As of the date of filing the Petition for Hearing and this related memorandum of points and authorities, no objection to ASR's Third-Party Claim has been received. (Perrino Decl., ¶ 4.)

Respectfully, ASR submits the following Memorandum of Points and Authorities in support of its Petition for Hearing.

## II. ARGUMENT

### A. Third Party Claim and Attachment Statutes are Narrowly Tailored and Are to be Strictly Construed.

A third-party claimant has the burden of proof to establish ownership of the property at issue. (Code Civ. Proc. § 720.360.) Once the third-party claimant has established that it owns the levied property, the burden shifts to the creditor to demonstrate that its claim is superior. (*Oxford Street Properties, LLC v. Rehabilitation Associates*, LLC (2012) 206. Cal.App.4th 296, 307; *Whitehouse v. Six Corp*. (1995) 40 Cal.App.4th 527, 535.) In general, "discovery is not available" in third-party claim proceedings. (*Whitehouse v. Six Corp.* (1995) 40 Cal.App.4th 527, 536.)

Attachment procedures, as creatures of statute, must be strictly construed (*Arcata Publications Group v. Beverly Hills Publishing Co*. (1984) 154 Cal.App.3d 276, 279.) Attachment is a harsh remedy in that an alleged debtor loses control of his property before the claim against him has been adjudicated. this being so, the provisions relating thereto should be strictly construed. (*Barceloux v. Dow*, (1959) 174 Cal.App.2d 170, 174.) The judicial role is to simply ascertain the

intent of the Legislature, not to insert what has been omitted, or to omit what has been inserted, as the judiciary has no power to rewrite plain statutory language under the guise of construction. (*Greyhound Lines, Inc. v. County of Santa Clara* (1986) 187 Cal.App.3d 480, 487.)

According to the Court's ruling on August 4, 2022 on ASR's third party claim of ownership to the May 2022 partnership distribution from Rubin-Pachulski Properties, LP, ("RPP", "ASR Distribution Funds"), the Court denied the validity of those funds specifically on the grounds that "upon the evidence presented – including the Memorandum of Garnishee and amended Memorandum of Garnishee – there does not appear to be any appreciable difference between Rubin and ASR. On this, ASR has failed to present sufficient evidence.".

In ASR's Second Third-Party Claim, which seeks to validate its ownership of partnership distributions from RPP ***after*** the May 2022 distribution, ASR has presented substantial evidence demonstrating not only its ownership of the RPP Distributions subsequent to May 2022, but also has declared that it does not intend to distribute the funds to Stuart Rubin, as the Court feared in its August 4, 2022 ruling. Importantly, the Attachment Statutes do not contemplate or even require such evidence in order to establish a valid claim of right. The statutory framework regarding third party claims is devoid of any specific mention of alter ego, and there is scant case law on point to suggest that alter ego can even be used as a basis to defeat ASR's right to partnership distributions which it owns. Moreover, as discussed below, "outside reverse piercing" of the corporate veil is not available in California. Nevertheless, because the Court expressed concerns, ASR has addressed those concerns in its Second Third-Party Claim.

As related to this Second Third-Party Claim of Ownership, ASR has sufficiently complied with its obligations to prove ownership and the basis for which Claimant suspects USRECH would employ in opposition to state their claim superior is without justification at this stage without first securing a judgment against Stuart Rubin and a conclusive finding that ASR is an alter ego of Stuart Rubin. Consequently, ASR's Second Third-Party Claim should be validated.

**B. Determinations of Alter Ego are Improper.**

Where the issue of alter ego is presented, there is a presumption of the separate existence of the corporate entity. (*Mid-Century Ins. Co. v. Gardner*, (1992) 9 Cal. App. 4th 1205.) (emphasis

added.) Whether the evidence has established that the corporate veil should be ignored is primarily a **question of fact, not a question of law,** the conclusion of which should not be disturbed when supported by substantial evidence." (*Alexander v. Abbey of the Chimes*, (1980) 104 Cal. App. 3d 39, 46–47; *Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1248.)(emphasis added).) The corporate entity cannot be ignored on the basis of surmise or suspicion; there must be an affirmative showing that it is a mere instrumentality of the principal stockholder. (*Consolidated Photographic Industries v. Marks*, (1952) 109 Cal. App. 2d 310.) The burden of proving facts under which a corporate entity may be disregarded is on the party alleging that the corporation is merely the alter ego of the individual. (*MacPherson v. Eccleston* (1961) 190 9 Cal. App. 4th 1213.) "[T]he conditions under which the corporate entity may be disregarded vary according to the circumstances in each case and the matter is particularly within the province of the trial court." (*Alexander v. Abbey of the Chimes* (1980) 104 Cal.App.3d 39, 46.) The alter ego test encompasses a host of factors, and no single factor is determinative, instead, the court must examine all the circumstances on whether to apply the doctrine. (*Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799, 811–812.)

The determination of whether the requirements exist for disregarding the corporate entity is primarily one for the trier of fact (*Klajic v. Castaic Lake Water Agency*, (2001) 90 Cal. App. 4th 987.), as it is a question of fact (*Greenspan v. LADT, LLC*, (2010) 191 Cal. App. 4th 486.); *Zoran Corp. v. Chen*, (2010) 185 Cal. App. 4th 799.) The determination is not a question of law (*Misik v. D'Arco*, (2011) 197 Cal. App. 4th 1065.)

Importantly, "outside reverse piercing" of the corporate veil is impermissible in California. In *Postal Instant Press, Inc. v. Kaswa Corp*. (4th Dist. 2008) 162 Cal.App.4th 1510, the Court of Appeal held that "outside reverse piercing" of the corporate veil—passing an individual's liability onto a corporation—is ***not*** permitted in California, that is, the corporate veil will not be pierced to satisfy the debt of an individual shareholder. (*Id*. at 1524.) The Court there reasoned that "[o]utside reverse piercing can harm innocent shareholders and corporate creditors, and [importantly] allow judgment creditors to bypass normal judgment collection procedures." (Id at 1513.)

/ / /

Here, it would be improper for this Court to continue to prevent ASR from receiving ASR Distribution Funds being redirected based on inferences of alter ego because, at a minimum, that **question of fact** has not been conclusively established at this stage, nor could it have been, where a judgment hasn't even been issues. The funds in this Second Third-Party Claim have been specifically earmarked for payment of legal counsel. Rejection of ASR's Second Third-Party Claim would interfere with ASR's responsibility to indemnify its corporate officer and quite possibly implicates the due process rights of both ASR and Stuart Rubin. (See, *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 788.) Consequently, ASR requests release of the ASR Distribution Funds as stated in its Second Third-Party Claim.

**C. The Court's August 4, 2022 Ruling on Claimant's First Third Party Claim of Ownership is Not Res Judicata as to the Claims Raised in the Second Third Party Claim of Ownership.**

Hearings on third party claims are "summary proceedings" that "provide a quick and effective way to determine such claims." (*Cassel v. Kolb* (1999) 72 Cal.App.4th 568, 579.) The judgment creditor need not file any pleading to oppose the claim as the third party's claim is "deemed controverted by the creditor." (Code Civ. Proc. § 720.350(b).)

ASR does not question that, once the court reaches the merits of the third-party claim, final judgment is entered and "the judgment is conclusive between the parties to the proceeding." (Code Civ. Proc. § 720.390; *see Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1016–1017 [third-party claim ruling is res judicata].) However, the prerequisite elements for applying the doctrine [of res judicata] to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is ***identical*** to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a ***final judgment*** on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. (*Boeken v. Philip Morris USA, Inc.*, (2010) 48 Cal.4th 788, 797.) While ASR is the same party seeking relief here, its claims are not identical to those raised in the first Third-Party claim, nor has a final judgment been entered on the topic.

/ / /

Previously, on August 4, 2022, this Court made a ruling which denied Claimant's initial third-party claim of ownership and right to possession ***solely*** of the May 2022 distribution from RPP in the amount of $62,437.50. That prior ruling was on ASR's Third Party claim as to May 2022 distribution specifically, and a claim to future distributions was not made by ASR and, therefore, was not at issue at that time. Moreover, given the Court's finding that ASR had failed to meet its burden of proof regarding ownership solely of the May 2022 funds, the ownership to subsequent distributions has not yet been determined. Consequently, it would be improper for the Court to expand the August 4, 2022 ruling to ASR's Second Third-Party Claim

Moreover, while USRECH filed a notice of ruling on August 9, 2022 related to the Court's determination denying ASR's initial third-party claim of ownership, no further judgment was sought or entered by the Court. Without an entered judgment on the ruling, the ruling can have no *res judicata* effect.

In sum, Claimant seeks a hearing and opportunity to be heard on their Second Third-Party Claim of Ownership because it is necessary to illuminate which partnership distributions and which issues may be subject to res judicata regarding whether the Court will validate ASR's Second Third-Party Claim of Ownership.

**III. <u>CONCLUSION</u>**

For the reasons stated in the foregoing, Third-Party Claimant respectfully requests this Court for a hearing and to confirm the validity of ASR's Second Third-Party Claim of Ownership.

Dated: November 9, 2023

**KUTAK ROCK LLP**

By: [signature]
Rudy R. Perrino
Third Party Claimant,
ASR DEVELOPMENT CO.

**PROOF OF SERVICE**

*U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P. v. GLENROY COACHELLA, LLC, et al.*
Riverside Superior Court – Southwest Justice Center – Case No.: RIC 1905743

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the City of Los Angeles in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 777 South Figueroa Street, Suite 4550, Los Angeles, California 90017.

On **November 9, 2023**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]**

☐ **(BY ELECTRONIC MAIL)** I caused such document to be delivered to the offices of the addressees via electronic mail pursuant to C.C.P §1013(a). Said document was transmitted to the email addresses of the offices which are listed on the service list. Said document was served electronically and the transmission was reported as complete and without error.

☒ **(BY ELECTRONIC SERVICE THROUGH COURT AUTHORIZED THIRD-PARTY VENDOR – OneLegal)** Pursuant to California Rule of Court 2.251(b)(1)(b) and C.C.P. Section 1010.6, the above document was served electronically on the parties appearing on the service list associated with this case at their respective email addresses.

**SEE ATTACHED SERVICE LIST**

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 9, 2023**, at Los Angeles, California.

*Kiara P. Garcia*



KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

**SERVICE LIST**

| | |
|---|---|
| Marsha A. Houston, Esq.<br>Christopher O. Rivas, Esq.<br>Shayna A. Jackson, Esq.<br>**REED SMITHLLP**<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1514 | *Attorneys for Plaintiff, U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., et al*<br><br>Bus: (213) 457-8000<br>Fax: (213) 457-8080<br>E-Mail: mhouston@reedsmith.com<br>E-Mail: crivas@reedsmith.com<br>E-Mail: sjackson@reedsmith.com |
| Sean A. O'Keefe, Esq<br>**OKEEFE & ASSOCIATES LAW CORP., P.C.**<br>26 Executive Park, Suite 250<br>Irvine, CA 92614 | *Attorneys for Defendants, ELLIOT B. LANDER and COACHELLA RESORT, LLC, a California limited liability company*<br><br>E-Mail: sokeefe@okeefelawcorporation.com |
| Stephen J. Armstrong, Esq.<br>Miguel Arballo, Esq.<br>**LAW OFFICES OF STEPHEN J. ARMSTRONG**<br>75100 Mediterranean<br>Palm Desert, CA 92211 | *Attorneys for APPLE J. PLUMBING, INC., DESERT PALMS ELECTRIC, INC., MASCORRO CONCRETE CONSTRUCTION, INC., TEMALPAKH, INC. dba THE WORKS FLOOR AND WALL, AL MILLER & SONS ROOFING, TANDEM WEST GLASS, INC. and JACOBSSON ENGINEERING CONSTRUCTION, INC.*<br><br>E-Mail: stephen@sjalaw.com |
| Brian S. Harnik, Esq.<br>**ROEMER & HARNIK LLP**<br>45025 Manitou Drive<br>Indian Wells, CA 92210 | *Attorney for BLAIR AIR, INC.*<br><br>E-Mail: bharnik@rhlawfirm.com<br>E-Mail: amontez@rhlawfirm.com |
| Marc S. Homme, Esq.<br>**MARC S. HOMME, APLC**<br>P.O. Box 1645<br>Rancho Mirage, CA 92270 | *Attorney for DOUG WALL CONSTRUCTION, INC.*<br><br>E-Mail: marc@hommelaw.net |
| Milene C. Apanian, Esq.<br>**LAW OFFICES OF ABDULAZIZ, GROSSBART & RUDMAN**<br>6454 Coldwater Canyon Avenue<br>North Hollywood, CA 91606 | *Attorneys for BMC WEST, LLC*<br><br>E-Mail: mca@agrlaw.com |

| | |
|---|---|
| Michael K. Murray, Esq.<br>**LANAK & HANNA, P.C.**<br>625 The City Drive South, Suite 190<br>Orange, CA 92868 | *Attorneys for THE SHERMIN-WILLIAMS COMPANY and L&W SUPPLY CORPORATION*<br><br>E-Mail: mkmurray@lanak-hanna.com |
| A. Maria Plumtree, Esq.<br>Ferdi Trampe, Esq.<br>**PLUMTREE & ASSOCIATES**<br>11132 Winners Circle, Suite G207<br>Los Alamitos, CA 90720 | *Attorneys for GF INVESTMENT GROUP aba THE INVESTMENT CENTER*<br><br>E-Mail: mplumtree@plumtreelaw.com<br>E-Mail: nbrunner@plumtreelaw.com |
| Patrick C. McGarrigle, Esq.<br>**McGARRIGLE, KENNEY & ZAMPIELLO, APC**<br>9600 Topanga Canyon Blvd., Suite 200<br>Chatsworth, CA 91311 | *Attorneys for QUONSET PARTNERS, LLC*<br><br>E-Mail: patrickm@mkzlaw.com |
| Alan G. Tippie, Esq.<br>Mark S. Horoupian, Esq.<br>Sulmeyer Kupetz, Esq.<br>**GREENSPOON MARDER LLP**<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | *Attorney for EDWIN W. LESLIE*<br><br>E-Mail: alan.tippie@gmlaw.com<br>E-Mail: mark.horoupian@gmlaw.com |
| Damian D. Capozzola, Esq.<br>Timothy R. Laquer, Esq.<br>**LAW OFFICES OF DAMIAN D. CAPOZZOLA**<br>633 W. Fifth Street, 26th Floor<br>Los Angeles, CA 90071 | *Attorneys for GARY STIFFELMAN*<br><br>E-Mail: ddc@ddclaw.com<br>E-Mail: trl@ddclaw.com |
| Scott R. Carpenter, Esq.<br>Zachariah Tomlin, Esq.<br>**CUMMINS & WHITE, LLP**<br>2424 S.E. Bristol Street, Suite 300<br>Newport Beach, CA 92660-0764 | *Attorneys for LA HACIENDA NURSERY & LANDSCAPE, INC.*<br><br>E-Mail: scarpenter@cwlawyer.com<br>E-Mail: ztomlin@cwlawyers.com<br>E-Mail: dpimentel@cwlawyers.com |
| Trevor O. Resurreccion, Esq.<br>Mark A. Walsh, Esq.<br>**LYNBERG & WATKINS, APC**<br>1100 Town & Country Road, Suite 1450<br>Orange, CA 92868 | *Attorneys for DOUG WALL CONSTRUCTION, INC.*<br><br>E-Mail: tresurreccion@lynberg.com<br>E-Mail: mwalsh@lynberg.com<br>E-Mail: jorellana@lynberg.com<br>E-Mail: bwilson@lynberg.com |

| | |
|---|---|
| Michael T. Chulak, Esq.<br>**MICHAEL T. CHULAK ASSOCIATES**<br>30343 Canwood Street, Suite 203<br>Agoura Hills, CA 91301 | Bus: (818) 991-9019<br>Fax: (818) 991-5077<br>E-Mail: mchulak@mtclaw.com |
| George Sykulksi, Esq.<br>**GEORGE SYKULSKI, APLC**<br>P.O. Box 10426<br>Burbank, California 91510 | *Attorneys for Plaintiff, FERGUSON ENTERPRISES, LLC*<br><br>E-Mail: georgesykulski@roadrunner.com |

☒ (BY PERSONAL SERVICE) – VIA ASAP LEGAL - DELIVERED THE FOREGOING DOCUMENT(S) **PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]** BY HAND DELIVERY TO THE OFFICE(S) OF THE ADDRESSEE(S) AS FOLLOWS:

LOS ANGELES SHERRIFF
9533 Burton Way
Beverly Hills, CA 90210

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

# Make a Reservation

U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC

Case Number: RIC1905743 Case Type: Civil Category: Unlimited Civil Breach of Contract/Warranty
Date Filed: 2019-08-26 Location: Southwest Justice Center - Department S302

## Reservation

| | |
|---|---|
| Case Name: U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC | Case Number: RIC1905743 |
| Type: Civil Motion (PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]) | Status: RESERVED |
| Filing Party: ASR DEVELOPMENT CO. (Third Person) | Location: Southwest Justice Center - Department S302 |
| Date/Time: 01/08/2024 8:30 AM | Number of Motions: 1 |
| Reservation ID: 426392331054 | Confirmation Code: CR-XOIARAU6IJMDAGOEJ |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Civil Motion (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | **$0.00** |

## Payment

| | |
|---|---|
| Amount: $0.00 | Type: NOFEE |
| Account Number: n/a | Authorization: n/a |

Chat

Print Receipt | Reserve Another Hearing | View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Riverside on 01/04/2024 02:55 PM
Case Number RIC1905743 0000080088340 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jose Valdez, Clerk

**CIV-130**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER
NAME: Marsha A. Houston (SBN 129956); Christopher O. Rivas (SBN 238765)
FIRM NAME: REED SMITH LLP
STREET ADDRESS: 355 South Grand Avenue, Suite 2900
CITY: Los Angeles STATE: CA ZIP CODE: 90071
TELEPHONE NO.: (213) 457-8000 FAX NO.: (213) 457-8080
EMAIL ADDRESS: MHouston@reedsmith.com; CRivas@reedsmith.com
ATTORNEY FOR *(name)*: U.S. Real Estate Credit Holdings III-A, LP

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS:
CITY AND ZIP CODE: Murrieta 92563
BRANCH NAME: Southwest Justice Center

PLAINTIFF/PETITIONER: U.S. Real Estate Credit Holdings III-A, LP

DEFENDANT/RESPONDENT: Glenroy Coachella, LLC, et al.

## NOTICE OF ENTRY OF JUDGMENT OR ORDER

CASE NUMBER: RIC1905743

***(Check one):*** ☒ **UNLIMITED CASE** (Amount demanded exceeded $35,000) ☐ **LIMITED CASE** (Amount demanded was $35,000 or less)

**TO ALL PARTIES:**

1. A judgment, decree, or order was entered in this action on *(date)*: December 29, 2023

2. A copy of the judgment, decree, or order is attached to this notice.

Date: January 4, 2024

Christopher O. Rivas
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITH OUT ATTORNEY)

▶ /s/ Christopher O. Rivas
(SIGNATURE)



Form Approved for Optional Use
Judicial Council of California
CIV-130 [Rev. January 1, 2024]



www.courts.ca.gov

**CIV-130**

| | |
|---|---|
| PLAINTIFF/PETITIONER: U.S. Real Estate Credit Holdings III-A, LP<br>DEFENDANT/RESPONDENT: Glenroy Coachella, LLC, et al. | CASE NUMBER:<br>RIC1905743 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

***(NOTE: You cannot serve the* Notice of Entry of Judgment or Order *if you are a party in the action. The person who served the notice must complete this proof of service.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

   Street address:
   City:
   State and zip code:

   b. Name of person served:

   Street address:
   City:
   State and zip code:

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF DECLARANT) ▶ (SIGNATURE OF DECLARANT)

Electronically RECEIVED by Superior Court of California, County of Riverside on 12/26/2023 02:22 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Carla Alvarez, Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
DEC 29 2023
A. Behrmann

JAN 03 2024

Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
Shayna A. Jackson (SBN 340864)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for
U.S. Real Estate Credit Holdings III-A, LP

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE – SOUTHWEST JUSTICE CENTER**

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>GLENROY COACHELLA, LLC, a Delaware limited liability company; et al.<br><br>Defendants. | Case No.: RIC1905743<br>Master File: RIC1905743<br><br>Assigned for all Purposes to:<br>Hon. Angel M. Bermudez, Dept. S302<br><br>**[~~PROPOSED~~] JUDGMENT DENYING SECOND THIRD PARTY CLAIM OF ASR DEVELOPMENT CO.**<br><br>Hearing<br>Date: December 12, 2023<br>Dept.: S302<br>Time: 8:30 a.m.<br><br>Complaint filed: November 19, 2019 |
| AND ALL CONSOLIDATED CASES. | |

The Petition for Hearing on Second Third Party Claim of Ownership and Superior Right to Possession (the "Second ASR Petition") filed by ASR Development Co. ("ASR") came on for a merits hearing on December 12, 2023, at 8:30 a.m. in Department S302 of the above-entitled court, located at 30755-D Auld Road, Murietta, CA 92563. The Court's findings and rulings are as set forth in the Court's minute order, which is attached hereto as **Exhibit A**.

**~~[PROPOSED]~~ JUDGMENT**

Based on the foregoing, the Court hereby enters judgment against ASR and in favor of U.S. Real Estate Credit Holdings III-A, LP.

DATED: DEC 2 9 2023

Honorable Angel M. Bermudez
Judge of the Superior Court

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# Exhibit A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

---

**APPEARANCES:**

U.S. REAL ESTATE CREDIT HOLDINGS III A LP [PLA] represented by Chris Rivas and Marsha Houston present (Telephonically) .
ASR DEVELOPMENT CO. [TP] represented by Rudy Perrino present (Telephonically).
STIFFELMAN, GARY [DEF] represented by Timothy Laquer present (Telephonically).

---

At 09:00 AM, the following proceedings were held:
Court has read and considered documents relating to this matter.
Court's tentative is issued.
Counsel argue.
Matter is taken under submission
Off the record – Court subsequently rules on matter taken under submission as follows:
The Petition is DENIED. The $866,144.00 which are the subject of ASR's second third-party claim are ordered delivered to the Los Angeles County Sheriff to be held in trust pending judgment in this action.

First, it appears that the Petition is time-barred. The third-party claim statute provides: "Not later than 15 days after the third-party claim is filed with the levying officer pursuant to Section 720.120 or 720.220, or 15 days after filing an undertaking pursuant to Section 720.610, either the creditor or the third person may petition the court for a hearing to determine the validity of the third-party claim and the proper disposition of the property that is the subject of the claim." (Code Civ. Proc., § 720.310(a).) Here, as stated in the supporting declaration of ASR's counsel, the third-party claim was filed with the sheriff's office on October 16, 2023. (Perrino Decl., ¶ 3.) As ASR concedes, no undertaking has been

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

---

filed by either USRECH or ASR. (Reply, 2:3-4, 13-14.) Therefore, a petition had to be filed within 15 days of filing the third-party claim with the sheriff on October 16, 2023, by no later than October 31, 2023. Here, the petition was filed on November 9, 2023. Other than to assert that the sheriff's department has failed to follow the procedures under section 720.330 by filing the claim with the court and providing the requisite notice to the parties, ASR presents no argument to show that its petition was timely brought. If the petition is not timely filed, the court that entered the judgment loses jurisdiction to determine the third-party claim. (Ballagh v. Williams (1942) 50 Cal.App.2d 303, 304 [decided under former law].)

Even if it is not time-barred, the second third-party claim is res judicata. Under Code of Civil Procedure section 720.110, a third person claiming ownership or the right to possession of property may make a third-party claim, where personal property has been levied upon under a writ of attachment, "if the interest claimed is superior to the creditor's lien on the property." (Code Civ. Proc., § 720.110(b).) "Once the third party establishes its entitlement to the property, the burden shifts to the creditor … to establish that its claim is superior." [Citation.] (Oxford Street Properties, LLC v. Rehabilitation Associates, LLC (2012) 206 Cal.App.4th 296, 307.) In a petition to determine the validity of a third-party claim, ASR bears the initial burden of establishing that it has ownership over the property and that its lien is superior to that of USRECH. The issue of ownership has already been determined by this Court in its August 04, 2022 ruling on ASR's first third-party claim.

In the August 04, 2022, ruling, the Court ruled that ASR presented insufficient evidence of its ownership interest sufficient to shift the burden upon the Levying Creditor, USRECH, and ordered the funds to be delivered to the Los Angeles County Sheriff to be held in trust pending judgment in this action. Although ASR argues that the first third-party claim was limited to the May 2022 distribution for the amount of $62,437.50, and has no bearing on future distributions made subsequent to that time, and that the ruling was only based on insufficient evidence, the issue of ASR's ownership interest in RPP was heard by this Court and finally determined by its ruling. The Court ruled that ASR failed to present evidence that it is a limited partner of RPP entitled to monthly distributions (e.g., that it holds

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

---

24.7% ownership interest as being asserted in the second claim). The Court noted in its ruling that ASR could not make the showing of its ownership interest through the submission of various corporate documents of RPP. Rulings made at hearings on third party claims are res judicata. (Lyons v. Security Pac. Nat'l Bank (1995) 40 Cal.App.4th 1001, 1016 [res judicata applied to bar third party claimant's action against bank to contest the validity of the bank's lien which was an issue fully litigated and finally decided in the hearing on the third party claim].) Because ASR failed to meet its burden of ownership, and thereby the superiority of its interest over the lien interest of USRECH, ASR is barred by res judicata to relitigate this matter.

The Court also mentioned in its August 2022 ruling that "the evidence submitted in support of the claim suggested that any money distributed to ASR will be delivered directly to ASR's owner, Rubin" and that "there does not appear to be any appreciable difference between Rubin and ASR." (Perrino Decl., ¶ 3, Ex. A [Second Third-Party Claim, Ex. 1 (Minute Order dated August 04, 2022)].) Also on this ground, the Court ruled that ASR failed to present sufficient evidence. The same concerns are present in ASR's second third-party claim, which justifies denying the petition. ASR admittedly states that the funds from the RPP distribution would be used to pay legal bills of both ASR and Stuart Rubin (Second Third-Party Claim, 4:19-5:3), meaning the funds would be used for the benefit of the debtor rather than satisfying the lien of the levying creditor. The second third-party claim fails to clarify what portion of the funds are to be allocated towards paying Mr. Ruin's legal bills. A copy of the writ of attachment was delivered to ASR as a levy upon any property of ASR to which Mr. Rubin has interest, which is to expire after "three years from the date of issuance of the writ of attachment under which the levy was made." (Code Civ. Proc., § 488.510(a).) As such, any money ASR is obligated to pay to Mr. Rubin or to disburse for his benefit is subject to the writ of attachment. In that, ASR fails to show that its interest is superior to the lien of USRECH.

Notice of ruling to be prepared, served and submitted by prevailing party.
Notice to be given by Clerk to THE LAW OFFICES OF DAMIAN D CAPOZZOLA , Christopher Orlando Rivas , RUDY PERRINO.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

# PROOF OF SERVICE

***U.S Real Estate Credit Holdings III-A v. Glenroy Coachella***
***Riverside Superior Court Case No. RIC1905743***

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On December 26, 2023, I served the following document(s) by the method indicated below:

**[PROPOSED] JUDGMENT DENYING SECOND THIRD PARTY CLAIM OF ASR DEVELOPMENT CO.**

| | |
|---|---|
| ☑ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below |
| ☑ | by transmitting via email to the parties at the email addresses listed below: |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be maintained at our offices and will be made available to any party requesting it. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 26, 2023, at Los Angeles, California.

Sean Wilson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Rudy Perrino, Esq.
Kutak Rock LLP
777 S. Figueroa Street, Suite 4550
Los Angeles, CA 90017

***Attorney for Glenroy Coachella, LLC, Glenroy Coachella Holdings, LLC, A. Stuart Rubin, Force Rubin LLC, Force Rubin 2 LLC***

Email: Rudy.Perrino@KutakRock.com

Sean A. O'Keefe (SBN 122417)
**OKEEFE & ASSOCIATES LAW CORP., P.C.**
26 Executive Park, Suite 250
Irvine, CA 92614

***Counsel to defendants Elliot B. Lander and Coachella Resort, LLC, a California limited liability company***

Email: sokeefe@okeefelawcorporation.com

Law Office of Stephen J. Armstrong, Esq.
44200 Monterey Ave., Ste. B
Palm Desert, California 92260-2708

***Attorney for Apple J Plumbing, Inc., Desert Palms Electric, Inc., Mascorro Concrete Construction, Inc., and Temalpakh, Inc. dba The Works Floor and Wall, Al Miller & Sons Roofing, Tandem West Glass, Inc. and Jacobsson Engineering Construction, Inc.***

Email: Stephen@SJALaw.com

Brian S Harnik, Esq.
**ROEMER & HARNIK LLP**
45025 Manitou Drive
Indian Wells, California 92210

***Attorney for Blair Air, Inc.***

Email: bharnik@rhlawfirm.com
AMontez@rhlawfirm.com
jadams@rhlawfirm.com

Marc S Homme
**LAW OFFICES OF MARC S HOMME APC**
P.O. Box 1645
Rancho Mirage, California 92270

***Attorney for Doug Wall Construction, Inc.***

Email: marc@hommelaw.net

Milene C Apanian, Esq.
**LAW OFFICES OF ABDULAZIZ, GROSSBART & RUDMAN**
6454 Coldwater Canyon, Ave
North Hollywood, California 91606

***Attorney for BMC West, LLC***

Email: mca@agrlaw.com

Michael K Murray, Esq.
**LANAK & HANNA, P.C.**
1851 E 1st St Ste 700
Santa Ana, CA 92705

***Attorney for The Shermin-Williams Company and L & W Supply Corporation***

Email: mkmurray@lanak-hanna.com

A Maria Plumtree, Esq.
Ferdi Trampe, Esq.
**PLUMTREE & ASSOCIATES**
7111 Garden Grove Blvd., Suite 200
Garden Grove, California 92841-4296

***Attorney for GF Investment Group, Inc. aba The Investment Center***

Email: mplumtree@plumtreelaw.com
nbrunner@plumtreelaw.com

Patrick C McGarrigle, Esq.
**MCGARRIGLE, KENNEY & ZAMPIELLO, APC**
9600 Topanga Canyon Blvd., Suite 200

***Attorney for Quonset Partners, LLC***

Email: patrickm@mkzlaw.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Chatsworth, California 91311

Alan G. Tippie, Esq.
Mark S. Horoupian, Esq.
**GREENSPOON MARDER LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

*Attorney for Edwin W. Leslie*

Email: alan.tippie@gmlaw.com; Mark.Horoupian@gmlaw.com

Damian D. Capozzola
Timothy R. Laquer
**LAW OFFICES OF DAMIAN D. CAPOZZOLA**
633 W. Fifth Street, 26th Floor
Los Angeles, CA 90071

*Attorneys for Gary Stiffelman*

Email: ddc@ddclaw.com trl@ddclaw.com

Scott R. Carpenter, Esq.
**CUMMINS & WHITE, LLP**
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764

*Attorneys for La Hacienda Nursery & Landscape, Inc.*

Email: scarpenter@cwlawyers.com; DPimentel@cwlawyers.com

Trevor O. Resurrececcion
Mark A. Walsh
**Lynberg & Watkins, APC**
1100 Town & Country Road, Suite 1450
Orange, CA 92868

*Attorney for Doug Wall Construction, Inc.*

Email: tresurreccion@lynberg.com; mwalsh@lynberg.com; jorellana@lynberg.com bwilson@lynberg.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## PROOF OF SERVICE

***U.S Real Estate Credit Holdings III-A v. Glenroy Coachella***
***Riverside Superior Court Case No. RIC1905743***

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On January 4, 2024, I served the following document(s) by the method indicated below:

**U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S OBJECTION TO LATE-FILED EVIDENCE ON THIRD PARTY CLAIM OF ASR DEVELOPMENT CO.; MOTION TO STRIKE**

| | |
|---|---|
| ☑ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below |
| ☑ | by transmitting via email to the parties at the email addresses listed below: |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be maintained at our offices and will be made available to any party requesting it. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 4, 2024, at Los Angeles, California.

_______________________________
Sean Wilson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Rudy Perrino, Esq.
Kutak Rock LLP
777 S. Figueroa Street, Suite 4550
Los Angeles, CA 90017

***Attorney for Glenroy Coachella, LLC, Glenroy Coachella Holdings, LLC, A. Stuart Rubin, Force Rubin LLC, Force Rubin 2 LLC***

Email: Rudy.Perrino@KutakRock.com

Sean A. O'Keefe (SBN 122417)
**OKEEFE & ASSOCIATES LAW CORP., P.C.**
26 Executive Park, Suite 250
Irvine, CA 92614

***Counsel to defendants Elliot B. Lander and Coachella Resort, LLC, a California limited liability company***

Email: sokeefe@okeefelawcorporation.com

Law Office of Stephen J. Armstrong, Esq.
44200 Monterey Ave., Ste. B
Palm Desert, California 92260-2708

***Attorney for Apple J Plumbing, Inc., Desert Palms Electric, Inc., Mascorro Concrete Construction, Inc., and Temalpakh, Inc. dba The Works Floor and Wall, Al Miller & Sons Roofing, Tandem West Glass, Inc. and Jacobsson Engineering Construction, Inc.***

Email: Stephen@SJALaw.com

Brian S Harnik, Esq.
**ROEMER & HARNIK LLP**
45025 Manitou Drive
Indian Wells, California 92210

***Attorney for Blair Air, Inc.***

Email: bharnik@rhlawfirm.com
AMontez@rhlawfirm.com
jadams@rhlawfirm.com

Marc S Homme
**LAW OFFICES OF MARC S HOMME APC**
P.O. Box 1645
Rancho Mirage, California 92270

***Attorney for Doug Wall Construction, Inc.***

Email: marc@hommelaw.net

Milene C Apanian, Esq.
**LAW OFFICES OF ABDULAZIZ, GROSSBART & RUDMAN**
6454 Coldwater Canyon, Ave
North Hollywood, California 91606

***Attorney for BMC West, LLC***

Email: mca@agrlaw.com

Michael K Murray, Esq.
**LANAK & HANNA, P.C.**
1851 E 1st St Ste 700
Santa Ana, CA 92705

***Attorney for The Shermin-Williams Company and L & W Supply Corporation***

Email: mkmurray@lanak-hanna.com

A Maria Plumtree, Esq.
Ferdi Trampe, Esq.
**PLUMTREE & ASSOCIATES**
7111 Garden Grove Blvd., Suite 200
Garden Grove, California 92841-4296

***Attorney for GF Investment Group, Inc. aba The Investment Center***

Email: mplumtree@plumtreelaw.com
nbrunner@plumtreelaw.com

Patrick C McGarrigle, Esq.
**MCGARRIGLE, KENNEY & ZAMPIELLO, APC**
9600 Topanga Canyon Blvd., Suite 200

***Attorney for Quonset Partners, LLC***

Email: patrickm@mkzlaw.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Chatsworth, California 91311

Alan G. Tippie, Esq.
Mark S. Horoupian, Esq.
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, CA 90067

***Attorney for Edwin W. Leslie***

Email: alan.tippie@gmlaw.com; Mark.Horoupian@gmlaw.com

Damian D. Capozzola
Timothy R. Laquer
**LAW OFFICES OF DAMIAN D. CAPOZZOLA**
633 W. Fifth Street, 26th Floor
Los Angeles, CA 90071

***Attorneys for Gary Stiffelman***

Email: ddc@ddclaw.com trl@ddclaw.com

Scott R. Carpenter, Esq.
**CUMMINS & WHITE, LLP**
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764

***Attorneys for La Hacienda Nursery & Landscape, Inc.***

Email: scarpenter@cwlawyers.com; DPimentel@cwlawyers.com

Trevor O. Resurrecceccion
Mark A. Walsh
**Lynberg & Watkins, APC**
1100 Town & Country Road, Suite 1450
Orange, CA 92868

***Attorney for Doug Wall Construction, Inc.***

Email: tresurreccion@lynberg.com; mwalsh@lynberg.com; jorellana@lynberg.com bwilson@lynberg.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware