Rudy R. Perrino (SBN: 190672)
**KUTAK ROCK LLP**
777 South Figueroa Street, Suite 4550
Los Angeles, California 90017-5800
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
E-Mail: rudy.perrino@kutakrock.com

Attorneys for Plaintiffs,
ABRAHAM STUART RUBIN, DUSTY BERKE as Trustee of the STUART RUBIN CHILDREN'S TRUST, ANNETTE AND STUART RUBIN, as Co-Trustees of the STUART AND ANNETTE RUBIN FAMILY TRUST, ASR DEVELOPMENT CO., FORCE RUBIN, LLC AND FORCE RUBIN 2, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ABRAHAM STUART RUBIN, an individual; DUSTY BERKE, as Trustee of the STUART RUBIN CHILDREN'S TRUST; and ANNETTE AND STUART RUBIN, as Co-Trustees of the STUART AND ANNETTE RUBIN FAMILY TRUST; ASR DEVELOPMENT CO.; FORCE RUBIN, LLC; FORCE RUBIN 2, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GARY STIFFELMAN; RICHARD M. PACHULSKI; PACHULSKI STANG ZIEHL & JONES LLP, a California Limited Liability Partnership; U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish Limited Partnership, et al.<br><br>Defendants. | Case No. 2:23-cv-10152-CBM (PVCx)<br><br>Hon. Consuelo B. Marshall<br><br>**KUTAK ROCK LLP'S OMNIBUS REPLY TO PSZJ DEFENDANTS' AND USRECH/CALMWATER'S OPPOSITIONS TO MOTIONS TO WITHDRAW FILED BY OLIVER D. GRIFFIN AND KUTAK ROCK LLP**<br><br>**Date:** **March 12, 2024**<br>**Time:** **9:00 a.m.**<br>**Courtroom:** **8D**<br><br>Complaint Filed December 1, 2023 |

## I. INTRODUCTION

Defendants Richard M. Pachulski and his lawfirm, Pachulski Stang Ziehl and Jones (collectively the "PSZJ Defendants") seek to have the Court impose conditions on the withdrawal of Kutak Rock LLP. Citing three separate purported issues: (1) service issues; (2) questions about the reasons for withdrawal; and (3) Rule 11 issues, the PSZJ Defendants argue that the Court should impose certain conditions on the withdrawal of Kutak Rock LLP. Defendants U.S. Real Estate Credit Holdings III-A, LP and Calmwater Asset Management, LLC ("USRECH/Calmater") adopt the same arguments but add their own counsel's letter to the purported reasons for Kutak Rock LLP's withdrawal.

As explained more fully herein, none of these purported issues has any merit nor any conceivable effect on Kutak Rock LLP's Motion to Withdraw. The supposed service issues on Plaintiffs have been resolved or are otherwise explained below. The questions raised about Kutak Rock LLP's reasons for withdrawal lack any merit, are belied by the facts and confuse correlation with causation. And, the supposed Rule 11 issues raised in the PSZJ Defendants' brief are easily debunked. Accordingly, there is no reason to impose any of the conditions on Kutak Rock LLP's withdrawal that are sought by the Defendants, and no reason to otherwise deny Kutak Rock LLP's Motion.

## II. FACTUAL RESPONSES IN REPLY

Oliver Griffin is a former partner of Kutak Rock LLP. Declaration of Rudy R. Perrino ("Perrino Decl."), ¶ 3. Stuart Rubin and his interests were brought to the firm through Mr. Giffin's work as a partner of the firm. Id. Mr. Griffin gave notice to the firm in December 2023 that he would be withdrawing from the partnership, and ultimately withdrew from the partnership later that month. Id.

As a natural part of the process of Mr. Griffin's withdrawal from the firm, the firm began reviewing the matters he was then engaged in, including the various matters in which the firm was involved on behalf of Mr. Rubin and/or his interests.

Perrino Decl., ¶ 4. That review informed already ongoing discussions with Mr. Rubin about the details of the retentions in his matters, and those discussions with Mr. Rubin, in conjunction with other considerations, led to the decision to notify Mr. Rubin of Kutak Rock LLP's withdrawal from all of his matters. Id.

On January 24, 2024, Kutak Rock LLP formally informed Mr. Rubin of its withdrawal from all of his matters. Perrino Decl., ¶ 4. Counsel subsequently informed Annette Rubin, as co-trustee of the Annette and Stuart Rubin Family Trust, and Dusty Burke, as trustee of the Stuart Rubin Children's Trust, of Kutak Rock LLP's withdrawal. Id. As to the LLC and corporate plaintiffs, Mr. Rubin has always acted as the authorized representative of those entities and counsel considered notice to him to be effective for those entities. Id.

On January 26, 2024, Kutak Rock LLP's filed and served its Motion to Withdraw (Dkt. No. 32). Perrino Decl., ¶ 5. At the time the withdrawal letter was written, counsel was concerned that the physical address for Mr. Rubin may not have been up-to-date. Id. Prior correspondence with Mr. Rubin had been addressed to ASR Development Company at 269 S. Beverly Drive in Beverly Hills. Id. The California Secretary of State's website was checked and it was noted that a Statement of Information for ASR Development Company had been filed in December 2023 and that the address listed on the website was different, 1801 South La Cienega, Blvd., Suite 301 in Los Angeles. Id. The letter of withdrawal was adjusted to reflect this new address. The proof of service on the Motion to Withdraw was also adjusted to reflect this same address. Id.

Upon receiving the Opposition of the PSZJ Defendants to Kutak Rock LLP's Motion to Withdraw, a further investigation was conducted and it was discovered that correspondence sent to Stuart Rubin at the 1801 South La Cienega, Blvd., Suite 301 address had been returned, whereas correspondence sent to him at the 269 S. Beverly Drive address had not been returned. Perrino Decl., ¶ 6. An amended proof of service was prepared and filed reflecting the 269 S. Beverly Drive address. Id.

Copies of all prior correspondence and service were also sent to the 269 S. Beverly Drive address. Id. It is important to note that, since the beginning of Kutak Rock LLP's representation of Mr. Rubin, all service and correspondence had also been sent to the e-mail address on file, srubin@rprp.com. Id. Kutak Rock LLP continues to the present day to use this e-mail address to communicate with Mr. Rubin. Id.

To ensure notice of withdrawal was properly served on Stuart Rubin Children's Trust ("SRCT"), while preparing for service of the Motion to Withdraw, counsel was able to confirm that Ms. Berke's current address is 2321 North Clinton Street in Orange. Perrino Decl., ¶ 7. The Notice of Withdrawal and Kutak Rock LLP's Motion to Withdraw were subsequently served on Ms. Berke at that address, and further service has been effectuated there. Id. Ms. Berke has also recently been sent correspondence and service at godustyb@yahoo.com. Id., ¶ 8.

## III. ARGUMENT

### A. The PSZJ Defendants' Opposition Violates the Spirit of the Local Rules

While neither the Federal Rules nor the Local Rules impose a length limitation on oppositions, the PSZJ's Defendants' twenty-one page submission of rambling and misplaced diatribes on the responsibilities of counsel and an irrelevant (and factually incorrect) discussion of the purported failures of Kutak Rock LLP to conduct an adequate pre-filing inquiry represent a violation of at least the spirit of Local Rule 7-5, which requires all moving (and by inference all opposing papers) include "[a] ***brief*** but complete memorandum in support thereof and the points and authorities upon which the moving party will rely." In contrast to the PZSJ Defendants' meandering yarn, Mr. Griffin's Motion occupied a grand total of five (5) pages of points and authorities. Kutak Rock LLP's Motion took up a mere three (3) pages of points and authorities. The fact that the PSZJ Defendants felt it appropriate to take up so much space on irrelevant and unrelated issues, in which the misrepresent facts and law, to oppose a simple motion to withdraw should not be lost on the Court.

### B. The Opposing Defendants Ask the Court to Go Too Far

The PSZJ Defendants are correct that, in granting Kutak Rock LLP's Motion to Withdraw, the court may impose reasonable restrictions. Indeed, the Court has the discretion to grant or deny Kutak Rock LLP's Motion to Withdraw. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering Kutak Rock LLP's motion, the court may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

The PSZJ Defendants (and USRECH/Calmwater) go too far, however, when they argue that they could be prejudiced by Kutak Rock LLP's withdrawal if they don't have the ability to engage in Rule 11 or other motion work as to Kutak Rock LLP. Indeed, none of the cases cited by the PSZJ Defendants for that proposition holds that "reasonable restrictions" includes keeping counsel in to respond to what is explained below to be a meritless Rule 11 motion. In fact, in each of the cases cited by the PSZJ Defendants, the ***only*** restrictions imposed relate to giving the soon to be unrepresented client enough time to locate new counsel, understand how to arrange for electronic service, and ensuring that the court and remaining parties would be able to communicate with the soon to be unrepresented client. See, *Williams v. County of Fresno*, 562 F.Supp.3d 1032, 1035 (E.D.Cal. 2021); *In Re Personal Web Technologies, LLC, et al. Patent Litigation*, 2022 WL 2290592 at *4-*5 (N.D.Cal. 2022); *Ramachandron v. City of Los Altos*, 2021 WL 5206675 at *3 (N.D.Cal. 2021); *Novelty Textile Inc. v. Wet Seal Inc.*, 2015 WL12828171 at *2 (C.D.Cal. 2015); *Seoul Broadcasting Systems International, Inc. v. Korea Broadcasting Systems International, Inc.*, 2009 WL 10676092 at *2 (C.D.Cal. 2009). The one case cited that speaks to prejudice—*Seoul Broadcasting Systems International, Inc.*—addresses only the ***potential*** prejudice should a trial date have existed. *Seoul Broadcasting*

*Systems International, Inc.*, 2009 WL 10676092 at*2.

Neither of the Opposing Defendants have suggested that they will be prohibited from filing a Rule 11 or other motion after Kutak Rock LLP has been relieved as counsel, and there is no reason to believe otherwise. Those procedural processes will still be available to those Defendants, despite their lack of any merit. Moreover, as no trial date has been set and the Court has ordered the Plaintiffs to appear in person at the hearing on Kutak Rock LLP's Motion to Withdraw, there simply can be no prejudice to the Opposing Defendants under the one existing precedent that would allow them to place conditions on the withdrawal.

**C. The Purported Service Issues are Not Issues at All**

The PSZJ Defendants—and through their joinder, USRECH/Calmwater—go to great lengths to suggest that there is some "issue" with service of Oliver Griffin's and Kutak Rock LLP's respective Motions to Withdraw sufficient to warrant denial of those motions. See Doc. No. 46, pp. 6-7. As explained in the accompanying Declaration of Rudy Perrino, that is not the case.

The different address for Stuart Rubin was the result of reliance on incorrect data from the Secretary of State's website. Perrino Decl., ¶ 5. Upon receipt of the PSZJ Defendants' Opposition, that address was corrected to reflect the 269 S. Beverly Drive address, which is the address prior correspondence with Mr. Rubin had been sent. Id., ¶¶ 5-6. Importantly, all service and correspondence with Mr. Rubin has also been sent at the time of service to his operative e-mail address, srubin@rprp.com. Id. Any perceived conflict between the Kutak Rock LLP Motion and Mr. Griffin's Motion with regard to Mr. Rubin's address has been resolved. Accordingly, there is no issue for the Court to resolve in this regard.

/ / /

/ / /

/ / /

/ / /

Counsel has confirmed with Ms. Berke that her address is, in fact, 2321 North Clinton Street in Orange. Perrino Decl., ¶ 7. The PSZJ Defendants' suggestion otherwise lacks any factual basis and should also be disregarded.

**D. The Defendants' Contention that Counsels' Letters to Kutak Rock LLP's Management Brought About the Withdrawal is Incorrect**

The PSZJ Defendants' contention that "[t]he logical inference is that Kutak concluded that the issues described in [their counsel's] January 12, 2024 letter caused Kutak management to conclude that it was obligated to disengage from its representation of Rubin and the other Plaintiffs in this case." Perrino Decl., ¶ 10. While this may be ***A*** logical inference that could be drawn from the limited facts counsel had at their disposal, it is not the only logical inference to be drawn and, in light of the process described in the Declaration of Rudy R. Perrino at paragraphs 3-4, shows that counsel is confusing correlation with causation. The suggestion by counsel for USRECH/Calmwater that their counsel's January 19, 2024 letter caused the withdrawal is similarly misplaced. See Perrino Decl., ¶¶ 3-4, 11. The Defendants' contention based on a single data point should be rejected and cannot serve as a basis for placing any conditions on Kutak Rock LLP's withdrawal.

**E. Kutak Rock LLP's Purported Failure to Conduct an Adequate Pre-Filing Investigation**

The PSZJ Defendants spend a significant amount of effort criticizing the pre-filing investigation conducted by Kutak Rock LLP—a process of which they have no personal knowledge. In doing so, Pachulski and PSZJ either misunderstand or completely misrepresent the gravamen of this action: "[t]he gravamen of this action is an alleged breach of fiduciary duty based on Pachulski's role as an attorney for Stiffelman." While true the Complaint centers on Pachulski's breaches of his fiduciary duties while acting as a purported attorney for Stiffelman, the focus of the complaint is on Pachulski's and Stiffelman's breaches of their respective fiduciary duties owed as a result of decades of acting as business partners and attorneys to the

plaintiffs and their interests. Contrary to Pachulski's multiple self-serving statements that he has never been Rubin's lawyer (Opposition, pp. 16:9-12), ample evidence exists to support the conclusion that Pachulski and his firm had and have an attorney client relationship with Plaintiffs and their interests sufficient to support the claims in the complaint. Plaintiffs, notwithstanding Kutak Rock LLP's withdrawal, are fully prepared to litigate this issue.

The PSZJ Defendants seek to have the court impose "conditions" on the withdrawal of Kutak Rock LLP based on a long list of supposed "significant lines of substantive case authority" the Complaint allegedly ignores. Again, Pachulski and PSZJ either misunderstand or completely misrepresent these supposed "significant lines of substantive case authority." Although Kutak Rock LLP disputes the relevance of this lengthy discussion, the following is a brief response to the PSZJ Defendants' "significant lines of substantive case authority" the Complaint allegedly ignores:

- "Authorities establishing that alleged breaches of fiduciary duty are simply not racketeering activity under RICO" (Doc. No. 46, pp. 17:14-18) – Contrary to Pachulski and PSZJ's misleading description of these cases, they stand for the relatively unsurprising proposition that, ***without more***, allegations of breach of fiduciary duty, even when presented in the form of a pattern, cannot serve as RICO predicate act. Importantly, though, in *Manion v. Freund*, 967 F.2d 1183, 1186 (8th Cir. 1992), cited by Pachulski and PSZJ, the plaintiff could not establish on summary judgment any of the alleged wire or mail fraud allegations were used in furtherance of the scheme to defraud. *Id.* Here, that is not the case. Plaintiffs have cited numerous examples of violations of the wire and mail fraud provisions of the RICO statute which serve as predicate acts to support their claims. See Doc. No. 2, pp. 40:12-42:23. The PSZJ Defendants would have to engage in discovery to defeat these

allegations, and discovery would likely lead to the discovery of further examples of predicate acts that would then be used to amend the Complaint. This simply isn't a basis to claim inadequate pre-filing investigation nor is it a basis to impose restrictions on Kutak Rock LLP's withdrawal.

- "Authorities establishing that RICO claims cannot be rooted in alleged litigation related activities recharacterized as wire fraud" (Doc. No. 46, pp. 17:19-18:3) – there is no other way to understand what Pachulski and PSZJ seek to do here other than to mislead. In the first case they cite, the Second Circuit holds that "in the absence of corruption", litigation related activities alone cannot "act as a predicate offense for a civil-RICO claim." *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018.) What is more "corrupt" than conspiring to cause damage by violating sacred fiduciary duties to and positions of trust with clients and partners developed over decades of business and personal dealings? Indeed, the Second District, which authored the *Kim* case, has been particularly liberal in its use of litigation related activities to demonstrate a "pattern of racketeering activity." See, e.g., *Chevron Corp. v. Steven Donziger*, et al., 974 F.Supp.2d 362, 575-608 (2d Cir. 2014).
- "Authorities establishing that the Noerr-Pennington Doctrine requiring that RICO must be construed so as to avoid burdening petitioning activity" (Doc. No. 46, pp. 18:4-9) – Pachulski and PSZJ mischaracterize and seek to improperly extend the Noerr-Pennington Doctrine, which is limited in its application to private parties petitioning the government to adopt laws or rulings that may be anticompetitive. This is not such a case.
- "Authorities establishing that the requirement that a defendant participate in the operation or management of an enterprise is not met

through the provision of legal services" (Doc. No. 46, pp. 18:10-15) – Pachulski and PSZJ misquote and misapply the cases they cite for this proposition, which stand for the unremarkable proposition that a lawyer to an enterprise cannot be held liable under RICO for the provision of those legal services. Here, plaintiffs are not seeking to hold Pachulski and PSZJ liable for the provision of legal services but for the breach of fiduciary duties owed to Plaintiff that they engaged in by seeking, obtaining and using private and confidential financial and other personal information from plaintiffs under the guise of cooperation, which plaintiffs were duped into doing based on decades of personal and business relationships, and then turning that information over to Calmwater/USRECH pursuant to their scheme to impair plaintiffs' assets and make them accessible to Calmwater/USRECH and Pachulski.

- But for causation argument (Doc. No. 46 18:16-19:2) – clearly, this case is not centered on Rubin's agreements with USRECH/Calmwater. Rather, this case is centered on Pachulski's and PSZJ's (and Stiffelman's) breaches of fiduciary duties by providing private and confidential financial information to USRECH/Calmwater not just about Rubin, but about all of the plaintiffs, none of whom are subject to the writ of attachment. In the words of Gary Stiffelman "Rich knows where the bodies are buried" and he and Stiffelman have used that knowledge to harm the plaintiffs in violation of their respective fiduciary duties to wet their beaks by seeking and obtaining personal and confidential financial information using mails and wires, all while engaging in an illegal enterprise with USRECH/Calmwater to defraud the plaintiffs.
- "As to PSZJ, *respondeat superior* liability can attach only if PSZJ benefited from any alleged RICO violation by Pachulski." (Doc. No. 46,

pp. 19:3-14) – by their own admission, this is an issue for summary judgment and subject to both discovery and proof.

Kutak Rock LLP conducted a sufficient investigation to assure itself that there is sufficient evidence to get to the discovery phase of this case as it relates to all of plaintiffs' claims, and none of the opposing Defendants has any facts to contradict that. The PSZJ Defendants' long list of supposed "significant lines of substantive case authority" that the Complaint allegedly ignores fails to demonstrate that is not the case and nothing more than a smoke screen designed to give the Court pause in granting Kutak Rock LLP's Motion to Withdraw. As explained, that long list fails to hit its mark and, in any event, is no reason to deny or even restrict Kutak Rock LLP's withdrawal from the litigation.

**IV. CONCLUSION**

For the foregoing reasons, Kutak Rock LLP's Motion to Withdraw should be granted without limitation or restriction.

Dated: February 27, 2024

**KUTAK ROCK LLP**

By: [signature]
Rudy R. Perrino
Attorneys for Plaintiffs
ABRAHAM STUART RUBIN, DUSTY BERKE as Trustee of the STUART RUBIN CHILDREN'S TRUST, ANNETTE AND STUART RUBIN, as Co-Trustees of the STUART AND ANNETTE RUBIN FAMILY TRUST, ASR DEVELOPMENT, INC., FORCE RUBIN, LLC AND FORCE RUBIN 2, LLC

# CERTIFICATE OF SERVICE

*Abraham Stuart Rubin, et al. v. Garry Stiffelman, et al.*
United States District Court – Western Division
Case No. 2:23-cv-10152-CBM (PVCx)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the City of Los Angeles in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 777 S. Figueroa Street, Suite 4550, Los Angeles, California 90017.

☒ I hereby certify that on February 27, 2024, I caused to be electronically filed the foregoing document(s) **OMNIBUS REPLY TO OPPOSITIONS TO MOTION TO WITHDRAW** with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

**(PLEASE SEE ATTACHED SERVICE LIST**

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on February 27, 2024, at Los Angeles, California.

*Nanette Leali*

**SERVICE LIST**

*Abraham Stuart Rubin, et al. v. Garry Stiffelman, et al.*
United States District Court – Western Division
*Case No. 2:23-cv-10152-CBM (PVCx)*

| | |
|---|---|
| Abraham Stuart Rubin<br>Annette Rubin<br>269 S. Beverly Dr., Suite 1455<br>Beverly Hills, CA 90212<br>Email: srubin@rprp.com<br>ar@rprp.com | ABRAHAM STUART RUBIN, DUSTY BERKE as Trustee of the STUART RUBIN CHILDREN'S TRUST, ANNETTE AND STUART RUBIN, as Co-Trustees of the STUART AND ANNETTE RUBIN FAMILY TRUST, ASR DEVELOPMENT CO., FORCE RUBIN, LLC AND FORCE RUBIN 2, LLC |
| Dusty Berke<br>Trustee of the Stuart Rubin Children's Trust<br>2321 North Clinton Street<br>Orange, CA 92867<br>Email: godustyb@yahoo.com | DUSTY BERKE, AS TRUSTEE OF THE STUART RUBIN CHILDREN'S TRUST AND A. STUART RUBIN |