JENNER & BLOCK LLP
Michael P. McNamara (SBN 106079)
Kirsten H. Spira (SBN 119885)
2029 Century Park East, Suite 1450
Los Angeles, California 90067-2901
Telephone: +1 213 239 6900
Facsimile: +1 213 239 5199
Email: mmcnamara@jenner.com
kspira@jenner.com

Effiong K. Dampha (SBN 323554)
515 South Flower Street, Suite 3300
Los Angeles, California 90071-2246
Telephone: +1 213 239 5100
Email: edampha@jenner.com

*Attorneys for Defendant Greenberg Traurig*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

ABRAHAM STUART RUBIN, an individual; DUSTY BERKE, as Trustee of the STUART RUBIN CHILDREN'S TRUST; and ANNETTE AND STUART RUBIN, as Co-Trustees of the STUARTAND ANNETTE RUBIN FAMILY TRUST; ASR DEVELOPMENT CO.; FORCE RUBIN, LLC; FORCE RUBIN 2, LLC,

Plaintiffs,

v.

GARY STIFFELMAN; RICHARD M. PACHULSKI; PACHULSKI STANG ZIEHL & JONES LLP, a California Limited Liability Partnership;· U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish Limited Partnership; CALMWATER ASSET MANAGEMENT, LLC, a Delaware Limited Liability Company; GREENBURG TRAURIG, LLP, a New York Limited Liability Partnership; DOE ATTORNEYS 1-50; DOE FIDUCIARIES 1-50; DOES 1-100, inclusive

Defendants.

CASE NO. 2:23-cv-10152 CBM(PVC)

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF GREENBERG TRAURIG, LLP'S MOTION TO DISMISS**

Judge: Consuelo B. Marshall
Courtroom: 8D
Date: April 23, 2024
Time: 10:00 a.m.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant Greenberg Traurig, LLP ("GT") hereby requests that the Court take judicial notice of the following exhibits submitted in connection with GT's concurrently-filed motion to dismiss:

- A true and correct copy of the Application for Writ of Attachment filed by U.S. Real Estate Credit Holdings II-A, L.P. on April 22, 2021 in the Riverside Superior Court in *US Real Estate Credit Holding III-A, LP v. Glenroy Coachella, LLC*, Case No. RIC1905743 ("USRECH Action") (**Exhibit 1**);
- A true and correct copy of the February 24, 2022 Order issuing a writ of attachment on Rubin's assets in the USRECH Action (**Exhibit 2**); and
- A true and correct copy of the December 29, 2023 Judgment denying the second third party claim for superior right of ASR Development Co. in the USRECH Action (**Exhibit 3**).

## ARGUMENT

Federal Rule of Evidence 201 authorizes courts to take judicial notice of any fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Thus, "[o]n a motion to dismiss, [a federal court] may take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see also Hairston v. S. Beach Beverage Co.*, No. 12-1429, 2012 WL 1893818, at *2 (C.D. Cal. May 18, 2012) ("[A] court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.").

The Exhibits to this Request for Judicial Notice consist of pleadings and court orders from the Riverside Superior Court. It is beyond dispute that these documents, which are "court filings and other matters of public record," are also subject to

judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 749 n.6 (9th Cir. 2006); *see also McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) ("Because court filings are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,' pleadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201.").

For those reasons, GT respectfully requests that the Court take judicial notice of and consider the exhibits in ruling on GT's motion to dismiss.

Dated: March 19, 2024

JENNER & BLOCK LLP

/s/ Kirsten H. Spira

Kirsten H. Spira
Michael P. McNamara
2029 Century Park East, Suite 1450
Los Angeles, California 90067-2901
Telephone: +1 213 239 6900
Facsimile: +1 213 239 5199
Email: mmcnamara@jenner.com
kspira@jenner.com

Effiong K. Dampha
515 South Flower Street, Suite 3300
Los Angeles California 90071-2246
Telephone: + 1 213 239-5100
Facsimile: + 1 213 239-5199
Email: edampha@jenner.com

*Attorneys for Defendant Greenberg Traurig*

# EXHIBIT 1

AT-105

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Marsha A. Houston (SBN 129956); Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
TELEPHONE NO.: 213.457.8000 FAX NO. *(Optional)*: 213.457.8080
E-MAIL ADDRESS *(Optional)*: mhouston@reedsmith.com; crivas@reedsmith.com
ATTORNEY FOR *(Name)*: U.S. Real Estate Credit Holdings III-A, LP, an Irish Limited Partnership

*FOR COURT USE ONLY*

**FILED**
**Superior Court of California**
**County of Riverside**
**4/22/2021**
**L. Mercado-Burni**
**Electronically Filed**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92701
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership
DEFENDANT: Stuart Rubin

**APPLICATION FOR**
☒ **RIGHT TO ATTACH ORDER** ☐ **TEMPORARY PROTECTIVE ORDER**
☒ **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**
☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**
☒ **After Hearing** ☐ **Ex Parte**
☐ **Against Property of Nonresident**

CASE NUMBER:
RIC 1905743

1. Plaintiff *(name)*: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership
applies ☒ after hearing ☐ ex parte for
a. ☒ a right to attach order and writ of attachment.
b. ☐ an additional writ of attachment.
c. ☐ a temporary protective order.
d. ☒ an order directing the defendant to transfer to the levying officer possession of
(1) ☒ property in defendant's possession.
(2) ☒ documentary evidence in defendant's possession of title to property.
(3) ☒ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name)*: Stuart Rubin
a. ☒ is a natural person who
(1) ☒ resides in California.
(2) ☐ does not reside in California.
b. ☐ is a corporation
(1) ☐ qualified to do business in California.
(2) ☐ not qualified to do business in California.
c. ☐ is a California partnership or other unincorporated association.
d. ☐ is a foreign partnership that
(1) ☐ has filed a designation under Corporations Code section 15800.
(2) ☐ has not filed a designation under Corporations Code section 15800.
e. ☐ is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under *(check one)*:
☒ Code of Civil Procedure section 483.010 ☐ Welfare and Institutions Code section 15657.01.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under title 11 of the United States Code (Bankruptcy).





American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE | CASE NUMBER: |
|---|---|
| U.S. Real Estate Credit Holdings, III-A, LP v. Stuart Rubin | RIC 1905743 |

6. a. ☒ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.
   b. ☐ Plaintiff's claim or claims arise out of conduct of a natural person who or an entity that has taken, secreted, appropriated, obtained or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by using undue influence.

7. The facts showing plaintiff is entitled to a judgment on the claim up on which the attachment is based are set forth with particularity in the
   a. ☒ verified complaint.
   b. ☒ ~~attached~~ accompanying affidavit or declaration.
   c. ☒ following facts *(specify)*: See accompanying Memorandum of Points and Authorities

8. The amount to be secured by the attachment is: $31,735,917.76
   a. ☐ which includes estimated costs of: $
   b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☐ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☒ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 *(specify)*:
   See Attached Schedule
   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:
   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number):*

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    *(Attach a copy.)*

12. ☐ Nonresident defendant has not filed a general appearance.



American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: U.S. Real Estate Credit Holdings, III-A, LP v. Stuart Rubin | CASE NUMBER: RIC 1905743 |
|---|---|

13. a. Plaintiff ☐ alleges on ex parte application for order for writ of attachment
☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) ☐ it may be inferred that there is a danger that the property sought to be attached will be
(a) ☐ concealed.
(b) ☐ substantially impaired in value.
(c) ☐ made unavailable to levy by other than concealment or impairment in value.

(2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2).

(3) ☐ a bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☐ other circumstances *(specify)*:

b. The statements in item 13a are established by ☐ the attached affidavit or declaration
☐ the following facts *(specify)*:

14. ☐ Plaintiff requests the following relief by temporary protective order *(specify)*:

15. Plaintiff
a. ☐ has filed an undertaking in the amount of: $
b. ☒ has not filed an undertaking.

Date: April 14, 2021

Christopher O. Rivas
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 14, 2021

Simond Lavian
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

16. Number of pages attached: 1



American LegalNet, Inc.
www.FormsWorkFlow.com

**SCHEDULE**
**(Property of Stuart Rubin, who is a Natural Person)**

1. Interests in any and all real property, including but not limited to the following described real properties, except leasehold estates with unexpired terms of less than on year:

   a. 715 N. Alpine Drive, Beverly Hills, CA 90210;

   b. 4347 Marina Drive, Santa Barbara, CA 93110; and

   c. 1604 Sunset Drive, Los Angeles, CA 90069.

*[Method of Levy CCP §488.315.]*

2. Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the Defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one thousand dollars ($1,000). *[Method of Levy: CCP §§ 488.470 and 488.435.]*

3. Equipment of a going business. *[Method of Levy: CCP § 488.375.]*

4. Inventory of a going business. *[Method of Levy: CCP §§488.395 and 488.405.]*

5. Final money judgments arising out of the conduct by the defendant of a trade, business or profession. *[Method of Levy: CCP §488.480.]*

6. Money on the premises where a trade, business or profession is conducted by the defendant, and except for the first one thousand dollars ($1,788), money located elsewhere than on such premises and deposit accounts, including without limitation accounts at the following institutions:

   a. Bank of America

   b. Preferred Bank

   c. Bank of Hapoalim

   d. East West Bank

   e. City National Bank

   f. Banc of California

   g. Farmers & Merchants Bank

*[Method of Levy: CCP §488.455, §488.465.]*

7. Negotiable documents of title. *[Method of Levy: CCP §488.445.]*

8. Instruments. *[Method of Levy: CCP §488.440.]*

9. Securities. *[Method of Levy: CCP §488.450.]*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**
***U.S Real Estate Credit Holdings III-A v. Glenroy Coachella***

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On April 15, 2021, I served the following document(s) by the method indicated below:

***APPLICATION FOR RIGHT TO ATTACH ORDER***

| | |
|---|---|
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below |
| ☑ | by transmitting via email to the parties at the email addresses listed below: |
| | |

Arnold L. Veldkamp, Esq.
1508 W Mission Road
Escondido, California 92029
aveldkamp@superiorrm.com
***Attorney for Superior Ready Mix Concrete, L.P.***

William C Hoggard, Esq.
**WCH LAW GROUP, P.C.**
625 The City Drive South, Suite 200
Orange, California 92868
wch@wchlawgroup.com
***Attorney for Orco Block & Hardscape***

George Sykulksi, Esq.
**GEORGE SYKULSKI, APLC**
P.O. Box 10426
Burbank, California 91510
georgesykulski@roadrunner.com
***Attorney for Plaintiff Ferguson Enterprises, LLC***

Brian S Harnik, Esq.
**ROEMER & HARNIK LLP**
45025 Manitou Drive
Indian Wells, California 92210
bharnik@rhlawfirm.com
***Attorney for Blair Air, Inc.***

Marc S Homme
**LAW OFFICES OF MARC S HOMME APC**
P.O. Box 4250
74-361 Highway 111, Suite 12
Palm Desert, California 92261
marc@hommelaw.net
***Attorney for Doug Wall Construction, Inc.***

Milene C Apanian, Esq.
**LAW OFFICES OF ABDULAZIZ, GROSSBART & RUDMAN**
6454 Coldwater Canyon, Ave
North Hollywood, California 91606
mca@agrlaw.com
***Attorney for BMC West, LLC***

Michael K Murray, Esq.
**LANAK & HANNA, P.C.**
625 The City Drive South, Suite 190
Orange, California 92868
mkmurray@lanak-hanna.com
***Attorney for The Shermin-Williams Company and L & W Supply Corporation***

A Maria Plumtree, Esq.
Ferdi Trampe, Esq.
**PLUMTREE & ASSOCIATES**
11132 Winners Circle, Suite G207
Los Alamitos, California 90720
mplumtree@plumtreelaw.com
ftrampe@plumtreelaw.com
***Attorney for GF Investment Group, Inc. aba The Investment Center***

Patrick C McGarrigle, Esq.
**MCGARRIGLE, KENNEY & ZAMPIELLO, APC**
9600 Topanga Canyon Blvd., Suite 200
Chatsworth, California 91311
patrickm@mkzlaw.com
***Attorney for Glenroy Coachella, LLC, Force Rubin, LLC, Force Rubin 2, LLC and Quonset Partners, LLC***

Garrett Heckman, Esq.
**ROVER ARMSTRONG, APC**
75100 Mediterranean
Palm Desert, California 92211
gheckman@roverarmstrong.com
***Attorney for Apple J Plumbing, Inc., Desert Palms Electric, Inc., Mascorro Concrete Construction, Inc., and Temalpakh, Inc. dba The Works Floor and Wall, Al Miller & Sons Roofing, Tandem West Glass, Inc. and Jacobsson Engineering Construction, Inc.***

**BY MAIL & EMAIL:**
Marvin H Weiss, Esq
**LAW OFFICES OF MARVIN H WEISS**
74075 El Paseo, Suite A15
Palm Desert, CA 92260
mhwesq@me.com
***Attorney for Elliot Lander and Coachella Resort, LLC***

**BY MAIL & EMAIL:**
Laurence M Berman
815 Moraga Drive
Los Angeles, California 90049
lberman@bermanlitigationgroup.com
ysaadat@bermanlitigationgroup.com
***Attorney for Stuart Rubin***

Alan G. Tippie, Esq.
Mark S. Horoupian, Esq.
**SULMEYER KUPETZ**
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
atippie@sulmeyerlaw.com
***Attorney for Edwin W. Leslie***

Christopher Frost, Esq.
**EISNER, LLP**
9601 Wilshire Blvd., 7th Floor
Los Angeles, California 90210
cfrost@eisnerlaw.com
kpierucci@eisnerlaw.com;

Damian D. Capozzola
Timothy R. Laquer
**LAW OFFICES OF DAMIAN D. CAPOZZOLA**
633 W. Fifth Street, 26th Floor
Los Angeles, CA 90071
ddc@ddclaw.com
trl@ddclaw.com;
***Attorneys for Gary Stiffelman***

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Gregory Bodell, Esq.
David Bancroft, Esq.
**KOZBERG & BODELL, LLP**
1801 Century Park East, 16th Fl.
Los Angeles, CA 90067
gbodell@kozberglaw.com
dbancroft@kozberglaw.com
***Attorneys for All Phase Drywall & Development, Inc.***

James R. Wakefield, Esq.
Edward J. Farrell, Esq.
**CUMMINS & WHITE, LLP**
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
jwakefield@cwlawyers.com
efarrell@cwlawyers.com
***Attorneys for La Hacienda Nursery & Landscape, Inc.***

**Baake Law LLC**
David R. Baake (SBN 325087)
2131 n. Main Street
Las Cruces, NM 88001
T:(575) 343-2782
E: david@baakelaw.com
***Attorney for Joseph Rubin***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 15, 2021, at Los Angeles, California.

Gilda S. Anderson
Gilda S. Anderson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# Request Civil Motion Hearing Date

**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

## Online Civil Motion for Other Civil Law and Motion Completed

A motion hearing date has been reserved as listed below.

Applicable fees will be charged at the time you file your motion papers.

All pleadings must be served and filed in a timely manner, pursuant to statute.

**Failure to file the required papers will result in the request being vacated.**

| Case | Department | Hearing Date | Hearing Time | Motion |
|---|---|---|---|---|
| RIC1905743 -- U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC | 06 | 06/08/2021 | 08:30 AM | Application for Right to Attach Order and Writ of Attachment Against Stuart Rubin |

If any changes need to be made please call the court at (951) 777-3147.

Please print this page as confirmation of your request Confirmation Number: RES246244

Tentative Rulings are now issued by a number of judicial officers in Riverside, Southwest Justice Center,
and Palm Springs for civil law and motion matters pursuant to California Rules of Court, Rule 3.1308(a)(1)
and Riverside Superior Court Local Rule 3316. For instructions please visit our Tentative Rulings (http://riverside.courts.ca.gov/tentativerulings.shtml) webpage.

Online Civil Law and Motions Request (Default.aspx)

www.riverside.courts.ca.gov (http://www.riverside.courts.ca.gov)

---

ver 1.0.4

© 2021

# EXHIBIT 2

AT-120

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Marsha A. Houston (SBN 129956); Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
TELEPHONE NO.: 213.457.8000 FAX NO. *(Optional):* 213.457.8080
E-MAIL ADDRESS *(Optional):* mhouston@reedsmith.com; crivas@reedsmith.com
ATTORNEY FOR *(Name):* U.S. Real Estate Credit Holdings III-A, LP

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 24 2022
L. Howell

CAT
FEB 25 2022

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Riverside**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92701
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership
DEFENDANT: A. Stuart Rubin

☒ **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**
☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING**

CASE NUMBER:
RIC 1905743

1. a. The application of plaintiff *(name)*: U.S. Real Estate Credit Holdings III-A, LP
for ☒ a right to attach order and order for issuance of writ of attachment
☐ an order for issuance of additional writ of attachment
against the property of defendant *(name):* A. Stuart Rubin
came on for hearing as follows:
(1) Judge *(name):* Honorable Sunshine S. Sykes
(2) Hearing date: January 28, 2022 Time: 8:30 a.m. ☒ Dept.: 6 ☐ Res.: ☐ Rm.:

b. The following persons were present at the hearing:
(1) ☒ Plaintiff *(name):* U.S. Real Estate Credit Holdings III-A, LP
(2) ☒ Defendant *(name):* A. Stuart Rubin
(3) ☒ Plaintiff's attorney *(name):* Christopher O. Rivas
(4) ☒ Defendant's attorney *(name):* Evan L. Smith

**FINDINGS**

2. THE COURT FINDS
a. Defendant *(specify name)*: A. Stuart Rubin is a ☒ natural person ☐ partnership ☐ unincorporated association ☐ corporation ☐ other *(specify):*
b. The claim upon which the application is based is one upon which an attachment may be issued.
c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
e. The amount to be secured by the attachment is greater than zero.
f. ☒ Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
g. ☐ The following property of defendant, described in plaintiffs application
(1) ☐ is exempt from attachment *(specify):*
(2) ☐ is not exempt from attachment *(specify):*

h. ☐ The following property, not described in plaintiff's application, claimed by defendant to be exempt
(1) ☐ is exempt from attachment *(specify):*
(2) ☐ is not exempt from attachment *(specify):*

i. ☒ An undertaking in the amount of: $10,000.00 is required before a writ shall issue, and plaintiff ☐ has ☒ has not filed an undertaking in that amount.
j. A Right to Attach Order was issued on *(date):* pursuant to
☒ Code of Civil Procedure section 484.090 (on hearing) ☐ Code of Civil Procedure section 485.220 (ex parte)
k. ☐ other *(specify)*:

AT-120

| SHORT TITLE: U.S. Real Estate Credit Holdings, III-A, LP v. A. Stuart Rubin | CASE NUMBER: RIC 1905743 |
|---|---|

**ORDER**

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name):* A. Stuart Rubin in the amount of: $ 9,735,917.76
   b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.
   c. The clerk shall issue ☒ a writ of attachment ☐ an additional writ of attachment in the amount stated in item 3a ☐ forthwith ☒ upon the filing of an undertaking in the amount of: $ 10,000.00
      (1) ☐ for any property of a defendant who is **not** a natural person for which a method of levy is provided.
      (2) ☒ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify):*
      See Attached Schedule, Incorporated Herein by Reference and Made a Part Hereof
      (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale of such property, described as follows *(specify):*
      (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify):*
   d. ☒ Defendant shall transfer to the levying officer possession of
      (1) ☒ any documentary evidence in defendant's possession of title to any property described in item 3c;
      (2) ☒ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;
      (3) ☐ the following property in defendant's possession *(specify):*

**NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   e. ☐ Other *(specify):*
   f. Total number of boxes checked in item 3: 6

Date: 2/23/2022

SUNSHINE S. SYKES
JUDICIAL OFFICER

American LegalNet, Inc.
www.FormsWorkFlow.com

**SCHEDULE**
**(Property of A. Stuart Rubin, who is a Natural Person)**

1. Interests in any and all real property, including but not limited to the following described real properties, except leasehold estates with unexpired terms of less than on year:

   a. 4347 Marina Drive, Santa Barbara, CA 93110.

*[Method of Levy CCP §488.315.]*

2. Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the Defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one thousand dollars ($1,000). *[Method of Levy: CCP §§ 488.470 and 488.435.]*

3. Equipment. *[Method of Levy: CCP § 488.375.]*

4. Inventory. *[Method of Levy: CCP §§488.395 and 488.405.]*

5. Final money judgments arising out of the conduct by the defendant of a trade, business or profession. *[Method of Levy: CCP §488.480.]*

6. All money of the defendant, where the money is:

   a. located on the premises where a trade, business, or profession is conducted; and/or

   b. in excess of $1,000 located elsewhere than on the premises where a trade, business, or profession is conducted by defendant; and/or

      i. located in a deposit account in excess of $1,000; and/or

      ii. in excess of an aggregate amount of $1,000 located in deposit accounts.

*[Method of Levy: CCP §488.455, §488.465.]*

7. Negotiable documents of title. *[Method of Levy: CCP §488.445.]*

8. Instruments. *[Method of Levy: CCP §488.440.]*

9. Securities. *[Method of Levy: CCP §488.450.]*

# EXHIBIT 3

Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
Shayna A. Jackson (SBN 340864)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for
U.S. Real Estate Credit Holdings III-A, LP

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 29 2023

A. Behrmann

JAN 03 2024

Electronically RECEIVED by Superior Court of California, County of Riverside on 12/26/2023 02:22 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Carla Alvarez, Clerk

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE – SOUTHWEST JUSTICE CENTER**

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>GLENROY COACHELLA, LLC, a Delaware limited liability company; et al.<br><br>Defendants. | Case No.: RIC1905743<br>Master File: RIC1905743<br><br>Assigned for all Purposes to:<br>Hon. Angel M. Bermudez, Dept. S302<br><br>**[~~PROPOSED~~] JUDGMENT DENYING SECOND THIRD PARTY CLAIM OF ASR DEVELOPMENT CO.**<br><br>Hearing<br>Date: December 12, 2023<br>Dept.: S302<br>Time: 8:30 a.m. |
| AND ALL CONSOLIDATED CASES. | Complaint filed: November 19, 2019 |

The Petition for Hearing on Second Third Party Claim of Ownership and Superior Right to Possession (the "Second ASR Petition") filed by ASR Development Co. ("ASR") came on for a merits hearing on December 12, 2023, at 8:30 a.m. in Department S302 of the above-entitled court, located at 30755-D Auld Road, Murietta, CA 92563. The Court's findings and rulings are as set forth in the Court's minute order, which is attached hereto as **Exhibit A**.

**~~[PROPOSED]~~ JUDGMENT**

Based on the foregoing, the Court hereby enters judgment against ASR and in favor of U.S. Real Estate Credit Holdings III-A, LP.

DATED: DEC 2 9 2023

Honorable Angel M. Bermudez
Judge of the Superior Court

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# Exhibit A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

---

**APPEARANCES:**

U.S. REAL ESTATE CREDIT HOLDINGS III A LP [PLA] represented by Chris Rivas and Marsha Houston present (Telephonically) .
ASR DEVELOPMENT CO. [TP] represented by Rudy Perrino present (Telephonically).
STIFFELMAN, GARY [DEF] represented by Timothy Laquer present (Telephonically).

---

At 09:00 AM, the following proceedings were held:
Court has read and considered documents relating to this matter.
Court's tentative is issued.
Counsel argue.
Matter is taken under submission
Off the record – Court subsequently rules on matter taken under submission as follows:
The Petition is DENIED. The $866,144.00 which are the subject of ASR's second third-party claim are ordered delivered to the Los Angeles County Sheriff to be held in trust pending judgment in this action.

First, it appears that the Petition is time-barred. The third-party claim statute provides: "Not later than 15 days after the third-party claim is filed with the levying officer pursuant to Section 720.120 or 720.220, or 15 days after filing an undertaking pursuant to Section 720.610, either the creditor or the third person may petition the court for a hearing to determine the validity of the third-party claim and the proper disposition of the property that is the subject of the claim." (Code Civ. Proc., § 720.310(a).) Here, as stated in the supporting declaration of ASR's counsel, the third-party claim was filed with the sheriff's office on October 16, 2023. (Perrino Decl., ¶ 3.) As ASR concedes, no undertaking has been

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

---

filed by either USRECH or ASR. (Reply, 2:3-4, 13-14.) Therefore, a petition had to be filed within 15 days of filing the third-party claim with the sheriff on October 16, 2023, by no later than October 31, 2023. Here, the petition was filed on November 9, 2023. Other than to assert that the sheriff's department has failed to follow the procedures under section 720.330 by filing the claim with the court and providing the requisite notice to the parties, ASR presents no argument to show that its petition was timely brought. If the petition is not timely filed, the court that entered the judgment loses jurisdiction to determine the third-party claim. (Ballagh v. Williams (1942) 50 Cal.App.2d 303, 304 [decided under former law].)

Even if it is not time-barred, the second third-party claim is res judicata. Under Code of Civil Procedure section 720.110, a third person claiming ownership or the right to possession of property may make a third-party claim, where personal property has been levied upon under a writ of attachment, "if the interest claimed is superior to the creditor's lien on the property." (Code Civ. Proc., § 720.110(b).) "Once the third party establishes its entitlement to the property, the burden shifts to the creditor … to establish that its claim is superior." [Citation.] (Oxford Street Properties, LLC v. Rehabilitation Associates, LLC (2012) 206 Cal.App.4th 296, 307.) In a petition to determine the validity of a third-party claim, ASR bears the initial burden of establishing that it has ownership over the property and that its lien is superior to that of USRECH. The issue of ownership has already been determined by this Court in its August 04, 2022 ruling on ASR's first third-party claim.

In the August 04, 2022, ruling, the Court ruled that ASR presented insufficient evidence of its ownership interest sufficient to shift the burden upon the Levying Creditor, USRECH, and ordered the funds to be delivered to the Los Angeles County Sheriff to be held in trust pending judgment in this action. Although ASR argues that the first third-party claim was limited to the May 2022 distribution for the amount of $62,437.50, and has no bearing on future distributions made subsequent to that time, and that the ruling was only based on insufficient evidence, the issue of ASR's ownership interest in RPP was heard by this Court and finally determined by its ruling. The Court ruled that ASR failed to present evidence that it is a limited partner of RPP entitled to monthly distributions (e.g., that it holds

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

---

24.7% ownership interest as being asserted in the second claim). The Court noted in its ruling that ASR could not make the showing of its ownership interest through the submission of various corporate documents of RPP. Rulings made at hearings on third party claims are res judicata. (Lyons v. Security Pac. Nat'l Bank (1995) 40 Cal.App.4th 1001, 1016 [res judicata applied to bar third party claimant's action against bank to contest the validity of the bank's lien which was an issue fully litigated and finally decided in the hearing on the third party claim].) Because ASR failed to meet its burden of ownership, and thereby the superiority of its interest over the lien interest of USRECH, ASR is barred by res judicata to relitigate this matter.

The Court also mentioned in its August 2022 ruling that "the evidence submitted in support of the claim suggested that any money distributed to ASR will be delivered directly to ASR's owner, Rubin" and that "there does not appear to be any appreciable difference between Rubin and ASR." (Perrino Decl., ¶ 3, Ex. A [Second Third-Party Claim, Ex. 1 (Minute Order dated August 04, 2022)].) Also on this ground, the Court ruled that ASR failed to present sufficient evidence. The same concerns are present in ASR's second third-party claim, which justifies denying the petition. ASR admittedly states that the funds from the RPP distribution would be used to pay legal bills of both ASR and Stuart Rubin (Second Third-Party Claim, 4:19-5:3), meaning the funds would be used for the benefit of the debtor rather than satisfying the lien of the levying creditor. The second third-party claim fails to clarify what portion of the funds are to be allocated towards paying Mr. Ruin's legal bills. A copy of the writ of attachment was delivered to ASR as a levy upon any property of ASR to which Mr. Rubin has interest, which is to expire after "three years from the date of issuance of the writ of attachment under which the levy was made." (Code Civ. Proc., § 488.510(a).) As such, any money ASR is obligated to pay to Mr. Rubin or to disburse for his benefit is subject to the writ of attachment. In that, ASR fails to show that its interest is superior to the lien of USRECH.

Notice of ruling to be prepared, served and submitted by prevailing party.
Notice to be given by Clerk to THE LAW OFFICES OF DAMIAN D CAPOZZOLA , Christopher Orlando Rivas , RUDY PERRINO.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

## PROOF OF SERVICE

***U.S Real Estate Credit Holdings III-A v. Glenroy Coachella***
***Riverside Superior Court Case No. RIC1905743***

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On December 26, 2023, I served the following document(s) by the method indicated below:

**[PROPOSED] JUDGMENT DENYING SECOND THIRD PARTY CLAIM OF ASR DEVELOPMENT CO.**

| | |
|---|---|
| ☑ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below |
| ☑ | by transmitting via email to the parties at the email addresses listed below: |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be maintained at our offices and will be made available to any party requesting it. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 26, 2023, at Los Angeles, California.

Sean Wilson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Rudy Perrino, Esq.
Kutak Rock LLP
777 S. Figueroa Street, Suite 4550
Los Angeles, CA 90017

*Attorney for Glenroy Coachella, LLC, Glenroy Coachella Holdings, LLC, A. Stuart Rubin, Force Rubin LLC, Force Rubin 2 LLC*

Email: Rudy.Perrino@KutakRock.com

Sean A. O'Keefe (SBN 122417)
**OKEEFE & ASSOCIATES LAW CORP., P.C.**
26 Executive Park, Suite 250
Irvine, CA 92614

*Counsel to defendants Elliot B. Lander and Coachella Resort, LLC, a California limited liability company*

Email: sokeefe@okeefelawcorporation.com

Law Office of Stephen J. Armstrong, Esq.
44200 Monterey Ave., Ste. B
Palm Desert, California 92260-2708

*Attorney for Apple J Plumbing, Inc., Desert Palms Electric, Inc., Mascorro Concrete Construction, Inc., and Temalpakh, Inc. dba The Works Floor and Wall, Al Miller & Sons Roofing, Tandem West Glass, Inc. and Jacobsson Engineering Construction, Inc.*

Email: Stephen@SJALaw.com

Brian S Harnik, Esq.
**ROEMER & HARNIK LLP**
45025 Manitou Drive
Indian Wells, California 92210

*Attorney for Blair Air, Inc.*

Email: bharnik@rhlawfirm.com
AMontez@rhlawfirm.com
jadams@rhlawfirm.com

Marc S Homme
**LAW OFFICES OF MARC S HOMME APC**
P.O. Box 1645
Rancho Mirage, California 92270

*Attorney for Doug Wall Construction, Inc.*

Email: marc@hommelaw.net

Milene C Apanian, Esq.
**LAW OFFICES OF ABDULAZIZ, GROSSBART & RUDMAN**
6454 Coldwater Canyon, Ave
North Hollywood, California 91606

*Attorney for BMC West, LLC*

Email: mca@agrlaw.com

Michael K Murray, Esq.
**LANAK & HANNA, P.C.**
1851 E 1st St Ste 700
Santa Ana, CA 92705

*Attorney for The Shermin-Williams Company and L & W Supply Corporation*

Email: mkmurray@lanak-hanna.com

A Maria Plumtree, Esq.
Ferdi Trampe, Esq.
**PLUMTREE & ASSOCIATES**
7111 Garden Grove Blvd., Suite 200
Garden Grove, California 92841-4296

*Attorney for GF Investment Group, Inc. aba The Investment Center*

Email: mplumtree@plumtreelaw.com
nbrunner@plumtreelaw.com

Patrick C McGarrigle, Esq.
**MCGARRIGLE, KENNEY & ZAMPIELLO, APC**
9600 Topanga Canyon Blvd., Suite 200

*Attorney for Quonset Partners, LLC*

Email: patrickm@mkzlaw.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Chatsworth, California 91311

Alan G. Tippie, Esq.
Mark S. Horoupian, Esq.
**GREENSPOON MARDER LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

***Attorney for Edwin W. Leslie***

Email: alan.tippie@gmlaw.com; Mark.Horoupian@gmlaw.com

Damian D. Capozzola
Timothy R. Laquer
**LAW OFFICES OF DAMIAN D. CAPOZZOLA**
633 W. Fifth Street, 26th Floor
Los Angeles, CA 90071

***Attorneys for Gary Stiffelman***

Email: ddc@ddclaw.com trl@ddclaw.com

Scott R. Carpenter, Esq.
**CUMMINS & WHITE, LLP**
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764

***Attorneys for La Hacienda Nursery & Landscape, Inc.***

Email: scarpenter@cwlawyers.com; DPimentel@cwlawyers.com

Trevor O. Resurreccecion
Mark A. Walsh
**Lynberg & Watkins, APC**
1100 Town & Country Road, Suite 1450
Orange, CA 92868

***Attorney for Doug Wall Construction, Inc.***

Email: tresurreccion@lynberg.com; mwalsh@lynberg.com; jorellana@lynberg.com bwilson@lynberg.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware