**VALLE MAKOFF LLP**
JOHN M. MOSCARINO (State Bar No. 122105)
jmoscarino@vallemakoff.com
11777 San Vicente Blvd., Suite 890
Los Angeles, California 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

Attorneys for Defendants
RICHARD M. PACHULSKI and PACHULSKI STANG ZIEHL & JONES LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – FIRST STREET COURTHOUSE**

ABRAHAM STUART RUBIN, an individual; DUSTY BERKE, as Trustee of the STUART RUBIN CHILDREN'S TRUST; and ANNETTE AND STUART RUBIN, as Co-Trustees of the STUART AND ANNETTE RUBIN FAMILY TRUST; ASR DEVELOPMENT CO.; FORCE RUBIN, LLC; FORCE RUBIN 2, LLC,

Plaintiffs,

v.

GARY STIFFELMAN; RICHARD M. PACHULSKI; PACHULSKI STANG ZIEHL & JONES LLP, a California Limited Liability Partnership;· U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish Limited Partnership; CALMWATER ASSET MANAGEMENT, LLC, a Delaware Limited Liability Company; GREENBURG TRAURIG, LLP, a New York Limited Liability Partnership; DOE ATTORNEYS 1-50; DOE FIDUCIARIES 1-50; DOES 1-100, inclusive

Defendants.

Case No. 2:23-cv-10152 CBM (PVCx)

Hon. Consuelo B. Marshall

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS RICO CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), TO DISMISS STATE LAW CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND 12(B)(1), TO REQUIRE MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(E), AND TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F)**

Date: June 4, 2024
Time: 10:00 a.m.
Place: Courtroom 8D

Complaint Filed: December 1, 2023

/ / /

/ / /

TO ALL PARTIES AND TO THE COURT:

PLEASE TAKE NOTICE THAT Defendants Richard M. Pachulski ("Pachulski") and Pachulski Stang Ziehl & Jones LLP ("PSZJ") hereby request that the Court take judicial notice of the following court records:

1. Notice of Hearing On, and Verified Petition For Order Validating Third Party Claim Of Ownership And Superior Right To Possession By ASR Development Co.; Memorandum; And Declaration of Evan L. Smith, filed on June 22, 2022 in U.S. Real Estate Credit Holdings III-A, LP v. Glenroy Coachella, LLC, Riverside County Superior Court Case No. RIC 1905743 (the USRECH Case"), a true and correct copy of which is attached hereto as Exhibit A;

2. Declaration of Christopher O. Rivas In Support of Plaintiff U.S. Real Estate Holdings III-A LP's Opposition To ASR Development Co.'s Third Party Claim Of Ownership And Superior Right To Possession filed on December 5, 2023 in the USRECH Case, a true and correct copy of which is attached hereto as Exhibit B;

3. Petion For Hearing On Second Third Party Claim To Ownership and Superior Right of Possession; And Memorandum Of Points and authorities In Support Thereof [C.C.P. § 720.310] filed on November 9, 2023 in the USRECH Case, a true and correct copy of which is attached hereto as Exhibit C;

/ / /

4. Notice of Appeal, filed on January 8, 2024 in the USRECH Case, a true and correct copy of which is attached hereto as Exhibit D.

The documents listed above aggregate numerous other documents that were served and filed in the USRECH Case and reveal that the following sequence of events associated with (a) the issuance of a right to attach order and Writ of Attachment in the USRECH Case; and (b) the disposition of the Third Party Claim and Second Third Party Claim asserted by Plaintiff ASR Development Co. ("ASR") in the USRECH Case:

- The Riverside County Superior Court granted USRECH's application for a right to attach order in the USRECH Case on January 28, 2022 and entered its written order on February 24, 2022. (Rivas Declaration, Exhibit B hereto, at Exhibit E, p. 4.)
- The Clerk of the Riverside County Superior Court issued an April 7, 2022 Writ of Attachment to the Los Angeles County Sheriff in the USRECH Case. (Rivas Declaration, Exhibit B hereto, at Exhibit A-1.)
- On April 27, 2022, the Los Angeles County Sheriff's Civil Management Bureau placed its file stamp on a proof of service for service of a notice of attachment, writ of attachment, right to attach order, and Memorandum of Garnishee which showed service of those documents on Rubin-Pachulski Property, LP via Richard Pachulski on April 25, 2022. (Rivas Declaration, Exhibit B hereto, at Ex. B-1.)

/ / /

- On June 22, 2022, ASR Development Co. filed a Notice of Hearing and Verified Petition For Order Validating Third Party Claim Of Ownership And Superior Right To Possession which attached RPP's Memorandum of Garnishee on California Judicial Council Form AT-167/EJ-152. (Notice of Hearing, Ex. A hereto, at Ex. 1 of Ex. 1 thereto; See also, Rivas Declaration Ex. B hereto, at Ex. C.)
- On August 4, 2022, the Riverside County Superior Court denied ASR's Third Party Claim and ordered that RPP to deliver funds to the Los Angeles County Sheriff to be held in trust pending judgment in the Riverside County Superior Court Action. (Rivas Decl., Ex. B hereto, at Ex. D.)
- The California Court of Appeal affirmed the Riverside County Superior Court's decision to issue a right to attach order on September 29, 2023. (Rivas Decl., Ex. B hereto, at Ex. E.)
- ASR filed a Second Third Party Claim Of Ownership And Superior Right To Possession in the USRECH Case on November 9, 2023. (Petition, Ex. C hereto.)
- The Riverside County Superior Court issued a judgment denying ASR's Second Third Party Claim on December 1, 2023. (Notice of Appeal, Ex. D hereto).

/ / /

/ / /

- ASR appealed the Riverside County Superior Court's Judgment on January 8, 2024 (Notice of Appeal, Ex. D hereto).

Courts regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." Harris v. Cty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (internal citations omitted); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Judicial Notice is particularly appropriate where the proceedings to be judicially noticed "have a direct relation to matters at issue." Avilez v. Garland, 69 F.4th 525, 527 n.3 (9th Cir. 2023) (Quoting, Trigueros v. Adams, 658 F.2d 244, 248 (9th Cir. 1992)). Here, the Riverside County Superior Court action is directly placed at issue in Plaintiffs' Complaint.

The matters referred to herein meet the requirements of Rule 201(b)(2) of the Federal Rules of Evidence, and therefore, this Court should take judicial notice of them pursuant to Rule 201(c)(2) of the Federal Rules of Evidence.

Dated: April 17, 2024

VALLE MAKOFF

By: */s/ John M. Moscarino*
JOHN M. MOSCARINO
Attorneys for Defendants
RICHARD M. PACHULSKI and
PACHULSKI STANG ZIEHL &
JONES LLP

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 06/22/2022 05:06 PM
Case Number RIC1905743 0000025292785 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Megan Lopez, Clerk

**JOHN A. MESSINA, JR. (SBN 171148)**
**EVAN L. SMITH (SBN 101369)**
**JEFFREY J. VAN WICK (SBN 330915)**
**MESSINA & HANKIN LLP**
**24910 Las Brisas Road, Suite 102**
**Murrieta, CA 92562**
jmessina@messinahankinlaw.com
elsmith@messinahankinlaw.com
jvanwick@messinahankinlaw.com
**Telephone: (951) 894-7332**
**Fax: (951) 346-3334**

**Attorneys for Third Party Claimant**
**ASR DEVELOPMENT CO.,**
**A California corporation.**

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF RIVERSIDE-SOUTHWEST JUSTICE CENTER**

| | |
|---|---|
| **U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., an Irish limited partnership,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GLENROY COACHELLA, LLC, a Delaware limited liability company, et al.,**<br><br>**Defendants.** | **CASE NUMBER: RIC 1905743**<br><br>***(Assigned for all purposes to the Honorable Angel Bermudez, Dept. S-302)***<br><br>**NOTICE OF HEARING ON, AND VERIFIED PETITION FOR ORDER VALIDATING, THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION BY ASR DEVELOPMENT CO.; MEMORANDUM; AND DECLARATION OF EVAN L. SMITH.** |
| **AND RELATED CROSS ACTION** | **DATE: June 27, 2022**<br>**TIME: 10:30 a.m.**<br>**DEPT: S-302 (Zoom Telephonic Hearing)** |

///

///

///

///

**TO: THE HONORABLE ANGEL BERMUDEZ, SUPERIOR COURT JUDGE, THE ATTACHING PARTY AND IT'S ATTORNEYS OF RECORD, THE ATTACHMENT DEBTOR, THE GARNISHEE, AND THE LOS ANGELES COUNTY SHERIFF AS LEVYING OFFICER:**

**NOTICE IS HEREBY GIVEN** that on May 24, 2022, ASR Development Co., a California corporation ("Third Party Claimant") filed with the Beverly Hills Office of the Los Angeles County Sheriff at 9355 Burton Way, Beverly Hills, California 90210 its *Third Party Claim of Ownership and Superior Right to Possession* ("Third-Party Claim") pursuant to C.C.P. § 720.230, and thereafter filed a *Petition for Hearing on Third Party Claim of Ownership and Superior Right to Possession* ("Petition for Hearing"), a true copy of which is attached hereto as Exhibit "1" [See. Decl. of Smith, ¶ 2], and incorporated herein by this reference.

**NOTICE IS FURTHER GIVEN** that the hearing on the Third-Party Claim has been ordered held on June 27, 2022, at 10:30 a.m. in Department S-302 of the above-captioned Court before the Honorable Angel Bermudez, and that the Attaching Party's creditor's statement in opposition to the Third-Party Claim has been filed and served by the Attaching Party before the hearing date in accordance with C.C.P. § 720.340(b).

**NOTICE IS FURTHER GIVEN** that the purpose of the hearing is to determine the validity of the Third Party Claim of Third Party Claimant ASR Development Co., a California corporation, and the proper disposition of the property that is the subject of the Third-Party Claim, and that Third Party Claimant will and does hereby seek an order directing payment to be made direct to Third Part Claimant of all funds held by Garnishee under the attachment levy.

**DATED:** June 22, 2022

**MESSINA & HANKIN, LLP**

By: Evan L Smith
**EVAN L. SMITH,**
**Attorneys for Third Party Claimant,**
**ASR DEVELOPMENT CO.,**
**a California corporation**

## MEMORANDUM

## I. SUMMARY of FACTS

Third Party Claimant ASR Development Co. ("ASR") was incorporated under the laws of the State of California on March 27, 1985, and is an active corporation in good standing. [Decl. of Smith, ¶ 3, and Exhibits "2" and "3"]. ASR is in the business of real estate development and consulting. Its sole shareholder is the Attachment Debtor, Mr. A. Stuart Rubin ("Rubin"). Garnishee Rubin-Pachulski Properties, L.P. ("RPP"), is a California limited partnership that was organized on October 22, 1992, and has several limited partners. [Decl. of Smith, ¶ 4 and Exhibits "4" and "5"]. RPP owns and manages commercial real estate properties. In January 1997 ASR acquired an approximately 18.56% limited partnership interest in RPP, which it has held continuously through to present day. As a limited partner of RPP, ASR is entitled to from time to time receive distributions of partnership income, the most recent of which was due for the month of May 2022, in the approximate amount of $ 62,437.50 (ASR is now informed that RPP has just served an amended Garnishee's Memorandum noting a clerical error and re-stating the amount of ASR's May distribution to be $ 56,687.50; see *Supplemental Declaration of Christopher Rivas in Objection to Third Party Claim of Ownership*, ¶ 3 and Exhibit "H"). As is set forth in more detail below, ASR has not received its May distribution because RPP was served with an Attachment Levy against Rubin, and is afraid that if it makes the distribution to ASR, it could be held liable for violating the levy. Therefore, it has returned a Garnishee's Memorandum (attached as Exhibit "1" to Exhibit "1 hereto), which in section 4 states:

> "Rubin-Pachulski Properties, Inc., the general partner of Rubin-Pachulski Properties, LP, a California limited partnership ("RPP LP"), has discretion to authorize payments to its limited partners of available Distributable Cash from Operations as defined in its Limited Partnership Agreement. The general partner has authorized such a monthly net distribution for May 2022, including to ASR Development Company, Inc. ("ASR") in the amount of $ 62,437.50 (the "ASR Distribution"). Both Plaintiff and Defendant A. Stuart Rubin have made conflicting claims to the ASR Distribution. As such, RPP LP will hold the ASR Distribution, and any similar distributions for subsequent month, pending further order from this Court as to whom it should be paid following levy of the Writ of Attachment herein."

The foregoing statement by RPP is inaccurate and misleading when it states that Mr. A. Stuart Rubin has made a claim to the ASR Distribution, as that implies he has done so in his individual capacity,

rather than on behalf of ASR in his capacity as its President, a point ASR's attorney has made several times in communications with RPP's General Partner Mr. Richard Pachulski, as well as to the attorney whose services RPP ultimately engaged to handle this matter. [Decl. of Smith ¶ 5]. ASR is not a party to the above captioned action and no attachment order or other process has been issued by this Court against it or its property. On June 8, 2022, subsequent to ASR's having petitioned for an order setting this hearing, plaintiff U.S. Real Estate Credit Holdings III-A, L.P. ("USRECH") filed its *Plaintiff U.S. Real Estate Credit Holdings III-A, LP's Objection to Third Party Claim of Ownership and Superior Right of Possession; Petition for Hearing; Declaration of Christopher O. Rivas* ("Objection"), which itself admits ASR is not a party to the action (Objection, p. 2 line 27 p. 3, line 2). As will be addressed below, ASR avers that Objection does not set forth any grounds for denial of ASR's Third-Party Claim of ownership of its RPP partnership distributions, but instead of addressing the issues before the Court of the validity of ASR's Third Party Claim and the proper disposition of the property that is its subject, only contains irrelevant arguments attacking Rubin himself, irrelevantly alleges that ASR and Rubin are alter egos of one another, and does not set forth any legally cognizable basis that would empower this Court to disregard ASR's corporate existence as a separate legal person.

## II. LAW and ARGUMENT

### A. <u>ASR is a Separate Legal Entity From Its Shareholder Rubin, and Its Assets Are Not Subject to Levies Against Him Alone</u>

It is fundamental that a corporation is a legal entity that is distinct from its shareholders. *Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1108; 72 Cal.Rptr.3d 129; 175 P.3d 1184. In California, a third-party judgment creditor of a shareholder that is, a plaintiff having a judgment against a shareholder on a claim unrelated to the corporation may not pierce the corporate veil to reach corporate assets in order to satisfy the shareholder's liability. *Postal Instant Press, Inc. v. Kaswa Corp.* (2008) 162 Cal. App. 4th 1510, 1513; 77 Cal. Rptr. 3d 96; *see Wise v. DLA Piper LLP* (2013) 220 Cal. App. 4th 1180, 1193; 164 Cal. Rptr. 3d 54. In this instance there is not even a judgment against Rubin, but merely a pre-judgment

attachment. Therefore, the attachment levy cannot be applied to hijack ASR's partnership distributions to secure the possibility that USRECH will prevail on its claims against Rubin in the above-captioned action. ASR is a separate legal entity in good standing that has been in business for 37 years, and has owned its limited partnership interest in RPP for 25 years. Its income is its own, not Rubin's, and as shown by the evidence it has proffered its Third-Party Claim is valid. Therefore, the Court should uphold the validity of ASR's claim and order RPP to release its levy hold and distribute the funds to which ASR is entitled as a limited partner.

**B. Discovery is not Permitted in Third Party Claim Proceedings**

There is no right to conduct discovery in third party claim proceedings. See, *Whitehouse v. Six Corp.* (1995) 40 Cal. App. 4th 527,536; 48 Cal. Rptr. 2d 600, 605; and Ahart, CAL. PRAC. GUIDE: ENFORCING JUDGMENTS & DEBTS (The Rutter Group 2021) ¶ 6:1685.1, p. 6H-17. Therefore, the consumer notices and discovery subpoenas USRECH has served without right are null and void, and they along with its requests that the Court set an expedited discovery schedule and treat this hearing as preliminary have no basis under California law, and must be rejected by the Court (see, Objection p. 1, lines 15-20, and Rivas Supplemental Declaration, ¶ 4, and Exhibits "I" and "J" thereto ).

**C. USRECH Has Not Proffered Any Evidence Relevant and Probative to Dispute ASR's Claim That It Alone Owns Its Limited Partnership Interest in RPP and Its Shares of Partnership Income**

" 'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." Evidence Code § 210. There are two elements involved in testing the relevance of proffered evidence, namely (1) the evidence must relate to some *matter properly at issue* in the case, and (2) it must have *probative worth* (i.e., some logical tendency to prove the matter at issue. *People v. Nelson* (2008) 43 Cal. 4th 1242, 1266 (emphasis added)Asr has ; see also Wegner, Epstein & Chernow CAL. PRAC. GUIDE: CIVIL TRIALS & EVIDENCE (The Rutter Group 2019), ¶ 8:103, p. 8B-1.

The sole issues here are the validity of ASR's Third-Party Claim and the proper disposition of the property that is its subject. While USRECH has expounded at some length on its claims that ASR and Rubin are alter egos of one another due to Rubin's roles as an outside shareholder and an inside manager of ASR, and noted that ASR was involved in the financing and development of the construction project that underlies the main action (not surprising facts given that ASR is in the real estate development business), it has not proffered ANY evidence in derogation of ASR's claims to ownership of a limited partnership interest in RPP, or its rights to receive unfettered its share of the partnership income so derived. ASR on the other hand has proffered evidence both relevant and probative on those subjects. Therefore, ASR has satisfied its evidentiary burden and its Third-Party Claim must be sustained.

**III. CONCLUSION**

As the authorities cited above, and the supporting evidence have shown, ASR is a corporation in good standing which solely owns its limited partnership interest in RPP, and is not subject to having its corporate veil pierced to subject its corporate assets to a levy against its shareholder Rubin. Additionally USRECH is not entitled to conduct discovery in this matter, and has not proffered any evidence relevant and probative to the issues of the validity of ASR's Third-Party Claim and the proper disposition of the property that is its subject which are now before the Court. Therefore, as ASR has satisfied its evidentiary burden its Third-Party Claim must be sustained.

**DATED:** June 22, 2022

**MESSINA & HANKIN, LLP**

**By:** Evan Smith

**EVAN L. SMITH,**
**Attorneys for Third Party Claimant,**
**ASR DEVELOPMENT CO., INC.**
**a California corporation**

**DECLARATION of EVAN L. SMITH**

I, Evan L. Smith declare:

1. I am an attorney at law, and a Member in Good Standing of the State Bar of California. I am a Of Counsel attorney for the law firm Messina & Hankin, LLP, attorneys of record for ASR Development Co., a California corporation ("ASR" or "Third Party Claimant") in the action styled U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P. v. GLENROY COACHELLA, LLC, et al., which is currently pending in the Riverside County Superior Court as case # RIC1904753 (the "Action"). I am making this declaration in support of the accompanying VERIFIED PETITION FOR ORDER VALIDATING, THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION BY ASR DEVELOPMENT CO. I have personal knowledge of the facts set forth below and, if called as a witness, could and would attest thereto. No waiver of the attorney-client privilege, or of any other privilege, is made, intended, or implied hereby.

2. Attached hereto as Exhibit "1" is a true copy of ASR's *Third Party Claim of Ownership and Superior Right to Possession* as served on the levying officer ("Third-Party Claim").

3. Third Party Claimant ASR Development Co. ("ASR") was incorporated under the laws of the State of California on March 27, 1985, and is an active corporation in good standing. Attached hereto respectively as Exhibits "2" and "3" are true copies of ASR's *Articles of Incorporation of ASR Development Co.* and *Certificate of Status No. 018270324 dated June 3, 2022*, both of which I obtained by download from the official website of the Secretary of State of California.

4. Garnishee Rubin-Pachulski Properties, L.P. ("RPP"), is a California limited partnership that was organized on October 22, 1992, and has several limited partners. Attached hereto respectively as Exhibits "4" and "5" are trues copies of the *Certificate of Limited Partnership of Rubin-Pachulski Properties L.P* which I obtained by download from the official website of the Secretary of State of California, and the RPP Organization Chart showing the partners of RPP and their percentages of ownership.

5. I have had a number of communications with both RPP's General Partner Mr. Richard Pachulski, and also as well with attorney Michael Wachtell of the Buchalter law firm, whose services RPP ultimately engaged to handle this matter, and to no avail made the point that RPP's limited partner ASR is not itself subject to the attachment levy served by USRECH.

**IN WITNESS WHEREOF,** this declaration is executed under penalty of perjury according to the laws of the State of California this 22nd day of June 2022 at Murrieta, California.

Evan L Smith

**EVAN L. SMITH**

# Exhibit "1"

DocuSign Envelope ID: DB1EEE94-4404-4C10-83E4-BADF4BF42AA5

**JOHN A. MESSINA, JR. (SBN 171148)**
**EVAN L. SMITH (SBN 101369)**
**JEFFREY J. VAN WICK (SBN 330915)**
**MESSINA & HANKIN LLP**
**24910 Las Brisas Road, Suite 102**
**Murrieta, CA 92562**
jmessina@messinahankinlaw.com
elsmith@messinahankinlaw.com
jvanwick@messinahankinlaw.com
**Telephone: (951) 894-7332**
**Fax: (951) 346-3334**

**Attorneys for Third Party Claimant**
**ASR DEVELOPMENT CO.,**
**A California corporation.**

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF RIVERSIDE-HISTORIC COURTHOUSE**

| | |
|---|---|
| **U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., an Irish limited partnership,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**GLENROY COACHELLA, LLC, a Delaware limited liability company, et al.,**<br><br>**Defendants.** | **CASE NUMBER: RIC 1905743**<br><br>*(Assigned for all purposes to the Honorable Sunshine S. Sykes, Dept. 6)*<br><br>**THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION.**<br><br>**(Date Action Filed: November 19, 2019)** |
| **AND RELATED CROSS ACTION** | |

///

///

///

///

///

**EXHIBIT 1**

***

DocuSign Envelope ID: DB1EEE94-4404-4C10-83E4-BADF4BF42AA5

**TO LOS ANGELES COUNTY SHERIFF, 9355 Burton Way, Beverly Hills, CA 90210:**

I am the Chief Executive Officer and Corporate Secretary of ASR Development Co., a California corporation ("Third Party Claimant"), and have personal knowledge of the facts set forth herein.

**NOTICE IS HEREBY GIVEN** that Third Party Claimant claims ownership of, and right to possession of, the ASR Distribution funds levied upon on or about April 25, 2022, and which are currently being withheld from it by Rubin-Pachulski Properties, LP, a California limited partnership ("RPP"), as set forth in the Memorandum of Garnishee returned to your office by RPP, a true copy of which is attached hereto as Exhibit "1".

Third Party Claimant acquired its RPP limited partner ownership interest on or about October 22, 1992, when RPP was initially organized, which it has owned continuously since, and therefore is the sole owner of its rights to the ASR Distribution funds.

Third Party Claimant's current address in the State of California where service by mail may be made is: ASR Development Co., 4640 Admiralty Way, Suite 500, Marina Del Rey, CA 90292.

The fair market value of Third Party Claimant's interest in the ASR Distribution funds for the May 2022 distribution is approximately $ 62,437.50.

Third Party Claimant requests that the levy on the aforesaid property be released.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**DATED:** 5/24/2022 | 3:46 PM PDT

**ASR Development Co., a California corporation**

DocuSigned by:

**By:** ______________________
A5B9D1738990480...

**A. STUART RUBIN,**
**Its CEO and Corporate Secretary**

EXHIBIT 1

***

# Exhibit "1"

EXHIBIT 1

DocuSign Envelope ID: DB1EEE94-4404-4C10-83E4-BADF4BF42AA5

RE: A. Stuart Rubin

AT-167/EJ-152

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Marsha A. Houston (SBN 129956); Christopher O. Rivas (SBN 238765)<br>REED SMITH LLP<br>355 South Grand Avenue, Los Angeles, CA 90071-1514<br>TELEPHONE NO.: 213.457.8000 FAX NO.: 213.457.8080<br>E-MAIL ADDRESS: mhouston@reedsmith.com<br>ATTORNEY FOR (Name): U.S. Real Estate Credit Holdings III-A, LP | LEVYING OFFICER (Name and Address)<br>Los Angeles County Sheriff<br>9355 Burton Way<br>Beverly Hills, CA 90210 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92071<br>BRANCH NAME: Riverside Historic Courthouse | |
| PLAINTIFF/PETITIONER: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership<br>DEFENDANT/RESPONDENT: A. Stuart Rubin | LEVYING OFFICER FILE NO.: |
| MEMORANDUM OF GARNISHEE<br>(Attachment-Enforcement of Judgment) | COURT CASE NO.:<br>RIC 1905743 |

NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.

— RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER —

This memorandum does *not* apply to garnishment of earnings.

1. a. Garnishee *(name)*: Rubin-Pachulski Properties LP
   b. Address: c/o Richard Pachulski, 10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA 90067

2. Judgment Creditor *(name)*: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership

3. ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligations in favor of the judgment debtor.

4. If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

Rubin-Pachulski Properties, Inc., the general partner of Rubin-Pachulski Properties, LP, a California limited partnership ("RPP LP"), has discretion to authorize payments to its limited partners of available Distributable Cash from Operations as defined in its Limited Partnership Agreement. The general partner has authorized such a monthly net distribution for May 2022, including to ASR Development Company, Inc. ("ASR") in the amount of $62,437.50 (the "ASR Distribution"). Both Plaintiff and Defendant A. Stuart Rubin have made conflicting claims to the ASR Distribution. As such, RPP LP will hold the ASR Distribution, and any similar distributions for subsequent months, pending a further order from this Court as to whom it should be paid following levy of the Writ of Attachment herein.

5. For writ of execution only. Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

EXHIBIT "1"

(Continued on reverse)

| SHORT TITLE: | LEVYING OFFICER FILE NO.: | CASE NUMBER: |
|---|---|---|
| U.S. Real Estate Credit Holdings v. A. Stuart Rubin | | RIC 1905743 |

6. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and the terms of the obligation and the reason for not paying it to the levying officer.

7. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8. **For writ of execution only.** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9. Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons.

DECLARATION OF GARNISHEE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Scott Dew
(TYPE OR PRINT NAME)

(SIGNATURE)

If you need more space to provide the information required by this memorandum, you may attach additional pages.

☐ Total number of pages attached:



MEMORANDUM OF GARNISHEE
(Attachment—Enforcement of Judgment)



EXHIBIT "1"

## *PROOF OF SERVICE*

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 24910 Las Brisas, Suite 102, Murrieta, California 92562.

On May 24, 2022, I served the foregoing documents described as: **THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION** on interested parties in this action as follows:

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with *GSO Delivery Service* on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

Served by mail:
**Marsha A. Houston**
**Christopher Rivas**
**Reed Smith LLP**
**355 S. Grand Ave., Suite 2900**
**Los Angeles, CA 90071**
**mhouston@reedsmith.com**
**crivas@reedsmith.com**
**Attorneys for Plaintiff U.S. Real Estate Credit Holdings III-A, L.P., an Irish limited partnership**

☒ **(BY GSO DELIVERY SERVICE—NEXT DAY)** as stated above.
Served by overnight mail: **Los Angeles County Sherriff**
**9355 Burton Way**
**Beverly Hills, CA 90210**

☐ **(BY PERSONAL SERVICE)** I caused the aforementioned DOCUMENT(s) to be personally served at the office or place of business of the addressee.

☐ **(BY FACSIMILE)** I caused said DOCUMENT to be transmitted electronically to the interested parties at the facsimile numbers as stated in their address above:

☒ **(BY E-MAIL)** I caused said DOCUMENT to be transmitted electronically to the interested parties at the e-mail address as stated in their address above:

EXHIBIT 1

Served by email:

**Marsha A. Houston**
**Christopher Rivas**
**Reed Smith LLP**
**355 S. Grand Ave., Suite 2900**
**Los Angeles, CA 90071**
mhouston@reedsmith.com
crivas@reedsmith.com
**Attorneys for Plaintiff U.S. Real Estate Credit Holdings III-A, L.P., an Irish limited partnership**
**&**
**Michael L. Wachtell**
**Buchalter APC**
**1000 Wilshire Blvd., Suite 1500**
**Los Angeles, CA 90017 – 1730**
**Attorney for Rubin-Pachulski Partners L.P.**

**Executed on May 24, 2022, at Murrieta California.**

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

John E. Hofilena

EXHIBIT 1

# Exhibit "2"

1335151

FILED
In the office of the Secretary of State
of the State of California

MAR 27 1985

MARCH FONG EU, Secretary of State
By Sharon K Hawkins
Deputy

# ARTICLES OF INCORPORATION
# OF
# ASR DEVELOPMENT CO.

ONE: The name of this corporation is ASR Development Co.

TWO: The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

THREE: The name and address of this corporation's initial agent for service of process are:

Stuart Rubin
500 South Sepulveda Boulevard
Suite 610
Los Angeles, California 90049

FOUR: The total number of shares which this corporation is authorized to issue is one hundred thousand (100,000), all of which shall be of one class.

Dated: March 27, 1985

Theodora L. Norton

Theodora L. Norton, Incorporator

I hereby declare that I am the person who executed the foregoing Articles of Incorporation, which execution is my act and deed.

Theodora L. Norton

Theodora L. Norton

EXHIBIT 2

# Exhibit "3"

# Secretary of State
## Certificate of Status

I, SHIRLEY N. WEBER, PH.D., California Secretary of State, hereby certify:

| | |
|---|---|
| **Entity Name:** | ASR DEVELOPMENT CO. |
| **Entity No.:** | 1335151 |
| **Registration Date:** | 03/27/1985 |
| **Entity Type:** | Stock Corporation - CA - General |
| **Formed In:** | CALIFORNIA |
| **Status:** | Active |

The above referenced entity is active on the Secretary of State's records and is authorized to exercise all its powers, rights and privileges in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the date of this certificate and does not reflect documents that are pending review or other events that may impact status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.

**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of June 03, 2022.

**SHIRLEY N. WEBER, PH.D.**
**Secretary of State**

EXHIBIT 3

**Certificate No.:** 018270324

To verify the issuance of this Certificate, use the Certificate No. above with the Secretary of State Certification Verification Search available at **biz**fileOnline.sos.ca.gov.

# Exhibit "4"

# State of California
March Fong Eu
Secretary of State

Form LP-

## CERTIFICATE OF LIMITED PARTNERSHIP

**IMPORTANT—Read instructions on back before completing this form**

**This Certificate is presented for filing pursuant to Section 15621, California Corporations Code.**

1. NAME OF LIMITED PARTNERSHIP

Rubin-Pachulski Properties L.P.

2. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE — CITY AND STATE — ZIP CODE

10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90067

3. STREET ADDRESS OF CALIFORNIA OFFICE IF EXECUTIVE OFFICE IS IN ANOTHER STATE — CITY — ZIP CODE

N/A CA

4. COMPLETE IF LIMITED PARTNERSHIP WAS FORMED PRIOR TO JULY 1, 1984 AND IS IN EXISTENCE ON DATE THIS CERTIFICATE IS EXECUTED.

THE ORIGINAL LIMITED PARTNERSHIP CERTIFICATE WAS RECORDED ON ____ 19 ____ WITH THE RECORDER OF ____ COUNTY. FILE OR RECORDATION NUMBER ____

5. NAMES AND ADDRESSES OF ALL GENERAL PARTNERS: (CONTINUE ON SECOND PAGE, IF NECESSARY)

| | |
|---|---|
| A. NAME: Rubin-Pachulski Properties, Inc.<br>ADDRESS: 10100 Santa Monica Boulevard Suite 1100<br>CITY: Los Angeles STATE: CA ZIP CODE: 90067 | C. NAME:<br>ADDRESS:<br>CITY: STATE: ZIP CODE: |
| B. NAME:<br>ADDRESS:<br>CITY: STATE: ZIP CODE: | D. NAME:<br>ADDRESS:<br>CITY: STATE: ZIP CODE: |

6. NAME AND ADDRESS OF AGENT FOR SERVICE OF PROCESS:

NAME: Richard M. Pachulski
ADDRESS: 10100 Santa Monica Boulevard Suite 1100
CITY: Los Angeles STATE: CA ZIP CODE: 90067

7. ANY OTHER MATTERS TO BE INCLUDED IN THIS CERTIFICATE MAY BE NOTED ON SEPARATE PAGES AND BY REFERENCE HEREIN ARE A PART OF THIS CERTIFICATE.

NUMBER OF PAGES ATTACHED: -0-

8. INDICATE THE NUMBER OF GENERAL PARTNERS SIGNATURES REQUIRED FOR FILING CERTIFICATES OF AMENDMENT, DISSOLUTION, CONTINUATION AND CANCELLATION.

NUMBER OF GENERAL PARTNER(S) SIGNATURE(S) IS/ARE: 1

(PLEASE INDICATE NUMBER ONLY)

9. IT IS HEREBY DECLARED THAT I AM (WE ARE) THE PERSON(S) WHO EXECUTED THIS CERTIFICATE OF LIMITED PARTNERSHIP WHICH EXECUTION IS MY (OUR) ACT AND DEED. (SEE INSTRUCTIONS)

Rubin-Pachulski Properties, Inc.

By [signature]
SIGNATURE — SIGNATURE

President 10-22-92
POSITION OR TITLE — DATE — POSITION OR TITLE — DATE

SIGNATURE — SIGNATURE

POSITION OR TITLE — DATE — POSITION OR TITLE — DATE

THIS SPACE FOR FILING OFFICER USE

9229600022

FILED
In the office of the Secretary of State of the State of California
OCT 22 1992
March Fong Eu
MARCH FONG EU
SECRETARY OF STATE

10. RETURN ACKNOWLEDGEMENT TO:

NAME
ADDRESS James M. Kryzminski
CITY 11500 W. Olympic Blvd #400
STATE Los Angeles, CA 90064
ZIP CODE

SEC/STATE REV. 1/88

FORM LP-1—FILING FEE: $70
Approved by Secretary of State

EXHIBIT 4

**Exhibit "5"**




# RPP Organization Chart

## ***VERIFICATION***

I, A. Stuart Rubin, am the President of ASR Development Co., Inc. a California corporation, the Third-Party Claimant in the matter of U.S. Real Estate Credit Holdings III-A. L.P. vs. Glenroy Coachella, LLC et al., case number RIC1905743. I have read the Memorandum Summary of Facts section to the attached *Notice of Hearing On, and Verified Petition for Order Validating Third Party Claim of Ownership and Superior Right to Possession by ASR Development Co.*, and know the contents thereof to be true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of June 2022, at Los Angeles, California.

A. Stuart Rubin, President,
ASR Development Co. Inc.,
Third-Party Claimant

***PROOF OF SERVICE***

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 24910 Las Brisas, Suite 102, Murrieta, California 92562.

On June 22, 2022, I served the foregoing documents described as: **NOTICE OF HEARING ON, AND VERIFIED PETITION FOR ORDER VALIDATING, THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION BY ASR DEVELOPMENT CO.; MEMORANDUM; AND DECLARATION OF EVAN L. SMITH** on interested parties in this action as follows:

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with *GSO Delivery Service* on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

Served by mail:

**Marsha A. Houston**
**Christopher Rivas**
**Reed Smith LLP**
**355 S. Grand Ave., Suite 2900**
**Los Angeles, CA 90071**
**mhouston@reedsmith.com**
**crivas@reedsmith.com**
**Attorneys for Plaintiff U.S. Real Estate Credit Holdings III-A, L.P., an Irish limited partnership**

**A. Stuart Rubin**
**715 N. Alpine Drive**
**Beverly Hills, CA 90210**

☒ **(BY GSL DELIVERY SERVICE—NEXT DAY)** as stated above.
Served by overnight mail: **Los Angeles County Sheriff**
**9355 Burton Way**
**Beverly Hills, CA 90210**

☐ **(BY PERSONAL SERVICE)** I caused the aforementioned DOCUMENT(s) to be personally served at the office or place of business of the addressee.

☐ **(BY FACSIMILE)** I caused said DOCUMENT to be transmitted electronically to the interested parties at the facsimile numbers as stated in their address above:

☒ **(BY E-MAIL)** I caused said DOCUMENT to be transmitted electronically to the interested parties at the e-mail address as stated in their address above:

Served by email: **Marsha A. Houston**
**Christopher Rivas**
**Reed Smith LLP**
**355 S. Grand Ave., Suite 2900**
**Los Angeles, CA 90071**
**mhouston@reedsmith.com**
**crivas@reedsmith.com**
**Attorneys for Plaintiff U.S. Real Estate Credit Holdings III-A, L.P., an Irish limited partnership**
**&**
**Michael L. Wachtell**
**Buchalter APC**
**1000 Wilshire Blvd., Suite 1500**
**Los Angeles, CA 90017 – 1730**
**Attorney for Rubin-Pachulski Partners L.P.**

**Executed on June 22, 2022, at Murrieta California.**

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Yesenia Meza

**EXHIBIT B**

Electronically FILED by Superior Court of California, County of Riverside on 12/05/2023 04:37 PM
Case Number RIC1905743 0000077607721 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jose Valdez, Clerk

Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Plaintiff
U.S. Real Estate Credit Holdings III-A, LP

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE – SOUTHWEST JUSTICE CENTER**

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>GLENROY COACHELLA, LLC, a Delaware limited liability company; et al.<br><br>Defendants. | Case No.: RIC1905743<br>Master File: RIC1905743<br><br><u>Assigned for all Purposes to:</u><br>Hon. Angel M. Bermudez, Dept. S302<br><br>**DECLARATION OF CHRISTOPHER O. RIVAS IN SUPPORT OF PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S OPPOSITION TO ASR DEVELOPMENT CO'S THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT OF POSSESSION** |
| AND ALL CONSOLIDATED CASES. | <u>Hearing</u><br>Date: December 12, 2023<br>Dept.: S302<br>Time: 8:30 a.m.<br><br>Complaint filed: November 19, 2019 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I, Christopher O. Rivas, declare:

1. I am a partner at Reed Smith LLP, which is counsel for U.S. Real Estate Credit Holdings III-A, L.P. ("USRECH") in this bankruptcy case. I am over the age of 18, and I make this declaration based on my personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently thereto. [1]

2. Attached as **Exhibits A-1** and **A-2**, respectively, are true and correct copies of the Writs of Attachment issued by the Riverside Superior Court: one directed to the Sheriff for the County of Los Angeles, and the other directed to the Sheriff for the County of Sacramento.

3. Attached as **Exhibits B-1** and **B-2**, respectively, are true and correct copies of the proofs of service reflecting the service of the Writ of Attachment issued in favor of the Levying Creditor against A. Stuart Rubin ("Rubin") upon Rubin-Pachulski Properties LP ("RPP"), and upon ASR Development Co. ("ASR").

4. Attached as **Exhibit C** is a true and correct copy of the Memorandum of Garnishee that I received in response to the Writ of Attachment levied upon RPP. ASR failed to respond or provide a Memorandum of Garnishee.

5. Attached as **Exhibit D** is a true and correct copy of the Notice of Ruling Denying Third Party Claim Asserted by ASR Development Co.

6. Attached as **Exhibit E** is a true and correct copy of the Opinion issued by the California Court of Appeal in favor of USRECH and against ASR.

7. In response to a subpoena from USRECH to RPP, RPP produced to me certain documents. Attached as **Exhibit F** is a true and correct copy of the Declaration of Custodian of Records I received authenticating the production, which was designated with Bates numbers RPPLP 00001 through RPPLP 001706.

---

[1] As to Exhibits A-1, A-2, D and E of this Declaration, USRECH also requests that the Court take judicial notice of such exhibits. California Evidence Code Section 452(d) provides that courts may take judicial notice of the records of "any court of this state . . . or any court of record of the United States." *See Insyst, Ltd. v. Applied Materials, Inc.*, 170 Cal. App. 4th 1129, 133-34 (2009). Thus, the contents of court proceedings are matters properly submitted for judicial notice. *Day v. Sharp*, 50 Cal. App. 3d 904, 914 (1970) (internal citations omitted) ("The contents in court orders, conclusions of law, and judgments are matters properly submitted for judicial notice.").

8. Attached as **Exhibit F-1** through **Exhibit F-15** are true and correct copy of the certain pages of the above-referenced production authenticated by RPP. The only edits I made to the referenced pages were with respect to certain bank records, as to which I partially redacted account information and redacted account and financial information unrelated to this matter (specifically as to Exhibits D-12, D-13, D-14 and D-15).

9. Attached as **Exhibit G** is a true and correct copy (redacted) of a check I received from ASR on or about January 24, 2022, in the amount of $15,435 in payment of contempt sanctions issued by this Court on or about December 20, 2021.

10. Although this Court continued ASR's first third party claim for a period of time to USRECH to obtain discovery from ASR, ASR has steadfastly ignored duly-served subpoenas issued by USRECH upon it. Throughout 2022, I repeatedly asked ASR's prior counsel (Evan Smith) to provide documents and/or a response to the subpoena, but ASR refused to even respond or object to it. I raised the issued anew with ASR's current counsel (Rudy Perrino) as recently as November 10, 2023, but he also refused to respond to the subpoena (which has, to date, ever even been objected to by ASR) or to produce documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on December 5, 2023.

Christopher O. Rivas

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A-1

**AT-135**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Marsha A. Houston (SBN 129956); Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue
Los Angeles, CA 90071-1514
TELEPHONE NO.: 213.457.8000
E-MAIL ADDRESS *(Optional):* mhouston@reedsmith.com FAX NO. *(Optional):* 213.457.8080
ATTORNEY FOR *(Name):* U.S. Real Estate Credit Holdings III-A, LP

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92071
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership
DEFENDANT: A. Stuart Rubin

CASE NUMBER:
RIC 1905743

**WRIT OF ATTACHMENT**
☒ **AFTER HEARING** ☐ **EX PARTE**

1. TO THE SHERIFF OR ANY MARSHAL OR CONSTABLE OF THE COUNTY OF: Los Angeles

2. TO ANY REGISTERED PROCESS SERVER: You are only authorized to serve this writ in accord with CCP 488.080.

3. This writ is to attach property of defendant *(name and last known address):*
A. Stuart Rubin, residing at 715 N. Alpine Drive, Beverly Hills, CA 90210

and the attachment is to secure: $ 9,735,917.76

4. Name and address of plaintiff: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership, located at 11755 Wilshire Boulevard, Suite 1425, Los Angeles, CA 90025

5. YOU ARE DIRECTED TO ATTACH the following property or so much thereof as is clearly sufficient to satisfy the amount to be secured by the attachment *(describe property and state its location; itemize by letter):*
See Attached Schedule, Incorporated Herein by Reference and Made a Part Hereof

☒ This information is on an attached sheet.

6. ☒ An interest in the real property described in item 5 stands upon the records of the county, in the name of the following person other than the defendant:

a. Name:
A. Stuart Rubin and Annette M. Rubin, Trustees of The Stuart and Annette Rubin Family Trust UAD November 3, 2003; DLJJ & Associates, LLC; 1604 Sunset Plaza LLC

b. Mailing address, if known, as shown by the records of the office of the county tax assessor *(specify):*
715 N. Alpine Drive, Beverly Hills, CA 90210

7. ☐ The real property on which the
☐ crops described in item 5______ are growing
☐ timber described in item 5______ to be cut is standing stands upon the records of the county in the name of
a. Name:
b. Address:

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE EUREKA
GC68150(g)

Date: 04/07/2022 Clerk, by Joanne Bishop, Deputy
J. Bishop

Page 1 of 1

**SCHEDULE**
**(Property of A. Stuart Rubin, who is a Natural Person)**

1. Interests in any and all real property, including but not limited to the following described real properties, except leasehold estates with unexpired terms of less than on year:

   a. 4347 Marina Drive, Santa Barbara, CA 93110.

*[Method of Levy CCP §488.315.]*

2. Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the Defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one thousand dollars ($1,000). *[Method of Levy: CCP §§ 488.470 and 488.435.]*

3. Equipment. *[Method of Levy: CCP § 488.375.]*

4. Inventory. *[Method of Levy: CCP §§488.395 and 488.405.]*

5. Final money judgments arising out of the conduct by the defendant of a trade, business or profession. *[Method of Levy: CCP §488.480.]*

6. All money of the defendant, where the money is:

   a. located on the premises where a trade, business, or profession is conducted; and/or

   b. in excess of $1,000 located elsewhere than on the premises where a trade, business, or profession is conducted by defendant; and/or

      i. located in a deposit account in excess of $1,000; and/or

      ii. in excess of an aggregate amount of $1,000 located in deposit accounts.

*[Method of Levy: CCP §488.455, §488.465.]*

7. Negotiable documents of title. *[Method of Levy: CCP §488.445.]*

8. Instruments. *[Method of Levy: CCP §488.440.]*

9. Securities. *[Method of Levy: CCP §488.450.]*

# EXHIBIT A-2

**AT-135**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Marsha A. Houston (SBN 129956); Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue
Los Angeles, CA 90071-1514
TELEPHONE NO.: 213.457.8000
E-MAIL ADDRESS *(Optional):* mhouston@reedsmith.com FAX NO. *(Optional):* 213.457.8080
ATTORNEY FOR *(Name):* U.S. Real Estate Credit Holdings III-A, LP

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92071
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership
DEFENDANT: A. Stuart Rubin

**WRIT OF ATTACHMENT**
☒ **AFTER HEARING** ☐ **EX PARTE**

CASE NUMBER:
RIC 1905743

1. TO THE SHERIFF OR ANY MARSHAL OR CONSTABLE OF THE COUNTY OF: Sacramento

2. TO ANY REGISTERED PROCESS SERVER: You are only authorized to serve this writ in accord with CCP 488.080.

3. This writ is to attach property of defendant *(name and last known address):*
A. Stuart Rubin, residing at 715 N. Alpine Drive, Beverly Hills, CA 90210

and the attachment is to secure: $ 9,735,917.76

4. Name and address of plaintiff: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership, located at 11755 Wilshire Boulevard, Suite 1425, Los Angeles, CA 90025

5. YOU ARE DIRECTED TO ATTACH the following property or so much thereof as is clearly sufficient to satisfy the amount to be secured by the attachment *(describe property and state its location; itemize by letter):*
See Attached Schedule, Incorporated Herein by Reference and Made a Part Hereof

☒ This information is on an attached sheet.

6. ☒ An interest in the real property described in item 5 stands upon the records of the county, in the name of the following person other than the defendant:
a. Name:
A. Stuart Rubin and Annette M. Rubin, Trustees of The Stuart and Annette Rubin Family Trust UAD November 3, 2003; DLJJ & Associates, LLC; 1604 Sunset Plaza LLC
b. Mailing address, if known, as shown by the records of the office of the county tax assessor *(specify):*
715 N. Alpine Drive, Beverly Hills, CA 90210

*7.* ☐ The real property on which the
☐ crops described in item 5_____ are growing
☐ timber described in item 5_____ to be cut is standing stands upon the records of the county in the name of
a. Name:
b. Address:

[SEAL]

GC68150(g)

Date: 11/18/22 Clerk, by L. Noonan, Deputy

**Page 1 of 1**

**SCHEDULE**
**(Property of A. Stuart Rubin, who is a Natural Person)**

1. Interests in any and all real property, including but not limited to the following described real properties, except leasehold estates with unexpired terms of less than on year:

   a. 4347 Marina Drive, Santa Barbara, CA 93110.

*[Method of Levy CCP §488.315.]*

2. Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the Defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one thousand dollars ($1,000). *[Method of Levy: CCP §§ 488.470 and 488.435.]*

3. Equipment. *[Method of Levy: CCP § 488.375.]*

4. Inventory. *[Method of Levy: CCP §§488.395 and 488.405.]*

5. Final money judgments arising out of the conduct by the defendant of a trade, business or profession. *[Method of Levy: CCP §488.480.]*

6. All money of the defendant, where the money is:

   a. located on the premises where a trade, business, or profession is conducted; and/or

   b. in excess of $1,000 located elsewhere than on the premises where a trade, business, or profession is conducted by defendant; and/or

      i. located in a deposit account in excess of $1,000; and/or

      ii. in excess of an aggregate amount of $1,000 located in deposit accounts.

*[Method of Levy: CCP §488.455, §488.465.]*

7. Negotiable documents of title. *[Method of Levy: CCP §488.445.]*

8. Instruments. *[Method of Levy: CCP §488.440.]*

9. Securities. *[Method of Levy: CCP §488.450.]*

# EXHIBIT B-1

COPY
L.A. COUNTY SHERIFF
CIVIL MGMT BUREAU
BEVERLY HILLS OFFICE
2022 APR 27 AM 10 45

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE NO. | (For Court use only) |
|---|---|---|
| Marsha A. Houston (SBN 129956);<br>Christopher O. Rivas (SBN 238765)<br>REED SMITH LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1514<br>Attorney for: U.S. Real Estate Credit Holdings III-A, LP | 213.457.8000 | |
| NAME OF COURT: Superior Court of California – County of Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92071<br>BRANCH NAME: Riverside Historic Courthouse | | |
| PLAINTIFF:<br>U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership<br>DEFENDANT:<br>A. Stuart Rubin | | COURT CASE NUMBER<br>RIC 1905743 |
| **PROOF OF PERSONAL SERVICE**<br>**Rubin-Pachulski Properties LP**<br>**RE: A. STUART RUBIN** | | LEVYING OFFICER FILE NUMBER |

*I certify that I am an individual not less than eighteen years of age, not a party to the within action, and served the following documents: NOTICE OF ATTACHMENT; WRIT OF ATTACHMENT; RIGHT TO ATTACH ORDER; MEMORANDUM OF GARNISHEE*

**On:** Rubin-Pachulski Properties LP

**At ( Address ) :** c/o Richard Pachulski, 10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA 90067

**By personally delivering a copy of the above documents to**: Richard Pachulski – Agent for Service

**Date**: 4/25/22 **Time**: 11:45 a.m.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed 4/26/22, at Los Angeles, California.

JAVIER SANCHEZ C/O
**FIRST LEGAL NETWORK, LLC**
1517 W. BEVERLY BL.
LOS ANGELES, CA 90026
213-250-1111

Registered Los Angeles County – 2014 115318

**JAVIER SANCHEZ**

COPY

L.A. COUNTY SHERIFF
CIVIL MGMT. BUREAU
BEVERLY HILLS OFFICE

2022 APR 27 AM 10:51

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*)<br>Marsha A. Houston (SBN 129956);<br>Christopher O. Rivas (SBN 238765)<br>REED SMITH LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1514<br>Attorney for: U.S. Real Estate Credit Holdings III-A, LP | TELEPHONE NO.<br>213.457.8000 | **(For Court use only)** |
|---|---|---|
| NAME OF COURT: Superior Court of California – County of Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92071<br>BRANCH NAME: Riverside Historic Courthouse | | |
| PLAINTIFF:<br>U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership<br>DEFENDANT:<br>A. STUART RUBIN | | **COURT CASE NUMBER**<br>**RIC 1905743** |
| **PROOF OF SERVICE BY MAIL**<br>**A. STUART RUBIN**<br>**RE: Rubin-Pachulski Properties LP** | | LEVYING OFFICER FILE NUMBER |

*I certify that I am an individual not less than eighteen years of age, not a party to the within action, and served the following documents: NOTICE OF ATTACHMENT; WRIT OF ATTACHMENT; RIGHT TO ATTACH ORDER; CLAIM OF EXEMPTION; FINANCIAL STATEMENT; CURRENT DOLLAR AMOUNTS OF EXEMPTIONS FROM ENFORCEMENT OF JUDGMENTS; EXEMPTIONS FROM ENFORCEMENT OF JUDGMENT.*

**Party Served:** A. Stuart Rubin
**Address:** residing at 715 N. Alpine Drive, Beverly Hills, CA 90210

**I served the above named party by mailing the copies by First Class mail on 4/25/22, from Los Angeles, California**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed 4/26/22, at Los Angeles, California.

JAVIER SANCHEZ C/O
**FIRST LEGAL NETWORK, LLC**
1517 W. BEVERLY BL.
LOS ANGELES, CA 90026
213-250-1111

Registered Los Angeles County – 2014 115318

**JAVIER SANCHEZ**

COPY
L.A. COUNTY SHERIFF
CIVIL MGMT. BUREAU
BEVERLY HILLS OFFICE
APR 27 2022

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE NO. | (For Court use only) |
|---|---|---|
| Marsha A. Houston (SBN 129956);<br>Christopher O. Rivas (SBN 238765)<br>REED SMITH LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1514<br>Attorney for: U.S. Real Estate Credit Holdings III-A, LP | 213.457.8000 | |
| NAME OF COURT: Superior Court of California – County of Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92071<br>BRANCH NAME: Riverside Historic Courthouse | | |
| PLAINTIFF:<br>U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership<br>DEFENDANT:<br>A. STUART RUBIN | | **COURT CASE NUMBER**<br>**RIC 1905743** |
| **PROOF OF SERVICE BY MAIL**<br>**John A. Messina, Jr./ Evan L. Smith, Esq./ Jeffrey J. Van Wick, Esq. – COUNSEL FOR DEFENDANT A. STUART RUBIN**<br>**RE: Rubin-Pachulski Properties LP** | | LEVYING OFFICER FILE NUMBER |

*I certify that I am an individual not less than eighteen years of age, not a party to the within action, and served the following documents: NOTICE OF ATTACHMENT; WRIT OF ATTACHMENT; RIGHT TO ATTACH ORDER; CLAIM OF EXEMPTION; FINANCIAL STATEMENT; CURRENT DOLLAR AMOUNTS OF EXEMPTIONS FROM ENFORCEMENT OF JUDGMENTS; EXEMPTIONS FROM ENFORCEMENT OF JUDGMENT.*

**Party Served:** John A. Messina, Jr./Evan L. Smith, Esq./ Jeffrey J. Van Wick, Esq.
**Address:** Messina & Hankin LLP, 24910 Las Brisas Road, Ste. 102, Murrieta, CA 92562

**I served the above named party by mailing the copies by First Class mail on 4/25/22, from Los Angeles, California**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed 4/26/22, at Los Angeles, California.

JAVIER SANCHEZ C/O
**FIRST LEGAL NETWORK, LLC**
1517 W. BEVERLY BL.
LOS ANGELES, CA 90026
213-250-1111

Registered Los Angeles County – 2014 115318

[signature]

**JAVIER SANCHEZ**

PROOF OF SERVICE BY MAIL

# EXHIBIT B-2

COPY

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*) Marsha A. Houston (SBN 129956); Christopher O. Rivas (SBN 238765) REED SMITH LLP 355 South Grand Avenue Los Angeles, CA 90071-1514 Attorney for: U.S. Real Estate Credit Holdings III-A, LP | TELEPHONE NO. 213.457.8000 | (For Court use only) RECEIVED 2022 MAY 26 AM 11:38 SACTO, CA SHERIFF'S DEPT. CIVIL |
|---|---|---|
| NAME OF COURT: Superior Court of California – County of Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92071<br>BRANCH NAME: Riverside Historic Courthouse | | |
| PLAINTIFF: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership<br>DEFENDANT: A. Stuart Rubin | | COURT CASE NUMBER |
| **PROOF OF PERSONAL SERVICE**<br>**ASR Development Co**<br>**RE: A. STUART RUBIN** | | RIC 1905743<br>LEVYING OFFICER FILE NUMBER<br>22-11949BG |

*I certify that I am an individual not less than eighteen years of age, not a party to the within action, and served the following documents: NOTICE OF ATTACHMENT; WRIT OF ATTACHMENT; RIGHT TO ATTACH ORDER; MEMORANDUM OF GARNISHEE*

**On:** ASR Development Co

**At ( Address ) :** c/o Incorporating Services, LTD, 7801 Folsom Blvd. #202, Sacramento, CA 95826

**By personally delivering a copy of the above documents to**: Jennifer Lee – Process Clerk

**Date**: 5/24/22 **Time**: 4:00 p.m.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed 5/25/22, at Sacramento, California.

NANCY GRADDY C/O
**FIRST LEGAL NETWORK, LLC**
1814 I Street,
Sacramento, CA 95811
916.444.5111

Registered Placer County – 04-010

N Graddy
**NANCY GRADDY**

PROOF OF PERSONAL SERVICE

COPY

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) TELEPHONE NO. 213.457.8000<br>Marsha A. Houston (SBN 129956);<br>Christopher O. Rivas (SBN 238765)<br>REED SMITH LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1514<br>Attorney for: U.S. Real Estate Credit Holdings III-A, LP | (For Court use only)<br>RECEIVED<br>2022 MAY 26 AM 11:38<br>SACTO, CA<br>SHERIFF'S DEPT. CIVIL |
| NAME OF COURT: Superior Court of California – County of Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92071<br>BRANCH NAME: Riverside Historic Courthouse | |
| PLAINTIFF:<br>U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership<br>DEFENDANT:<br>A. STUART RUBIN | **COURT CASE NUMBER** |
| **PROOF OF SERVICE BY MAIL**<br>**A. STUART RUBIN**<br>**RE: ASR Development Co** | **RIC 1905743**<br>LEVYING OFFICER FILE NUMBER<br>22-11949BG |

*I certify that I am an individual not less than eighteen years of age, not a party to the within action, and served the following documents: (2 SETS) NOTICE OF ATTACHMENT; WRIT OF ATTACHMENT; RIGHT TO ATTACH ORDER; CLAIM OF EXEMPTION; FINANCIAL STATEMENT; CURRENT DOLLAR AMOUNTS OF EXEMPTIONS FROM ENFORCEMENT OF JUDGMENTS; EXEMPTIONS FROM ENFORCEMENT OF JUDGMENT.*

**Party Served:** A. Stuart Rubin
**Address:** residing at 715 N. Alpine Drive, Beverly Hills, CA 90210
**Party Served:** A. Stuart Rubin
**Address:** 1604 Sunset Plaza Dr. Los Angeles, CA 90069

**I served the above named party by mailing the copies by First Class mail on 5/24/22, from Sacramento, California**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed 5/25/22, at Sacramento, California.

NANCY GRADDY C/O
**FIRST LEGAL NETWORK, LLC**
1814 I Street,
Sacramento, CA 95811
916.444.5111

Registered Placer County – 04-010

N. Graddy
**NANCY GRADDY**

COPY

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)* TELEPHONE NO. 213.457.8000<br>Marsha A. Houston (SBN 129956);<br>Christopher O. Rivas (SBN 238765)<br>REED SMITH LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1514<br>Attorney for: U.S. Real Estate Credit Holdings III-A, LP | **(For Court use only)**<br>RECEIVED<br>2022 MAY 26 AM 11:41<br>SACTO. CA<br>SHERIFF'S DEPT. CIVIL |
| NAME OF COURT: Superior Court of California – County of Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92071<br>BRANCH NAME: Riverside Historic Courthouse | |
| PLAINTIFF:<br>U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership<br>DEFENDANT:<br>A. STUART RUBIN | **COURT CASE NUMBER**<br>**RIC 1905743** |
| **PROOF OF SERVICE BY MAIL**<br>**John A. Messina, Jr./ Evan L. Smith, Esq./ Jeffrey J. Van Wick, Esq. – COUNSEL FOR DEFENDANT A. STUART RUBIN**<br>**RE: ASR Development Co** | LEVYING OFFICER FILE NUMBER<br>22-11949BG |

*I certify that I am an individual not less than eighteen years of age, not a party to the within action, and served the following documents: NOTICE OF ATTACHMENT; WRIT OF ATTACHMENT; RIGHT TO ATTACH ORDER; CLAIM OF EXEMPTION; FINANCIAL STATEMENT; CURRENT DOLLAR AMOUNTS OF EXEMPTIONS FROM ENFORCEMENT OF JUDGMENTS; EXEMPTIONS FROM ENFORCEMENT OF JUDGMENT.*

**Party Served:** John A. Messina, Jr./Evan L. Smith, Esq./ Jeffrey J. Van Wick, Esq.
**Address:** Messina & Hankin LLP, 24910 Las Brisas Road, Ste. 102, Murrieta, CA 92562

**I served the above named party by mailing the copies by First Class mail on 5/24/22, from Sacramento, California**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed 5/25/22, at Sacramento, California.

NANCY GRADDY C/O
**FIRST LEGAL NETWORK, LLC**
1814 I Street,
Sacramento, CA 95811
916.444.5111

Registered Placer County – 04-010

**NANCY GRADDY**

PROOF OF SERVICE BY MAIL

# EXHIBIT C

RE: A. Stuart Rubin

AT-167/EJ-152

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Marsha A. Houston (SBN 129956); Christopher O. Rivas (SBN 238765)<br>REED SMITH LLP<br>355 South Grand Avenue, Los Angeles, CA 90071-1514<br>TELEPHONE NO.: 213.457.8000 FAX NO.: 213.457.8080<br>E-MAIL ADDRESS: mhouston@reedsmith.com<br>ATTORNEY FOR (Name): U.S. Real Estate Credit Holdings III-A, LP | LEVYING OFFICER (Name and Address):<br>Los Angeles County Sheriff<br>9355 Burton Way<br>Beverly Hills, CA 90210 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92071<br>BRANCH NAME: Riverside Historic Courthouse | |
| PLAINTIFF/PETITIONER: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership<br>DEFENDANT/RESPONDENT: A. Stuart Rubin | LEVYING OFFICER FILE NO.: |
| MEMORANDUM OF GARNISHEE<br>(Attachment–Enforcement of Judgment) | COURT CASE NO.:<br>RIC 1903743 |

NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.

— RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER —

This memorandum does *not* apply to garnishment of earnings.

1. a. Garnishee *(name)*: Rubin-Pachulski Properties LP
   b. Address: c/o Richard Pachulski, 10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA 90067

2. Judgment Creditor *(name)*: U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership

3. ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligations in favor of the judgment debtor.

4. If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

**Rubin-Pachulski Properties, Inc., the general partner of Rubin-Pachulski Properties, LP, a California limited partnership ("RPP LP"), has discretion to authorize payments to its limited partners of available Distributable Cash from Operations as defined in its Limited Partnership Agreement. The general partner has authorized such a monthly net distribution for May 2022, including to ASR Development Company, Inc. ("ASR") in the amount of $62,437.50 (the "ASR Distribution"). Both Plaintiff and Defendant A. Stuart Rubin have made conflicting claims to the ASR Distribution. As such, RPP LP will hold the ASR Distribution, and any similar distributions for subsequent months, pending a further order from this Court as to whom it should be paid following levy of the Writ of Attachment herein.**

5. **For writ of execution only.** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

AT-167/EJ-152

| SHORT TITLE: | LEVYING OFFICER FILE NO.: | CASE NUMBER: |
|---|---|---|
| U.S. Real Estate Credit Holdings v. A. Stuart Rubin | | RIC 1905743 |

6. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and the terms of the obligation and the reason for not paying it to the levying officer.

7. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8. **For writ of execution only.** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9. Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

DECLARATION OF GARNISHEE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Scott Dew
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE)

**If you need more space to provide the information required by this memorandum, you may attach additional pages.**

☐ Total number of pages attached:

# EXHIBIT D

Electronically FILED by Superior Court of California, County of Riverside on 08/09/2022 05:33 PM
Case Number RIC1905743 0000030007778 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Jose Valdez, Clerk

Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Plaintiff
U.S. Real Estate Credit Holdings III-A, LP

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE – SOUTHWEST JUSTICE CENTER**

U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership,

Plaintiff,

v.

GLENROY COACHELLA, LLC, a Delaware limited liability company; et al.

Defendants.

AND ALL CONSOLIDATED CASES.

Case No.: RIC1905743
Master File: RIC1905743

Assigned for all Purposes to:
Hon. Angel M. Bermudez, Dept. S302

**NOTICE OF RULING DENYING THIRD PARTY CLAIM ASSERTED BY ASR DEVELOPMENT CO., INC.**

Hearing
Date: August 4, 2022
Dept.: S302
Time: 8:30 a.m.

Complaint filed: November 19, 2019

**TO ASR DEVELOPMENT CO. INC., A. STUART RUBIN, RUBIN-PACHULSKI PROPERTIES LP, AND THE LOS ANGELES COUNTY SHERIFF:**

**PLEASE TAKE NOTICE** that on August 4, 2022, the Superior Court of California, County of Riverside, considered the Third Party Claim of Ownership and Superior Right to Possession ("Third Party Claim") filed by ASR Development Co., Inc. ("ASR"), with respect to Writ of Attachment levied upon Rubin-Pachulski Properties LP ("RPP"), including all briefing and evidence submitted by ASR and U.S. Real Estate Credit Holdings III-A, LP ("USRECH") therewith, and the arguments of respective counsel at the hearing.

**PLEASE TAKE FURTHER NOTICE** that the Court denied ASR's Third Party Claim, as set forth more fully in the minute order entered by the Court on August 4, 2022 (the "Order"), a true and correct copy of which is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, RPP shall turn over all funds payable to ASR, including such funds currently being held by RPP and future distributions payable to ASR, with all such funds to be deposited with the Los Angeles County Sheriff, which shall hold the funds in trust pending a judgment in the above-captioned action.

Dated: August 9, 2022

**REED SMITH LLP**

By: ______________________
Marsha A. Houston
Christopher O. Rivas
Attorneys for Plaintiff
U.S. Real Estate Credit Holdings III-A, LP

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
Hearing re: /to Determine the Validity of the Third-Party Claim

08/04/2022
8:30 AM
Department S302

**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Estrella Herman, Pro Tempore, Court Reporter

---

**APPEARANCES:**

U.S. REAL ESTATE CREDIT HOLDINGS III A LP [PLA] represented by Chris Rivas present (Telephonically) .
ASR DEVELOPMENT CO. [TP] represented by Jon Messina and Evan Smith present (Telephonically) .
DOUG WALL CONSTRUCTION INC [DEF] represented by Marc Homme present (Telephonically) .

---

At 08:59 AM, the following proceedings were held:
Court has read and considered documents relating to this matter.
Counsel argue
Matter taken under submission
Off the record – Court subsequently rules on matter taken under submission as follows:
Levying Creditor's RJN as to Exhibits A and E are GRANTED; otherwise DENIED.
The Third Party's Validity Claim is denied.
ASR's supplemental declaration is significant for what it lacks – to wit, any evidence to demonstrate ASR's obligations or to address the court's concern that any money distributed to ASR would be funneled directly to Rubin. Notably, although Rubin indicated in his declaration filed in support of the ex parte application that "a significant creditor of ASR [was] questioning why it hasn't received its scheduled payments," he provides no clarity in his supplemental declaration. The Levying Creditor has raised legitimate concerns that ASR is a merely an alter ego of Rubin and has provided further evidence in its supplemental opposition. It would be improper to release funds to ASR if those funds are then transferred directly to Rubin.

Accordingly, the court denies the validity of the third party claim and orders the funds to be delivered to the Los Angeles County Sheriff to be held in trust pending judgment in this action.

In that this is a evidentiary hearing, the court notes that as the third party claimant, ASR has the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
Hearing re: /to Determine the Validity of the Third-Party Claim

08/04/2022
8:30 AM
Department S302

**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Estrella Herman, Pro Tempore, Court Reporter

burden of proof to establish that it is the owner of the property at issue. (CCP § 720.360.) Once the third party claimant has established that it owns the levied property, the burden shifts to the creditor to demonstrate that its claim is superior. (Oxford Street Properties, LLC v. Rehabilitation Associates, LLC (2012) 206 Cal.App.4th 296, 307; Whitehouse v. Six Corp. (1995) 40 Cal.App.4th 527, 535.)

As reflected in the Claim, ASR – which is wholly-owned by Rubin – indicates that it is a limited partner of RPP and entitled to monthly distributions. (Smith Decl., Exhibit 1.) Notably, the Claim as originally served, did not contain any documents demonstrating ASR's ownership interest. In fact, the only exhibit included with the Claim was the Memorandum of Garnishee, in which RPP indicates that it authorized a distribution to ASR in the amount of $62,437.50 and will therefore hold that amount plus any further monthly distributions pending a further order of the court. (Smith Decl., Exhibit 1.) With its "Notice of Hearing" filed on June 22, 2022 (two days before the original hearing date), ASR's counsel submitted copies of ASR's Articles of Incorporation and Certificate Status. (Smith Decl., Exhibits 2-3). Counsel also submitted a Certificate of Limited Partnership of RPP and an RPP Organization Chart showing the ownership percentages of the partners of RPP. (Smith Decl., Exhibits 4-5.) However, the RPP Organization Chart is not properly authenticated, and in this regard, ASR presents insufficient evidence of its ownership interest sufficient to shift the burden. (See CCP § 720.360; Whitehouse v. Six Corp. (1995) 40 Cal.App.4th 527, 535 [third party must prove its interest in the property by a preponderance of the evidence].) Indeed, the evidence submitted in support of the Claim suggests that any money distributed to ASR will be delivered directly to ASR's owner, Rubin. That is, upon the evidence presented – including the Memorandum of Garnishee and amended Memorandum of Garnishee – there does not appear to be any appreciable difference between Rubin and ASR. On this, ASR has failed to present sufficient evidence.

Notice of ruling to be prepared, served and submitted by prevailing party.
Notice to be given by Clerk to Christopher Orlando Rivas , Evan Llewellyn Smith.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**
***U.S Real Estate Credit Holdings III-A v. Glenroy Coachella***

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On August 9, 2022, I served the following document(s) by the method indicated below:

***NOTICE OF RULING DENYING THIRD PARTY CLAIM ASSERTED BY ASR DEVELOPMENT CO., INC.***

| | |
|---|---|
| ☑ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below |
| ☐ | by transmitting via email to the parties at the email addresses listed below: |

Evan L. Smith, Esq.
Messina & Hankin LLP
24910 Las Brisas Road, Ste. 102
Murrieta, CA 92562
elsmith@messinahankinlaw.com
***Attorney for A. Stuart Rubin and ASR Development Co.***

Michael L. Wachtell, Esq.
Buchalter
1000 Wilshire Boulevard,Suite 1500
Los Angeles, California 90017-1730
mwachtell@buchalter.com
***Attorney Rubin-Pachulski Properties***

Los Angeles County Sheriff
9355 Burton Way
Beverly Hills, CA 90210

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 9, 2022, at Los Angeles, California.

Gilda S. Anderson
Gilda S. Anderson

# EXHIBIT E

Court of Appeal, Fourth Appellate District, Division Three
Brandon L. Henson, Clerk/Executive Officer
Electronically FILED on 9/29/2023 by Alex Reynoso, Deputy Clerk

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P.,

Plaintiff and Respondent,

v.

A. STUART RUBIN,

Defendant and Appellant.

G062721

(Super. Ct. No. RIC1905743)

O P I N I O N

Appeal from an order of the Superior Court of Riverside County, Sunshine S. Sykes, Judge. Affirmed.

Messina & Hankin, Evan L. Smith, John A. Messina and Jeffrey J. Van Wick; Benedon & Serlin, Douglas G. Benedon and Mark Schaeffer; Kutak Rock LLP and Rudy R. Perrino for Defendant and Appellant.

Reed Smith, Marsha A. Houston, Christopher O. Rivas, Kasey J. Curtis and Charles P. Hyun for Plaintiff and Respondent.

## INTRODUCTION

A. Stuart Rubin appeals from a right to attach order granted in favor of U.S. Real Estate Credit Holdings III-A, L.P. Rubin guaranteed a loan to four limited partnerships to build a hotel. When the project failed, U.S. Real Estate sued the guarantors, Rubin among them, to enforce their guaranties. Eventually U.S Real Estate obtained a right to attach order against Rubin, from which he now appeals.

We affirm the order. The trial court correctly ruled that U.S. Real Estate had submitted sufficient evidence to fulfill the requirements of a right to attach order. Rubin submitted no evidence to establish an offset to the amount of the order, and his argument that the court could not grant the order until it adjudicated his cross-complaint against U.S. Real Estate is unavailing.

## FACTS

U.S. Real Estate lent $24 million to a consortium of four limited liability companies to fund the construction of a luxury hotel in Coachella.[1] Rubin and two others personally guaranteed the loan. When the borrowers defaulted, U.S. Real Estate sued Rubin to enforce his guaranty, along with numerous other persons and entities on other causes of action. The proof of personal service of the summons and complaint on Rubin is dated November 26, 2019.[2]

Rubin's main defense was that U.S. Real Estate had concealed certain deficiencies in the hotel construction budget detailed in a report, the Okubo Report, prepared before he signed his guaranty. He claimed he would never have signed had he known about these deficiencies.

---

[1] Rubin is allegedly the managing director of at least one of the limited liability companies that borrowed the money from U.S. Real Estate and has a direct or indirect ownership interest in two of the other companies.

[2] According to the register of actions, a notice and acknowledgement of receipt of U.S. Real Estate's complaint as to Rubin was filed on November 22, 2019.

U.S. Real Estate moved for summary adjudication on this defense in January 2021. At first, the trial court denied the motion, holding that Rubin had raised a triable issue of fact about whether his performance was excused because U.S. Real Estate failed to disclose facts that materially increased a surety's risk, citing *Sumitomo Bank v. Iwasaki* (1968) 70 Cal.2d 81 (*Sumitomo*).

U.S. Real Estate applied for a right to attach order and a writ of attachment against Rubin on October 19, 2021. That matter was heard on January 28, 2022, along with a second motion for summary adjudication on Rubin's nondisclosure defense. The court granted the second summary adjudication motion, on two grounds. First, new evidence revealed that Rubin had received the Okubo Report, which he claimed he had not seen, and that he had responded to this report before signing the guaranty. Second, the guaranty expressly absolved U.S. Real Estate of any obligation to disclose anything to Rubin or to the other guarantors.[3]

The evidence Rubin submitted in opposition to the application for a right to attach order consisted of his declaration and a request for judicial notice. Rubin's declaration set out the monetary value of three pieces of real estate he owned and denied that he engaged in a trade, business, or profession. He claimed an exemption on his primary residence. The request for judicial notice consisted of Rubin's answer, five notices of rescission, the order denying U.S. Real Estate's first motion for summary adjudication, U.S. Real Estate's writ petition for the order denying summary adjudication and the order denying the petition, U.S. Real Estate's petition for Supreme Court review and the order denying the petition, a request for leave to file a cross-complaint with a draft cross-complaint, and various documents from the bankruptcy of the lead borrower.

---

[3] U.S. Real Estate has requested judicial notice of a subsequent order, entered on December 16, 2022, granting U.S. Real Estate's motion for summary adjudication as to another of the loan's guarantors – in which the court again found the *Sumitomo* defense unavailing – and as to the breach of guaranty cause of action as a whole. This ruling is unnecessary to the resolution of this appeal, which concerns only Rubin and the evidence before the court when it granted the right to attach order against him. The request is therefore denied. (See *County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

The court granted U.S. Real Estate's application for a right to attach order against Rubin in the amount of $9.7 million on January 28, 2022. This amount took into account U.S. Real Estate's purchase of the hotel property by means of a credit bid in bankruptcy. A written order was entered on February 24, 2022.

At the same January hearing, Rubin sought leave to file a cross-complaint. The court continued this motion to February 24, 2022, at which time the court granted leave to file the cross-complaint.[4]

The cross-complaint alleges causes of action for, inter alia, rescission of Rubin's guaranty, fraud, and interference with prospective economic advantage. In the cross-complaint, Rubin alleged that the Okubo Report was withheld from him and that he was therefore unaware of the budget deficiencies related in the report. He reiterated that he would not have signed the guaranty had he known about the budget deficiencies. The cross-complaint also alleged other breaches of the loan agreement that prompted Rubin's rescission allegations.

**DISCUSSION**

A right to attach order requires evidence of a claim for an amount of money greater than $500 based on a contract, express or implied, unsecured by an interest in real property, and, if the defendant is a natural person, based on his or her trade, business, or profession. (Code Civ. Proc., § 483.010, subds. (a-c).)[5] An order granting a right to attach order is an appealable order. (§ 904.1, subd. (a)(5).)

The trial court issues a right to attach order after hearing if it finds that (1) the claim is one upon which an attachment may be issued, (2) the claim has "probable validity,"[6] (3) the attachment is not sought for an improper purpose, and (4) the amount is

[4] Rubin's personal notice of rescission is dated May 17, 2021. He filed a notice of motion for leave to file a cross-complaint containing a cause of action for rescission on November 5, 2021.

[5] All further statutory references are to the Code of Civil Procedure.

[6] "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." (§ 481.190.)

greater than zero. (§ 484.090, subd. (a).) We review the trial court's finding of probable validity for substantial evidence. (*Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal.App.5th 881, 885 (*Santa Clara*).)

Rubin has advanced four reasons why the trial court should not have issued a right to attach order. First, U.S. Real Estate failed to comply with the strict procedure necessary to secure such an order. Second, the court should have denied the application because the underlying contract (the guaranty) has been rescinded. Third, the court had to adjudicate the rescission claim in his draft cross-complaint before an attachment order could issue, and, finally, U.S. Real Estate did not establish the probable validity of its claim.

**I. Procedural Compliance**

Rubin argues U.S. Real Estate failed to comply with the notice requirements for an application for a right to attach order, namely serving a copy of the summons and complaint along with the notice of application and hearing and a copy of the application and supporting affidavits. Section 484.040 requires all three types of documents to be served on the defendant "[a]t the times prescribed by subdivision (b) of Section 1005[.]" Section 1005, subdivision (b), in turn, requires "all moving and supporting papers [to be] served and filed at least 16 court days before the hearing." Rubin argues that the statute requires the summons and complaint to be served *at the same time* as the notice of application and a copy of the application with its affidavits.

The statutory language does not support this argument. Section 1005 sets the minimum number of days' notice that moving and supporting papers must afford to the opposing party: *at least* 16 court days. The section says nothing about a maximum amount of time. Section 484.040, in turn, requires that the papers be served "[a]t the *times* prescribed" by section 1005, subdivision (b). (Italics added.) It makes no further demands regarding compliance with section 1005.

It is undisputed that U.S. Real Estate served Rubin with the summons and complaint at the commencement of the action, in November 2019.[7] Rubin argues in effect that he should have received *another* copy along with the attachment papers. As the court asked Rubin's counsel at the hearing, "[A]re you saying you've never seen the summons and complaint and the statute then would require it to be sent twice? You're saying you want a continuance . . . [¶] . . . because you didn't get a copy of it twice."

Right to attach orders and writs of attachment are typically sought early in a lawsuit, so it makes sense to ensure that the defendant has been served with a copy of the summons and complaint as well as with the attachment papers themselves. But nothing in the statute mandates that they all be served together; the statute requires only that they all be served at least 16 court days before the hearing. U.S. Real Estate served Rubin with a summons and complaint and filed the proof of service more than two years before the hearing, and he had, since that time, been vigorously litigating the matter. He cannot reasonably complain that he was unaware of the nature and allegations of U.S. Real Estate's suit against him.

## II. Rescission

Rubin makes two arguments regarding rescission. First, the court had to wait until he filed his cross-complaint for rescission and had received a judicial determination on it before it could rule on U.S. Real Estate's application for a right to attach order. Second, he rescinded the guaranty, so there is no contract claim upon which to base a right to attach order.[8]

---

[7] According to the register of actions, Rubin began filing papers in the lawsuit on the same day that he was served. He answered on January 6, 2020.

[8] Rubin is incorrect that a cause of action for rescission negates an application for a right to attach order. "[U]pon rescission the law implies an obligation to return the money paid, and an action on the implied contract supports a writ of attachment." (*Landry v. Marshall* (1966) 243 Cal.App.2d 170, 177-178, (*Landry*).) The opposing party would then have a right of offset of any amount based on a claim as to which it showed "probable validity." (§ 483.015.)

Section 483.015, subdivision (b)(2), reduces the amount allowable in a right to attach order by "[t]he amount of any indebtedness of the plaintiff that the defendant has claimed in a cross-complaint filed in the action if the defendant's claim is one upon which an attachment may be issued." Section 483.015, subdivision (b)(3), reduces the amount of the order by the amount asserted as a defense in the answer, subject to certain conditions.

Rubin's answer alleged a defense of offset, but did not allege any amount. As to a claim in a cross-complaint – leaving aside the fact that none was on file when the court issued the right to attach order – "'[Section] 483.015 does not explicitly require more than a filed cross-complaint or contract defense in an answer that would itself support an attachment. However, to sustain reduction in a writ amount, most courts require that defendant [or cross-defendant] provide enough evidence about its counterclaims [or claims] and/or defenses to prove a prima facie case.' [Citation.] 'Courts are generally suspicious of vague, unsupported counterclaims and defenses.' [Citations.]" (*Lydig Construction, Inc. v. Martinez Steel Corp.* (2015) 234 Cal.App.4th 937, 944-945 (*Lydig*).)

Rubin's opposition to U.S. Real Estate's application for a right to attach order presented no evidence whatsoever about any amounts for his counterclaims or defenses. His own declaration stated only the value of three pieces of real estate. The request for judicial notice provided no evidence of the specific amounts of his counterclaims. He therefore presented no evidence to support a prima facie case regarding this issue.[5]

To obtain the offset allowed by section 483.015, Rubin had to establish the probable validity of his own claims. He submitted no evidence to this effect. "If, by

[5] If Rubin were correct that his rescission of the guaranty means that there is no contract upon which to base a right to attach order, then there is no contract upon which to base a reduction of the amount under section 483.015, subdivision (b)(2), which requires a claim in a cross-complaint "upon which an attachment could be issued."

virtue of making claims that *are not* probably valid, a defendant could obtain an offset against a plaintiff's claim that is probably valid, a defendant could always and easily defeat a plaintiff's right to a prejudgment attachment." (*Lydig, supra,* 234 Cal.App.4th at p. 945.) This is not, we believe, the Legislature's intention.

Rubin's argument that his cross-complaint must first be adjudicated is likewise without merit. "The purpose of a writ of attachment is to ensure payment will be recovered if judgment is entered. [Plaintiff] is only required to establish the 'probable validity' of its claims. Whether [plaintiff's] claims are 'actually valid' is determined in a subsequent proceeding and not affected by the court's order on the applications for prejudgment attachment. [Citation.] An attachment remedy would be useless if it required the court to first decide the merits and issue a judgment." (*Santa Clara, supra,* 18 Cal.App.5th at p. 889.)

**III. Probable Validity**

As stated above, we review the trial court's finding of probable validity for substantial evidence. (*Santa Clara, supra,* 18 Cal.App.5th at p. 885.)

Rubin advances three arguments as to why U.S. Real Estate's application for a right to attach order lacked probable validity. Rubin had rescinded the guaranty, his cross-complaint for rescission had to be adjudicated first, and finally, the court had ruled, in response to U.S. Real Estate's first motion for summary adjudication, that Rubin had presented evidence to establish a triable issue of fact as to his *Sumitomo* defense of failure to disclose.

We have dealt with the first two arguments above. As to this last argument, the court ruled, in response to U.S. Real Estate's second motion for summary adjudication, that Rubin had *not* established a triable issue of fact as to this defense. While the trial court expressed itself as "reluctant to find that Rubin intentionally perjured himself in the prior motion[,]" it nevertheless ruled that (1) Rubin had seen the relevant report, so there was no failure to disclose, and (2) in the guaranty, Rubin had

waived any obligation on U.S. Real Estate's part to disclose anything. As of the date of the right to attach order, the failure-to-disclose defense had evaporated.

Rubin's argument fails for another reason. A review for substantial evidence means that we "infer the trial court made all factual findings necessary to support the judgment. [Citation.] The doctrine is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) "Since all intendments are in favor of the lower court's ruling, the affidavits on behalf of the respondent are here deemed to establish not only the facts directly stated therein, but all facts reasonably to be inferred from those stated." (*Landry, supra,* 243 Cal.App.2d at p. 175.)

In this case, the court accepted U.S. Real Estate's evidence regarding the nature of its claim against Rubin, its probable validity, its purpose, and its amount. In doing so, the trial court must have found the evidence put forward in Rubin's opposition, such as it was, unpersuasive. "Where, as here, the record is otherwise silent with respect to what the trial court considered, we must presume it considered all the pertinent matters presented to it and ruled in favor of the prevailing party." (*Lydig, supra,* 234 Cal.App.4th at p. 945.) Under the substantial evidence standard of review, we do not reweigh evidence. (See *Pacific Palisades Residents Assn., Inc. v. City of Los Angeles* (2023) 88 Cal.App.5th 1338, 1368.)

**DISPOSITION**

The right to attach order is affirmed. Respondent U.S. Real Estate Credit Holdings III-A, L.P., is to recover its costs on appeal. Respondent's request for judicial notice is denied.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOTOIKE, J.

DELANEY, J.

# EXHIBIT F

**DECLARATION OF CUSTODIAN OF RECORDS**

I, Scott C. Dew, declare:

1. I am a duly authorized custodian of the records of Rubin-Pachulski Properties LP ("RPPLP") with the authority to certify such records.

2. RPPLP was served with a Deposition Subpoena for Production of Business Records issued by counsel for plaintiff in connection with the case of *U.S. Real Estate Credit Holdings III-A, L.P. v. Glenroy Coachella, LLC, et al*., pending in the Riverside Superior Court, and designated as Case No. RIC1905743.

3. RPPLP produced all responsive documents, which were designated with Bates numbers "RPPLP00001" through "RPPLP001706." These documents were prepared or compiled by the authorized personnel of RPPLP in the ordinary course of business, at or near the times of the acts, conditions, or events recorded therein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 26, 2022, in Los Angeles, California.

SCOTT C. DEW

# EXHIBIT F-1

DocuSign Envelope ID: BF77F66B-0D7B-44E9-ADB4-A4A8FD892F6F

# IRREVOCABLE ASSIGNMENT OF PROCEEDS

**THIS IRREVOCABLE ASSIGNMENT OF PROCEEDS** (the "Assignment"), made and entered into this 29th day of September 2021, is by and between **A. STUART RUBIN**, an individual and on behalf of ASR Development Co., a California corporation ("ASR") of which he is the sole officer and director (individually and collectively "Assignor") and **BANK HAPOALIM B.M.**, an Israeli bank qualified to do business in the United States ("Assignee").

Assignor represents that there will be monthly distributions due to him from Rubin-Pachulski Properties, L.P., a California limited partnership ("RPP") after the refinancing of the property located at 1801 S. La Cienega Blvd. in Los Angeles ("La Cienega Property").

For valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor hereby irrevocably assigns to Assignee, any distribution payments from RPP payable to Assignor of up to $44,000 per month, or any portion thereof that is distributable to Assignor until Assignee receives a total of $220,000 commencing with the first payment to be made with the distribution anticipated to be made during the month of November 2021. This Assignment shall apply to any distribution that Assignor is entitled to receive from RPP, but not to funds that RPP decides not to distribute to the other partners of RPP, are otherwise undistributed by RPP, or subject to court order or other legal restraint.

All payments remitted to Assignee should be paid by wire to Assignee at the following address:

**Bank Hapoalim B.M.**
**ABA Number: 026 008 866**
**Account No. 001 175600000**
**Attn: Loan Operations**
**Ref: Stuart Rubin, Gary Stiffelman, Elliot Lander**

Assignor warrants and represents that it has done, and will do nothing to hinder payment of any monies due to it from any source whatsoever and further agrees that he will not pledge or assign any rights to the distributions assigned hereunder to Assignee until the full amount of $220,000 has been remitted to Assignee. This Assignment is complete and irrevocable, and Assignor will not seek to withdraw or otherwise challenge its validity.

DocuSign Envelope ID: BF77F66B-0D7B-44E9-ADB4-A4A8FD892F6F

**IN WITNESS WHEREOF**, this Assignment is effective as of the date and year set forth above.

**"ASSIGNOR"**

**A. STUART RUBIN**, an individual

A. Stuart Rubin

**ASR DEVELOPMENT CO.**
A California corporation

By: ______________________
A. Stuart Rubin
Chief Executive Officer
And Sole Director

**ACCEPTED.**

**RUBIN-PACHULSKI PROPERTIES, L.P.,**

By: Rubin-Pachulski Properties, Inc.,
a California corporation
Its General Partner

Signature: DocuSigned by: Richard Pachulski 3E19BAA7767143D...

Name: Richard Pachulski
Its: President

BN 47180296v5

# EXHIBIT F-2

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "**Settlement Agreement**") is made and entered into this 27 day of September, 2021, by and among the following (hereinafter sometimes referred to each as a "**Party**" and collectively as the "**Parties**"): A. Stuart Rubin (a.k.a. Abraham Stuart Rubin and Stuart Rubin) ("**Stuart**"), Annette Rubin ("**Annette**") and ASR Development Co., a California corporation ("**ASR**," and together with Stuart and Annette, individually and collectively "**Rubin**") and Bank Leumi USA ("**Bank Leumi**"), with respect to the following:

RECITALS:

WHEREAS, Stuart and Annette on the one hand and Bank Leumi on the other hand entered into that certain Settlement and Consolidated Loan Agreement dated February 28, 2020 (the "**Consolidated Loan Agreement**") (and further memorialized by the Confession of Judgment of A. Stuart Rubin in Favor of Bank Leumi USA dated February 28, 2020 and Confession of Judgment of Annette Rubin in Favor of Bank of Leumi USA dated February 28, 2020 (together, the "**Confession of Judgment**")), whereby Stuart and Annette executed a Promissory Note in favor of Bank Leumi in the principal sum of $1,895,236 (the "**Consolidated Note**"); and

WHEREAS, Stuart and Annette are currently in default under the Consolidated Loan Agreement and Consolidated Note; and

WHEREAS, Stuart is a member of Rains, LLC, a California limited liability company ("**Rains, LLC**"); and

WHEREAS, ASR is a limited partner in Rubin-Pachulski Properties L.P., a California limited partnership ("**RPP LP**"), which is a limited partner in LaCienega-Sawyer Ltd., a California limited partnership ("**LaCienega-Sawyer Ltd.**"); and

WHEREAS, Rains, LLC (as fee owner) and LaCienega-Sawyer Ltd. (as ground lessee) own that certain real property located at 1801-1845 La Cienega Boulevard, Los Angeles, California (the "**Property**"); and

WHEREAS, Rains, LLC and LaCienega-Sawyer Ltd. intend on refinancing the existing loan encumbering the Property with a new loan (the "**New Loan**") from Citi Real Estate Funding Inc. ("**Citi**"), which New Loan is expected to close on or about September 30, 2021 (the "**Outside Loan Closing Date**"); and

WHEREAS, as security for their obligations under the Consolidated Loan Agreement and Consolidated Note, Stuart (agreed and acknowledged by Annette) issued to Bank Leumi a security interest (the "**Security Interest**") in all of debtor's right, title and interest in all distributions, payments and rights to payment from, among other entities, Rains, LLC and RPP LP; and

WHEREAS, Rains, LLC and RPP LP assert (which assertion Rubin acknowledges, but such acknowledgment is not binding on Bank Leumi) that the foregoing Security Interest was in violation of the existing organizational documents of Rains, LLC and RPP LP; and

WHEREAS, in full settlement of all amounts owed to Bank Leumi under the Consolidated Loan Agreement, Consolidated Note and the Confession of Judgment, Rubin will pay to Bank Leumi the sum of One Million Two Hundred Seventy-Five Thousand Dollars ($1,275,000) (the "**Settlement Amount**") from the net proceeds to be distributed to Rubin from the closing of the New Loan (Bank Leumi will provide the information required to process an Automated Clearing House Network transfer of the Settlement Amount, including bank name, bank routing number and bank account number); and

WHEREAS, Rubin has agreed to irrevocably direct Rains, LLC and RPP LP to pay the Settlement Amount to Bank Leumi from the net proceeds to be distributed to Rubin upon the closing of the New Loan, which is to take place on or before the Outside Loan Closing Date; and

WHEREAS, in order to avoid litigation and its attendant costs, the Parties hereto have determined that it is in their respective best interests to settle and terminate their dispute; but, only upon the terms and conditions of this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual covenants herein contained, the

Parties agree, for themselves and their respective successors in interests, if any, as follows:

I.
SETTLEMENT

1. Upon the Closing of the New Loan, Rubin hereby irrevocably directs Rains, LLC and RPP LP to pay to Bank Leumi the Settlement Amount from the net proceeds, if any, due to Rubin under the organizational documents of Rains LLC and RPP LP, from the New Loan; provided, however, if the Settlement Amount has not been paid to Bank Leumi by the Outside Loan Closing Date, this Settlement Agreement may be terminated by Bank Leumi upon written notice at any time prior to the payment of the Settlement Amount. The Parties understand that RPP LP, Rains, LLC and LaCienega-Sawyer, Ltd. make no representation or warranty and take no responsibility that there will be sufficient monies from Rubin's portion of the New Loan or from his RPP LP, Rains, LLC and/or LaCienega-Sawyer Ltd. distributions to satisfy the Rubin obligations documented under this Settlement Agreement. In that regard, Rubin further acknowledges that there are several UCC filings and judgments against some or all of the persons/entities comprising Rubin, and if those liens and judgments are not satisfied as of the closing of the New Loan, RPP LP, Rains LLC and/or LaCienega Sawyer, Ltd. have expressed their intention to interplead or otherwise escrow any monies that Rubin may be entitled to from any of RPP LP, Rains, LLC and/or LaCienega Sawyer, Ltd., and whether from the New Loan or otherwise.

2. Notwithstanding anything to the contrary contained herein, the releases contained in Articles II and III below shall not be effective until the date the Settlement Amount has been received by Bank Leumi in immediately available funds (the "**Effective Date**"). Unless and until the Settlement Amount shall have been timely paid in full, the releases contained herein shall have no force or effect and the Parties shall retain all rights and claims against each other which may now exist or which may hereafter arise including with respect to the Consolidated Loan Agreement, the Consolidated Note and/or the Confession of Judgment. In order to preserve such rights and claims, the Parties hereby acknowledge and agree that the statute of limitations on any action between the Parties shall be tolled from the date of this Settlement Agreement until the Effective Date or such further date as the Parties may mutually agree in writing.

3. In furtherance of the extinguishment of the Released Matters set forth below (and subject to and conditioned upon the timely payment of the Settlement Amount), Bank Leumi shall file notices of full satisfaction of the Confessions of Judgment with any court where they have been filed, and also hereby authorizes Rains, LLC and/or RPP LP to file/record a UCC-3 termination with respect to any UCC financing statement filed or recorded by Bank Leumi regarding the Released Matters. Bank Leumi and Rubin acknowledge and agree that Rains, LLP and RPP LP are third party beneficiaries of this Settlement Agreement for purposes of the foregoing.

II.
RELEASE OF RUBIN

1. In consideration of and subject to the satisfaction of the provisions set forth in Article I above, Bank Leumi hereby agrees to release and discharge Rubin and his officers, directors, managers, partners, agents, employees, attorneys, representatives, successors, assigns and affiliates, from any and all sums of money, account, claims, demands, contracts, actions, debts, controversies, agreements, damages causes of action of whatever kind or nature, whether known or unknown, or suspected by Bank Leumi or which Bank Leumi now owns, holds, has or claims to have, or at any time heretofore owned, held, had or claimed to have against Rubin:

(a) arising out of or which may hereafter be claimed to arise out of the Consolidated Loan Agreement, Consolidated Note and/or the Confession of Judgment (collectively, the "**Released Matters**");

(b) arising out of or in any way connected with any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of Rubin committed or omitted prior to the date hereof with respect to the Released Matters.

2. It is understood by Bank Leumi that there is a risk that subsequent to the execution of this Settlement Agreement, Bank Leumi will incur or suffer loss, damage or injuries which are in some way caused by the Released Matters, but which are unknown and unanticipated at the time this Settlement Agreement is signed. Further, there is a risk that such loss or damage presently known may be or become greater than Bank Leumi now expects or

anticipates. Bank Leumi assumes said risk, acknowledges that the releases contained herein shall apply to all unknown or unanticipated results arising from or relating to the Released Matters as well as those known and anticipated and upon the advice of legal counsel, Bank Leumi waives against Rubin all rights under California Civil Code Section 1542 which section reads as follows:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

3. The advice of legal counsel has been obtained by Bank Leumi prior to signing this Settlement Agreement. Bank Leumi executes this Settlement Agreement voluntarily, with full knowledge of its significance, and with the express intention of affecting the legal consequences provided by Section 1542 of the California Civil Code, *i.e.*, the extinguishment of all obligations relating to the Released Matters.

4. The execution of this Settlement Agreement and the payment reflected herein affect the settlement of all claims held by Bank Leumi with regard solely to the Released Matters. Nothing contained herein shall be construed as an admission by Rubin of any liability of any kind to Bank Leumi.

## III.
## RELEASE OF BANK LEUMI

1. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged (including, without limitation, Bank Leumi's conditional agreement to reduce the balance under the Consolidated Note), Rubin hereby agrees to release and discharge Bank Leumi and its officers, directors, managers, partners, agents, employees, attorneys, representatives, successors, assigns and affiliates, from any and all sums of money, account, claims, demands, contracts, actions, debts, controversies, agreements, damages causes of action of whatever kind or nature, whether known or unknown, or suspected by Rubin or which Rubin now owns, holds, has or claims to have, or at any time heretofore owned, held, had or claimed to have against Bank Leumi:

   (a) arising out of or which may hereafter be claimed to arise out of the Released Matters;

   (b) arising out of or in any way connected with any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of Bank Leumi committed or omitted prior to the date hereof whether or not relating to the Released Matters.

2. It is understood by Rubin that there is a risk that subsequent to the execution of this Settlement Agreement, Rubin will incur or suffer such loss, damage or injuries which are in some way caused by matters set forth in this Article III, but which are unknown and unanticipated at the time this Settlement Agreement is signed. Further, there is a risk that loss or damage presently known may be or become greater than Rubin now expects or anticipates. Rubin assumes said risk, acknowledges that the releases contained herein shall apply to all unknown or unanticipated results arising from or relating to the matters set forth in this Article III as well as those known and anticipated and upon the advice of legal counsel, Rubin waives against Bank Leumi all rights under California Civil Code Section 1542 which section reads as follows:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

3. The advice of legal counsel has been obtained by Rubin prior to signing this Settlement Agreement. Rubin executes this Settlement Agreement voluntarily, with full knowledge of its significance, and with the express intention of affecting the legal consequences provided by Section 1542 of the California Civil Code, *i.e.*, the extinguishment of all obligations relating to the matters set forth in this Article III.

4. The execution of this Settlement Agreement and the payment reflected herein affect the settlement of all claims held by Rubin with regard solely to the matters set forth in this Article III. Nothing contained herein shall be construed as an admission by Bank Leumi of any liability of any kind to Rubin.

DoçuSjgn Enyelope ID: 3680B28D-D2DF-4292-9E0B-B34D8FE397A3

IV.
## REPRESENTATIONS AND WARRANTIES

The Parties to this Settlement Agreement represent and warrant to, and agree with each other as follows:

1. Each Party represents and warrants to the other Parties that it is the sole and lawful owner of all right, title and interest in and to every claim and other matter which the Party purports to release and that such Party has not heretofore assigned or transferred, or purported to assign or transfer to any other person or entity any claims or other matters herein released or assigned. Each Party shall indemnify the other Parties, defend and hold them harmless from and against any claims based upon or arising in connection with any such prior assignment or transfer, or any such purported assignment or transfer, of any claims or other matters released or assigned herein.

2. No tax advice has been offered or given by either Party in the course of these negotiations, and each Party is relying upon the advice of his, her or its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Settlement Agreement.

3. This Settlement Agreement supersedes and replaces any and all prior agreements of any kind between the Parties hereto or any of them with respect to the Released Matters and subject matter of this Settlement Agreement. Except as expressly set forth in this Settlement Agreement, there have been no other representations, agreements or understandings between the Parties hereto, or any of them, relating to this Settlement Agreement.

V.
## GENERAL PROVISIONS

1. The Parties hereto have received independent legal advice from attorneys of their choice, and have had the opportunity to consult with counsel of their choice, with respect to the advisability of entering into this Settlement Agreement, and prior to the execution thereof by each Party, that Party has had its attorneys review this Settlement Agreement in full, and make all desired changes. Furthermore, Rubin acknowledges that (i) Raines Feldman LLP (counsel only for Rains, LLC and RPP LP) does not represent Rubin and that Rubin has retained separate counsel to represent Rubin (including without limitation, Annette Rubin, A. Stuart Rubin, ASR and their respective affiliates); (ii) Richard Pachulski has only acted as an authorized agent of Rains, LLC, RPP LP and LaCienega-Sawyer Ltd.; and (iii) neither Richard Pachulski nor his firm (Pachulski Stang Ziehl & Jones LLP) represents Rubin or has provided any legal or other advice to Rubin in connection herewith.

2. The terms of this Settlement Agreement are contractual; not mere recitals, and are the result of negotiation between the Parties. All of the Parties agree that the normal rules of construction (to the effect that ambiguities in this Settlement Agreement would otherwise be resolved against the drafting Party) shall not be employed in the interpretation of these documents.

3. The Parties to this Settlement Agreement have read and understood it, and mutually warrant and represent that it is executed voluntarily and without duress or undue influence on the part of or on behalf of any Party.

4. This Settlement Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter thereof; and no other contracts, oral or written, shall be deemed to exist or to bind the Parties hereto.

5. No provision in this Settlement Agreement may be waived unless in writing and signed by the Parties affected by the waiver. Waiver of any one provision shall not be deemed to be waiver of any other provision.

6. This Settlement Agreement may be executed electronically or by facsimile in one or more counterparts. Titles or captions contained in this Settlement Agreement have been inserted only as a matter of convenience and for reference and, in no way define, limit, extend or describe the scope of these documents or any provision thereof.

7. This Settlement Agreement shall inure to the benefit of and shall be binding upon the predecessors, successors and assigns of the Parties hereto, and each of them. This Settlement Agreement is not intended to constitute a third party beneficiary contract except

as otherwise set forth herein.

8. In the event that any action, suit, or other proceeding is instituted to interpret, remedy, prevent or obtain relief from a breach of this Settlement Agreement, the prevailing Party shall recover all of its or their reasonable attorneys' fees incurred in each and every such action, suit, or other proceeding, including any and all appeals or petitions therefrom. Notwithstanding anything to the contrary herein, the Parties hereto agree to bear their own costs and attorneys' fees incurred in negotiating and drafting this Settlement Agreement, or otherwise incurred prior to the date of execution hereof.

9. This Settlement Agreement shall be construed in accordance with and governed by the internal laws and not the laws of conflicts of the State of California.

10. The warranties and representations of this Settlement Agreement are deemed to survive the execution of this document.

11. In the event that any of the terms or provisions of this Settlement Agreement are found to be legally unenforceable, then, the remaining terms and provisions shall nevertheless be fully enforceable without regard to any such provision or terms that are found to be legally unenforceable; provided that the void, voidable or unenforceable provision is not material to the settlement and release of the claims herein.

12. The contents of this Settlement Agreement and of all negotiations pertaining to any claim giving rise to this Settlement Agreement are intended to be confidential, and the Parties hereto agree not to disclose or permit disclosure of any information concerning this Settlement Agreement and its implementation to anyone; except that this Settlement Agreement may be disclosed by the Parties to their respective attorneys, accountants and, as required, to governmental authorities, or pursuant to judicial or administrative order or subpoena, or to enforce the rights contained in this Settlement Agreement in an appropriate legal proceeding.

13. In the event that notice to one of the Parties must be provided under the terms of this Settlement Agreement, the Settlement Agreement is satisfied and notice is deemed provided by sending the required notice and/or documents and materials via certified U.S. Mail, with postage prepaid, to the respective addresses:

For Rubin: c/o Stuart Rubin

715 North Alpine Drive

Beverly Hills, CA 90210

srubin@rprp.com

For Bank Leumi: Bank Leumi

350 Madison Avenue

5th Floor

New York, NY 10017

Attention: Andrew Sherman, Esq.,

Executive Vice President, General Counsel

andrew.sherman@leumiusa.com

with a second copy delivered via the same means to:

John R. Loftus, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067
jloftus@stroock.com

14. Each of the Parties hereto shall, at any time hereafter, make, execute, and deliver any and all papers or documents, as any party may reasonably require, for the purpose of giving full effect to this Agreement and each of its provisions.

IN WITNESS WHEREOF, the Parties hereto have approved and executed this Settlement

DocuSign Envelope ID: 3680B28D-D2DF-4292-9E0B-B34D8FE397A3

Agreement as of the date first set forth above.

"Bank Leumi"

Bank Leumi USA

By: DocuSigned by: Andrew Sherman

Its: General Counsel

By: DocuSigned by: Dafna Dothan

Its: EVP, Chief Risk Officer

[Signatures Continued on Following Page]

"Rubin"

ASR Development Co.,
a California corporation

By: ____________________

Its: president

____________________
A. Stuart Rubin (a.k.a. Stuart Rubin and Abraham Stuart Rubin)

____________________
Annette Rubin

The undersigned, counsel for Rubin, hereby acknowledges that he has reviewed this Settlement Agreement on behalf of Rubin, has advised Rubin of the content and consequences of entering into this Settlement Agreement and approves the same.

Messina & Hankin LLP

By: ____________________
Evan L. Smith, Esq.

2911139.8

# EXHIBIT F-3

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "**Settlement Agreement**") is made and entered into this _____ day of August, 2021, by and among the following (hereinafter sometimes referred to each as a "**Party**" and collectively as the "**Parties**"): A. Stuart Rubin (a.k.a. Abraham Stuart Rubin and Stuart Rubin) ("**Rubin**"), Gary Stiffelman ("**Stiffelman**") and Elliot Lander ("**Lander,**" and together with Rubin and Stiffelman, collectively, "**Borrower**") and East West Bank ("**Bank**"), with respect to the following:

RECITALS:

WHEREAS, Borrower and Bank entered into that certain Business Loan Agreement dated January 26, 2018 (the "**Loan Agreement**"), whereby Borrower executed a Promissory Note in favor of Bank in the principal sum of $3,000,000 (the "**Note**"); and

WHEREAS, Borrower is currently in default under the Loan Agreement and Note; and

WHEREAS, Stuart is a member of Rains, LLC, a California limited liability company ("**Rains, LLC**"); and

WHEREAS, ASR (which is wholly owned by Rubin) is a limited partner in Rubin-Pachulski Properties L.P., a California limited partnership ("**RPP LP**"), which is a limited partner in LaCienega-Sawyer Ltd., a California limited partnership ("**LaCienega-Sawyer Ltd.**"); and

WHEREAS, Rains, LLC (as fee owner) and LaCienega-Sawyer Ltd. (as ground lessee) own that certain real property located at 1801-1845 La Cienega Boulevard, Los Angeles, California (the "**Property**"); and

WHEREAS, Rains LLC and LaCienega-Sawyer Ltd. intend on refinancing the existing loan encumbering the Property with a new loan (the "**New Loan**") from Citi Real Estate Funding Inc. ("**Citi**"), which New Loan is expected to close on or about September 30, 2021 (the "**Outside Loan Closing Date**"); and

WHEREAS, Rains, LLC and RPP LP assert (which assertion Rubin acknowledges, but such acknowledgment is not binding on Bank) that the foregoing security interest was in violation of the existing organizational documents (the "**Organizational Documents**") of Rains, LLC and RPP LP; and

WHEREAS, Rubin, as security for Rubin's obligations under the Note, issued to Bank a security interest in all of Rubin's right, title and interest in all distributions, payments and rights to payment from, among other entities, Rains, LLC and RPP LP; and

WHEREAS, in order to avoid litigation and its attendant costs, the Parties hereto have determined that it is in their respective best interests to settle and terminate their dispute; but, only upon the terms and conditions of this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual covenants herein contained, the Parties agree, for themselves and their respective successors in interests, if any, as follows:

I.
SETTLEMENT

1. In full settlement of all amounts owed by Borrower to Bank under the Loan Agreement and Note, Rubin will pay to Bank the sum of One Million Dollars ($1,000,000) (the "**Settlement Amount**").

2. Upon the Closing of the New Loan, Rubin hereby irrevocably directs Rains, LLC, RPP LP and LaCienega-Sawyer Ltd. to pay to Bank the Settlement Amount from the net proceeds from the New Loan, if any, due to Rubin under the Organizational Documents of Rains, LLC and RPP LP or otherwise; provided, however, if the Settlement Amount has not been paid to Bank by the Outside Loan Closing Date, this Settlement Agreement may be terminated by Bank upon written notice at any time prior to the payment of the Settlement Amount, in which case this Settlement Agreement will be null and void and of no further force or effect. The Parties understand that Rains, LLC, RPP LP and LaCienega-Sawyer Ltd. make no representation or warranty and take no responsibility that there will be distributions due to Rubin from RPP LP, Rains, LLC and/or LaCienega-Sawyer Ltd sufficient to pay the Settlement Amount or any portion thereof.

3. Rubin further represents that there are several UCC filings and judgments against Rubin (and/or affiliated entities), and if those liens and judgments are not released as of the closing of the New Loan, RPP LP, Rains LLC and/or LaCienega-Sawyer, Ltd. have expressed their intention to interplead or otherwise escrow any monies that Rubin may be due or entitled to as a result of funding of the New Loan or otherwise (hereinafter referred to as the "**Interpleader**" regardless of whether the monies are the object of an interpleader action, an escrow, or other procedure or mechanism to maintain the status quo and/or freeze the Settlement Amount). In the event of an Interpleader, Bank may appear or make a claim to the funds, but is not required to, in its sole discretion.

4. Notwithstanding anything to the contrary contained herein, the releases contained in Articles II and III (the "**Releases**") below shall not be effective until the date the Settlement Amount has been paid in full to Bank (the "**Effective Date**"); provided, however, (i) deposit or withholding of all or any part of the Settlement Amount in an Interpleader is not to be deemed payment to Bank; and (ii) the Releases shall become null and void if (x) a bankruptcy is filed by or against Rubin within 91 days after the Effective Date; and (y) there is filed a preference complaint as provided under the Bankruptcy Code. Unless and until the Settlement Amount shall have been actually paid to Bank in full, the releases contained herein shall have no force or effect and the Parties shall retain all rights and claims against each other which may now exist or which may hereafter arise. In order to preserve such rights and claims, the Parties hereby acknowledge and agree that the statute of limitations on any action between the Parties shall be tolled from the date of this Settlement Agreement until the Effective Date or such further date as the Parties may mutually agree in writing.

5. In furtherance of the extinguishment of the Released Matters set forth below (and contingent on the payment in full of the Settlement Amount plus the passage of 91-days after payment and no bankruptcy having been filed by Rubin, Rains, LLC or RPP LP within the 91-days), Bank hereby authorizes Rains, LLC and/or RPP LP to file/record a UCC-3 termination or amendment to UCC, as the case may be, with respect to any UCC financing statement filed or recorded by Bank to the extent, and only to the extent, such UCC financing statement(s) secure the Released Matters (as defined below).

## II.
## RELEASE OF BORROWER

1. In consideration of and subject to the satisfaction of the provisions set forth in Article I above, Bank hereby agrees to release and discharge each Borrower and his respective agents, employees, attorneys, representatives, successors, and assigns, from any and all sums of money, account, claims, demands, contracts, actions, debts, controversies, agreements, damages causes of action of whatever kind or nature, whether known or unknown, or suspected by Bank or which Bank now owns, holds, has or claims to have, or at any time heretofore owned, held, had or claimed to have against Borrower:

(a) arising out of or which may hereafter be claimed to arise out of the Loan Agreement and/or the Note (collectively, the **"Released Matters"**);

(b) arising out of or in any way connected with any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of Borrower committed or omitted prior to the date hereof with respect to the Released Matters. For clarification purposes, the foregoing release does not include any claims by Bank against Rubin except as expressly set forth above with respect to the Released Matters.

2. It is understood by Bank that there is a risk that subsequent to the execution of this Settlement Agreement, Bank will incur or suffer loss, damage or injuries which are in some way caused by the Released Matters, but which are unknown and unanticipated at the time this Settlement Agreement is signed. Further, there is a risk that loss or damage presently known may be or become greater than Bank now expects or anticipates. Bank assumes said risk, acknowledges that the releases contained herein shall apply to all unknown or unanticipated results arising from or relating to the Released Matters as well as those known and anticipated and upon the advice of legal counsel, Bank waives against Borrower all rights under California Civil Code Section 1542 which section reads as follows:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

3. The advice of legal counsel has been obtained by Bank prior to signing this Settlement Agreement. Bank executes this Settlement Agreement voluntarily, with full knowledge of its significance, and with the express intention of affecting the legal consequences provided by Section 1542 of the California Civil Code, *i.e.*, the extinguishment of all obligations relating to the Released Matters.

4. The execution of this Settlement Agreement and the payment reflected herein effects the settlement of all claims held by Bank with regard solely to the Released Matters. Nothing contained herein shall be construed as an admission by Borrower of any liability of any kind to Bank.

III.
RELEASE OF BANK

1. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged (including, without limitation, Bank's conditional agreement to reduce the balance under the Note), each Borrower hereby agrees to release and discharge Bank and its officers, directors, managers, agents, employees, attorneys, representatives, successors, and assigns, from any and all sums of money, account, claims, demands, contracts, actions, debts, controversies, agreements, damages causes of action of whatever kind or nature, whether known or unknown, or suspected by Borrower or which Borrower now owns, holds, has or claims to have, or at any time heretofore owned, held, had or claimed to have against Bank:

   (a) arising out of or which may hereafter be claimed to arise out of the Released Matters;

   (b) arising out of or in any way connected with any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of Bank committed or omitted prior to the date hereof whether or not relating to the Released Matters.

2. It is understood by Borrower that there is a risk that subsequent to the execution of this Settlement Agreement, Borrower will incur or suffer loss, damage or injuries which are in some way caused by matters set forth in this Article III, but which are unknown and unanticipated at the time this Settlement Agreement is signed. Further, there is a risk that loss or damage presently known may be or become greater than Borrower now expects or anticipates. Borrower assumes said risk, acknowledges that the releases contained herein shall apply to all unknown or unanticipated results arising from or relating to the matters set forth in this Article III as well as those known and anticipated and upon the advice of legal counsel, Borrower waives against Bank all rights under California Civil Code Section 1542 which section reads as follows:

   > "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

3. The advice of legal counsel has been obtained by Borrower prior to signing this Settlement Agreement. Borrower executes this Settlement Agreement voluntarily, with full knowledge of its significance, and with the express intention of affecting the legal consequences provided by Section 1542 of the California Civil Code, *i.e.*, the extinguishment of all obligations relating to the matters set forth in this Article III.

4. The execution of this Settlement Agreement and the payment reflected herein effects the settlement of all claims held by Borrower with regard solely to the matters set forth in this Article III. Nothing contained herein shall be construed as (i) an admission by Bank of any liability of any kind to Borrower; and/or (ii) a release by either Lander or Rubin of any claims they may have against Stiffelman, or a release by Stiffelman of any claims he may have against Lander or Rubin.

## IV.
## REPRESENTATIONS AND WARRANTIES

The Parties to this Settlement Agreement represent and warrant to, and agree with each other as follows:

1. Each Party represents and warrants to the other Parties that it is the sole and lawful owner of all right, title and interest in and to every claim and other matter which the Party purports to release and that such Party has not heretofore assigned or transferred, or purported to assign or transfer to any other person or entity any claims or other matters herein released or assigned. Each Party shall indemnify the other Parties, defend and hold them harmless from and against any claims based upon or arising in connection with any such prior assignment or transfer, or any such purported assignment or transfer, of any claims or other matters released or assigned herein.

2. This Settlement Agreement supersedes and replaces any and all prior agreements of any kind between the Parties hereto or any of them with respect to the Loan Agreement and Note. Except as expressly set forth in this Settlement Agreement, there have been no other representations, agreements or understandings between the Borrower, on the one hand, and Bank, on the other hand, relating to this Settlement Agreement.

## V.
## GENERAL PROVISIONS

1. The Parties hereto have received independent legal advice from attorneys of their choice, and have had the opportunity to consult with counsel of their choice, with respect to the advisability of entering into this Settlement Agreement, and prior to the execution thereof by each Party, that Party has had its attorneys review this Settlement Agreement in full, and make all desired changes. Furthermore, Rubin acknowledges that (i) Raines Feldman LLP (counsel only for Rains, LLC and RPP LP) does not represent Rubin and that Rubin has retained separate counsel to represent Rubin; (ii) Richard Pachulski has only acted as an authorized agent of Rains, LLC, RPP LP and LaCienega-Sawyer Ltd.; (iii) neither Richard Pachulski nor his firm (Pachulski Stang Ziehl & Jones LLP) represents Rubin or has provided any legal or other advice to Rubin in connection herewith; and (iv) neither Richard Pachulski nor his firm represents Stiffelman and/or Lander or has provided any legal or other advice to Stiffelman and/or Lander in connection herewith; provided, however, Richard Pachulski has had discussions with Stiffelman in connection with certain pending litigation against Rubin regarding property located in Coachella, California.

2. The terms of this Settlement Agreement are contractual; not a mere recital, and are the result of negotiation between the Parties. All of the Parties agree that the normal rules of construction (to the effect that ambiguities in this Settlement Agreement would otherwise be resolved against the drafting Party) shall not be employed in the interpretation of these documents.

3. The Parties to this Settlement Agreement have read and understood it, and mutually warrant and represent that it is executed voluntarily and without duress or undue influence on the part of or on behalf of any Party.

4. This Settlement Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter thereof; and no other contracts, oral or written, shall be deemed to exist or to bind the Parties hereto.

5. No provision in this Settlement Agreement may be waived unless in writing and signed by the Parties affected by the waiver. Waiver of any one provision shall, not be deemed to be waiver of any other provision.

6. This Settlement Agreement may be executed electronically or by facsimile in one or more counterparts. Title or captions contained in this Settlement Agreement have been inserted only as a matter of convenience and for reference and, in no way define, limit, extend or describe the scope of these documents or any provision thereof.

7. This Settlement Agreement shall inure to the benefit of and shall be binding upon the predecessors, successors and assigns of the Parties hereto, and each of them. This Settlement Agreement is not intended to constitute a third party beneficiary contract except as otherwise set forth herein.

8. In the event that any action, suit, or other proceeding is instituted to interpret, remedy, prevent or obtain relief from a breach of this Settlement Agreement, the prevailing Party shall recover all of their reasonable attorneys' fees incurred in each and every such action, suit, or other proceeding, including any and all appeals or petitions therefrom. Notwithstanding anything to the contrary herein, the Parties hereto agree to bear their own costs and attorneys' fees incurred in negotiating and drafting this Settlement Agreement, or otherwise incurred prior to the date of execution hereof.

9. This Settlement Agreement shall be construed in accordance with and governed by the internal laws and not the laws of conflicts of the State of California.

10. The warranties and representations of this Settlement Agreement are deemed to survive the execution of this document.

11. In the event that any of the terms or provisions of this Settlement Agreement are found to be legally unenforceable, then, the remaining terms and provisions shall nevertheless be fully enforceable without regard to any such provision or terms that are found to be legally unenforceable.

12. The contents of this Settlement Agreement and of all negotiations pertaining to any claim giving rise to this Settlement Agreement are intended to be confidential, and the Parties hereto shall not disclose or permit disclosure of any information concerning this Settlement Agreement and its implementation to anyone; except that this Settlement Agreement may be disclosed by the Parties to their respective attorneys, accountants and, as required, to governmental authorities, or to enforce the rights contained in this Settlement Agreement in an appropriate legal proceeding.

13. Each of the Parties hereto shall, at any time hereafter, make, execute, and deliver any and all papers or documents, as any party may reasonably require, for the purpose of giving full effect to this Agreement and each of its provisions.

IN WITNESS WHEREOF, the Parties hereto have approved and executed this Settlement Agreement as of the date first set forth above.

"Bank"

East West Bank

By: L. Kurth De Moss
L. KURTH DEMOSS

Its: FIRST VICE PRESIDENT

"Rubin"

_______________________________
A. Stuart Rubin (a.k.a. Stuart Rubin and Abraham Stuart Rubin)

"Stiffelman"

_______________________________
Gary Stiffelman

"Lander"

_______________________________
Elliot Lander

The undersigned, counsel for Rubin, hereby acknowledges that he has reviewed this Settlement Agreement on behalf of Rubin, has advised Rubin of the content and consequences of entering into this Settlement Agreement and approves the same.

Messina & Hankin LLP

By: _______________________________
Evan Smith, Esq.

IN WITNESS WHEREOF, the Parties hereto have approved and executed this Settlement Agreement as of the date first set forth above.

"Bank"

East West Bank

By: ______________________

Its: ______________________

"Rubin"

______________________

A. Stuart Rubin (a.k.a. Stuart Rubin and Abraham Stuart Rubin)

"Stiffelman"

______________________

Gary Stiffelman

"Lander"

______________________

Elliot Lander

The undersigned, counsel for Rubin, hereby acknowledges that he has reviewed this Settlement Agreement on behalf of Rubin, has advised Rubin of the content and consequences of entering into this Settlement Agreement and approves the same.

Messina & Hankin LLP

By: ______________________
Evan Smith, Esq.

IN WITNESS WHEREOF, the Parties hereto have approved and executed this Settlement Agreement as of the date first set forth above.

"Bank"

East West Bank

By: ______________________________

Its: ______________________________

"Rubin"

________________________________________
A. Stuart Rubin (a.k.a. Stuart Rubin and Abraham Stuart Rubin)

"Stiffelman"

________________________________________
Gary Stiffelman

"Lander"

________________________________________
Elliot Lander

The undersigned, counsel for Rubin, hereby acknowledges that he has reviewed this Settlement Agreement on behalf of Rubin, has advised Rubin of the content and consequences of entering into this Settlement Agreement and approves the same.

Messina & Hankin LLP

By: ________________________________
Evan Smith, Esq.

# EXHIBIT F-4

DocuSign Envelope ID: 3001D9A0-5BA7-463C-B0F4-CFD68CBE01E6

# DISTRIBUTION AGREEMENT

This Distribution Agreement ("Agreement") is made and being entered into effective October 6, 2021, by and between ASR Development Co., Inc. and A. Stuart Rubin (collectively, "Rubin") on the one hand, and La Cienega-Sawyer Ltd. and Rains, LLC (collectively, "LCS") on the other hand.

## RECITALS

A. Rubin owns a limited partnership interest in Rubin-Pachulski Properties L.P. ("RPP LP"), and a membership interest in Rains, LLC, which together own (indirectly through LCS) interests in the real property commonly known as 1801-1845 La Cienega Boulevard, Los Angeles, California (the "Property").

B. Due to certain disputes RPP LP has been impounding and withholding Rubin's share of partnership distributions.

C. LCS have just completed the refinancing of a loan secured by the Property, which has generated distributable net refinance proceeds which will be allocated pro rata among the LCS partners/members. LCS estimates that the allocation will be $2,900,000 to each RPP LP partner after a $4,000,000 reserve is set aside.

D. RPP LP is holding Rubin's allocated partnership share in the approximate amount of $2,900,000, plus approximately $190,000 in impounded and withheld distributions, plus Rubin's pro rata share of the reserve funds held by the former lender on the Property (which will be distributed if and when received from the existing lender and provided such funds are distributed to the partners), from which will be deducted legal fees owed to Raines Feldman LLP for drafting and negotiating settlement agreements between Rubin and both East West Bank and Bank Leumi, in the approximate amount of $20,000, which amounts taken together constitute "Rubin's Available Funds."

E. The parties are entering into this Agreement in order to establish the conditions under which LCS will distribute Rubin's Available Funds to and for his benefit currently, and also in the future.

NOW THEREFORE, in consideration of these premises, of their covenants set forth below, and for other good and valuable consideration, the parties agree as follows:

**1. <u>Survival of Recitals</u>:** The foregoing factual recitals are incorporated by reference herein, and expressly made a part of this Agreement.

**2. <u>Conditions to Performance By LCS</u>:** The following shall be conditions precedent to any distributions made to or for the benefit of Rubin from Rubin's Available Funds:

a. LCS's receipt of final signed agreements with Bank Hapoalim, East West Bank, Bank Leumi and the judgment creditor Lexington Insurance Company (collectively, the "Known Creditors") providing for payments to the Known Creditors at closing and over time that do not exceed Rubin's Available Funds;

b. Rubin's providing irrevocable instructions to RPP LP to pay the Known Creditors the amounts that are owed pursuant to such final signed agreements from Rubin's Available Funds;

c. The absence of any liens, judgments and/or attachments against, or security interests in, Rubin's interests in LCS or RPP LP (and any proceeds therefrom), except for the Known Creditors.

Additionally, LCS is hereby authorized to contact any filed lienholders/judgment creditors to determine the status of such liens/judgments;

d. Rubin executing this Agreement and a security agreement (including the filing of a UCC-1 statement) as described below; and

e. Rubin not being in default under this Agreement.

**3. Distributions to Rubin:** After the conditions precedent are satisfied, LCS shall distribute Rubin's Available Funds to pay off the Known Creditors (if the Rubin Available Funds are sufficient) in accordance with the terms of their final signed agreements with Rubin, and thereafter distribute any remaining funds to Rubin.

Beginning with amounts due to be distributed to partners or members in the month of October 2021, and continuing thereafter, Rains, LLC and RPP LP shall cease withholding from (and shall pay monthly to) Rubin his share of funds distributed to the partners of RPP LP, and continue to do except as set forth in this Agreement, the agreements with the Known Creditors (including the irrevocable instructions signed by Rubin) and/or in any subsequent court order or similar proceeding directing otherwise.

**4. Default:** Rubin shall be in default of this Agreement, if:

a. Any monetary claim against Rubin exceeding $5,000 arises which is secured by Rubin's interests in Rains, LLC, RPP LP or any other LCS entity for which Rubin did not obtain prior approval as provided in the pertinent organizational document(s) of the affected entity; or

b. Rubin breaches this Agreement, the loan documents or the LCS organizational documents.

If Rubin defaults under the agreement, until the default is cured, Rubin's share of distributions shall be impounded in an amount not to exceed that necessary to adequately protect LCS from monetary claims with respect to the item constituting the default.

**5. Indemnity:** Rubin hereby indemnifies LCS and its members, partners, managers, officers, directors, shareholders, employees, consultants, attorneys and other affiliates for any claims that may arise against them as a result of Rubin's acts, omissions, or defaults under this Agreement or the loan documents for the refinance of the Property. The indemnity will be secured by a first-priority, perfected security interest in Rubin's LCS ownership interests, and his rights to receive distributions thereunder. Rubin agrees to consent to and/or execute such documentation that is required to create and perfect such security interest.

**6. Mediation of Disputes:** In the event of any controversy, claim, or dispute arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation, or validity thereof, including determination of the scope or applicability of this Agreement ("Dispute"), the parties agree first to try in good faith to settle the dispute by mediation administered by ADR Services, Inc. before resorting to litigation or some other dispute resolution procedure.

**7. Entire Agreement:** This Agreement contains the sole and entire agreement and understanding of the parties, and no other agreement, oral or written, shall be deemed to exist, or bind any of the parties with respect to its subject matter. This Agreement has been jointly prepared by the parties, and in the event of a dispute no party shall be deemed its author for purposes of its construction.

**8. Waiver, Modification, and Amendment:** No provision hereof may be waived unless in a writing signed by all parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other

DocuSign Envelope ID: 3001D9A0-5BA7-463C-B0F4-CFD68CBE01E6

provision. This Agreement may be modified or amended only by a written agreement executed by the parties affected thereby.

**9. Successors and Assigns:** This Agreement shall inure to the benefit of and shall be binding upon the predecessors, successors and assigns of the parties hereto, and each of them. This Agreement is not intended to constitute a third-party beneficiary contract.

**10. Attorneys' Fees and Costs:** In the event of litigation or any other proceeding arising out of or pursuant to this Agreement, the prevailing party in such litigation or proceeding shall be entitled to an award of reasonable attorneys' fees and costs. Each of the parties shall pay their own costs, legal fees, accounting fees, and any other expenses incurred in connection with the negotiation, preparation, and execution of this Agreement.

**11. Severability:** If any term or provision of this Agreement is found to be legally unenforceable, the remaining terms and conditions shall nevertheless be fully enforceable without regard to any such provision or term found to be legally unenforceable.

**12. Headings:** The paragraph headings in this Agreement are for convenience of reference only, and shall not be deemed to limit, amplify, or define the contents of the paragraphs to which they pertain.

The parties have executed this Agreement as of the date first set forth above.

"**Rubin**"

DocuSigned by:
A5B9D173899D48D...

Stuart Rubin (aka A. Stuart Rubin
and Abraham Stuart Rubin)

ASR Development Co., Inc.,
a California corporation

DocuSigned by:
By: A5B9D173899D48D...
Stuart Rubin, President

"**RPP LP**"

Rubin-Pachulski Properties L.P.,
a California limited partnership

By: Rubin-Pachulski Properties, Inc.,
a California corporation
Its: General Partner

DocuSigned by:
Richard Pachulski
By: 3E19BAA7767143D...
Richard Pachulski, President

DocuSign Envelope ID: 3001D9A0-5BA7-463C-B0F4-CFD68CBE01E6

**"LCS"**

LaCienega-Sawyer Ltd.,
a California limited partnership

By: La Cienega-Sawyer GP LLC,
a Delaware limited liability company
Its: General Partner

By: Rubin-Pachulski Properties L.P.,
a California limited partnership
Its: Sole Member

By: Rubin-Pachulski Properties, Inc.,
a California corporation
Its: General Partner

DocuSigned by:
Richard Pachulski
3E19BAA7767143D...
By:______________________________
Richard Pachulski, President

Rains, LLC,
a California limited liability company

By: Rains Manager LLC,
a Delaware limited liability company
Its: Manager

By: Rains, Inc.,
a Delaware corporation
Its: Sole Member

DocuSigned by:
Richard Pachulski
3E19BAA7767143D...
By:______________________________
Richard Pachulski, President

# EXHIBIT F-5

| | |
|---|---|
| **From:** | Evan Smith <elsmith@messinahankinlaw.com> |
| **Sent:** | Monday, October 4, 2021 10:35 PM |
| **To:** | Scott Dew |
| **Cc:** | John Messina, Jr. |
| **Subject:** | LCS - RPP- Rains -Rubin |
| **Attachments:** | image001.jpg; Distribution Agreement Draft ELS 10.04.2021.docx |
| **Importance:** | High |

Scott:

Attached is the Distribution Agreement draft you sent me Friday evening, with my edits in red.

On another note, as we have discussed while working on the foregoing, it is clear there is mutual distrust between the other partners on the one hand and Stuart on the other. As a result Stuart wants to mostly separate his interests from those of the other partners as the Bend, Boston, and Orlando projects are disposed of over time (he intends to retain his interests in La Cienega-Sawyer through RPP LP and Rains). If the other partners want to pursue 1031 exchanges to avoid gain recognition, Stuart will at the time the deals are being planned either elect to just have his share sold with his portion of the proceeds distributed to him at closing (and taxed), or have the 1031 structured so that for his share he receives a separate qualifying property from the one the other partners are getting in exchange (such multiple property exchanges are permissible under 1031). Please discuss this with the partners so we can have further discussions.

Are you available to discuss the above this afternoon?

Evan

EVAN L. SMITH
*OF COUNSEL*

*Temecula Valley Office*
*24910 Las Brisas Road, Suite 102, Murrieta, California 92562*
*Newport Beach Office*
*1400 Quail Street, Suite 200, Newport Beach, California 92660*
*Telephone:* (951) 894-7332; *Writer's Direct Extension: 119*
*Writer's Mailing Address:* Temecula Valley; *Direct Dial:* (951) 894-7332
*Writer's E-mail:* ELSmith@MessinaHankinLaw.com
*Website:* www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

# EXHIBIT F-6

This agreement is being entered into among ASR Development Co., Inc. and A. Stuart Rubin (collectively, "Rubin") on the one hand, and La Cienega-Sawyer Ltd. and Rains, LLC (collectively, "LCS") on the other hand.

The distributable net refinance proceeds will be allocated pro rata among the LCS partners. LCS estimates that the allocation will be $2,900,000 to each Rubin-Pachulski Properties L.P. ("RPP LP") partner after a $4,000,000 reserve. Rubin's share will also include approximately $190,000 in impounded distributions, plus Rubin's share of the reserve funds held by the former lender, and less fees owed to David Klein for drafting and negotiating the agreements with East West and Leumi estimated at $20,000 (collectively, including the refinance distribution, "Rubin's Available Funds").

The following shall be conditions precedent to any distributions made on behalf of Rubin from Rubin's Available Funds:

1. LCS's receipt of final signed agreements with Hapoalim, East West, and Leumi (collectively, the "Known Creditors") providing for payments to the Known Creditors at closing and over time that do not exceed Rubin's Available Funds;
2. Rubin's providing irrevocable instructions to RPP LP to pay the Known Creditors the amounts that are owed from Rubin's Available Funds;
3. The absence of any consensual liens against or consensual security interests in Rubin's interests in LCS or RPP LP, except for the Known Creditors; and
4. Rubin's not being in default under this agreement.

After the conditions precedent are satisfied, LCS shall use Rubin's Available Funds to pay off the Known Creditors in accordance with the terms of their final signed agreements with Rubin, and thereafter distribute any remaining funds to Rubin.

Beginning with amounts due to be distributed to partners or members in the month of October 2021, and continuing thereafter, Rains, LLC, RPP LP and/or any other LCS entity shall cease withholding from Rubin his distributive shares, pay such distributions to him, and continue to do except as set forth in this agreement.

Rubin shall be in default of this agreement, if:

1. Any monetary claim against Rubin exceeding $5,000 arises and the claim is secured by Rubin's interests in Rains, LLC, RPP LP or any other LCS entity for which Rubin did not obtain prior approval as provided in the pertinent organizational document(s) of the affected entity; or
2. Rubin breaches this agreement, the loan documents or the LCS organizational documents.

If Rubin defaults under the agreement, until the default is cured Rubin's share of distributions shall be impounded, not to exceed the amount necessary to adequately protect LCS.

Rubin will indemnify LCS and affiliates for any monetary claims that may arise against them as a result of Rubin's acts or omissions or any defaults under this agreement or the loan documents for the refinance. The indemnity will be secured by a first-priority and perfected security interest in Rubin's LCS ownership interests, and his rights to receive distributions thereunder.

The parties agree to mediate any dispute arising under this agreement.

# EXHIBIT F-7

**ASR Settlements**

| Description | Date | Amount | |
|---|---|---|---|
| ***Funds Received*** | | | |
| LCS June Distribution | 6/15/2021 | 5,250.00 | *Held for Raines Feldman Legal Fees* |
| LCS LAF Distribution | 7/2/2021 | 52,500.00 | |
| LCS July Distribution | 7/15/2021 | 46,875.00 | |
| LCS August Distribution | 8/17/2021 | 46,875.00 | |
| LCS September Distribution | 9/21/2021 | 46,875.00 | |
| LCS Refinance Distribution | 10/3/2021 | 2,900,000.00 | |
| LCS October Distribution | 10/20/2021 | 62,437.50 | |
| | | 3,160,812.50 | |
| | | | |
| | | | |
| ***Funds To Be Disbursed*** | | | |
| LCS (Raines Feldman) | 10/20/2021 | (20,000.00) | *ASR Legal Fees* |
| Bank Leumi Settlement | 10/21/2021 | (1,275,000.00) | *Need Wire Instructions* |
| East West Bank Settlement | | (1,000,000.00) | *Not Signed* |
| Bank Hapoalim B.M. | | (760,000.00) | *Need to Verify Wire Instructions* |
| Lexington Insurance Co. | | (42,500.00) | *Need Agreement* |
| | | (3,097,500.00) | |
| | | | |
| ***Balance*** | | 63,312.50 | |
| | | | |
| | | | |
| | | | |
| | | | |
| ***Funds to be Disbursed*** | | | |
| Bank Hapoalim B.M. | 11/1/2021 | 44,000.00 | |
| | 12/1/2021 | 44,000.00 | |
| | 1/1/2022 | 44,000.00 | |
| | 2/1/2022 | 44,000.00 | |
| | 3/1/2022 | 44,000.00 | |
| | | 220,000.00 | |

# EXHIBIT F-8

**From:** Evan Smith <elsmith@messinahankinlaw.com>
**Sent:** Wednesday, June 1, 2022 9:56 PM
**To:** Scott Dew
**Subject:** RE: La Cienega Sawyer
**Attachments:** image001.jpg

Scott:

I related our telephone conversation and your email to Stuart. He is following my recommendation that neither he with respect to Rains LLC, nor ASR with respect to LCS, sign any agreement related to those two entities making distributions. As regards Stuart as a non-managing member of Rains LLC, doing so could endanger his limited liability status, as it could be construed as him being involved in the management of Rains. As regards ASR, it has no direct legal interest in LCS, and were it to sign an agreement, that could potentially be used by USRECH as evidence in support of disregarding the limited liability aspects of both ASR and RPP in its efforts to strip Stuart himself of assets.

The management of Rains and LCS will have to make their own decisions regarding distributions.

Sincerely yours,

Evan

EVAN L. SMITH
*OF COUNSEL*

MESSINA & HANKIN LLP
LAWYERS

*Temecula Valley Office*
*24910 Las Brisas Road, Suite 102, Murrieta, California 92562*
*Newport Beach Office*
*1400 Quail Street, Suite 200, Newport Beach, California 92660*
*Telephone: (951) 894-7332; Writer's Direct Extension: 119*
*Writer's Mailing Address: Temecula Valley; Direct Dial: (951) 894-7332*
*Writer's E-mail: ELSmith@MessinaHankinLaw.com*
*Website: www.MessinaHankinLaw.com*

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

**From:** Scott Dew <SDew@rpdcatalyst.com>
**Sent:** Wednesday, June 1, 2022 12:43 PM
**To:** Evan Smith <elsmith@messinahankinlaw.com>
**Subject:** La Cienega Sawyer

Evan,
I hope you're doing well.

As you know, La Cienega – Sawyer LTD and Rains LLC did not make any distributions to the partners/members in May and did not plan on making any distributions until the issues involving ASR and the writ of attachment are resolved. After giving this further thought, I'd like to have LCS and Rains make distributions for May, June and future months to Harbor Trading. Would ASR and Stuart approve of the normal monthly distributions being made to to Harbor Trading? If so, I'll have David draft a short agreement.

Scott C. Dew
President
**RPD Catalyst, LLC**
1801 S. LaCienega Blvd., Suite 301
Los Angeles, CA 90035-4658
310.557.1311 ext. 103
sdew@rpdcatalyst.com
www.rpdcatalyst.com

# EXHIBIT F-9

**From:** Richard Pachulski <rpachulski@pszjlaw.com>
**Sent:** Friday, September 24, 2021 12:48 AM
**To:** Evan Smith
**Cc:** Scott Dew; John Messina, Jr.
**Subject:** RE: La Cienega-Sawyer Refinance - Interpleader Issue

You can get them signed but I wouldn't hold my breath that we will take any risk. You would never advise us to take the risk and you know it. You are not reckless. I understand you have a client, but that is your problem and not mine.

Richard Pachulski
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
rpachulski@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York | Houston

-----Original Message-----
From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
Sent: Thursday, September 23, 2021 5:46 PM
To: Richard Pachulski <rpachulski@pszjlaw.com>
Cc: Scott C. Dew <sdew@rpdcatalyst.com>; John Messina, Jr. <jmessina@messinahankinlaw.com>
Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

Rich:

I understand your and Issac's position. Like I said, at this point it's a business decision for the partners to decide. I'm just trying to handle the risk you perceive might exist in a rational manner so the bank settlements can get signed and be in place if you all as a group decide to go ahead and close.

Evan

-----Original Message-----
From: Richard Pachulski <rpachulski@pszjlaw.com>
Sent: Thursday, September 23, 2021 5:42 PM
To: Evan Smith <elsmith@messinahankinlaw.com>
Cc: Scott C. Dew <sdew@rpdcatalyst.com>; John Messina, Jr. <jmessina@messinahankinlaw.com>
Subject: Re: La Cienega-Sawyer Refinance - Interpleader Issue

Evan, Stuart is so desperate he would take the money at 20 percent if he had to. Stuart is so good at predicting interest rates that we had to pay almost $10 million because he bought an interest rate hedge for Walpole some years ago and he bet the wrong way. Of course he forgot to tell us.

Evan, you just don't get it. My brother has instructed me that he will not vote for the loan if Stuart's issues create ANY risk. You are welcome to speak to him. We are aware of too much relating to the UCCs to rely on there being a small risk. STUART VIOLATED OUR LLC AGREEMENTS EVEN AFTER I ASKED HIM TO STOP DOING SO. HE IS RECKLESS!!!! THIS IS ALL HIS DOING, NOT OURS.

Maybe the middle ground is we borrow to take the present loan out and none of us take any money out. At $65 million I bet the interest rate goes way down. Our distributions would go way up. That may work best. We need to decide what we are doing by Monday or we lose this loan.

Sent from my BlackBerry - the most secure mobile device
From: elsmith@messinahankinlaw.com
Sent: September 23, 2021 5:25 PM
To: rpachulski@pszjlaw.com
Cc: SDew@rpdcatalyst.com; jmessina@messinahankinlaw.com
Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

Rich:

I relayed the below information re the B buyers to Stuart. His position is that the loan is still desirable, in part because he believes inflation is going to drive the rates higher than this will be over the next ten years, and the rate they are quoting is lower than the rate you'll be able to get when the current loan is due in 18 months. Whether to proceed is an economic decision that you, he and your partners need to make. My issue is the interpleader one that is holding up the bank settlement part (assuming you all decide to proceed with the refinancing).

I understand your point that you are never sure you know what Stuart has done. However, we do know what is of public record due to the UCC searches I provided you. You're an experienced, highly skilled attorney. Establishing a process to handle your concerns about the possibility of an unknown creditor coming forth later and somehow suing RPP is such a low probability issue that if you were handling it for a client you'd give it to an associate to deal with. I'm open to suggestions on how to improve on my "Mosier procedure". Let's get this done so we can put the Bank settlements to bed and be ready to close if the partners decide to do so.

Evan
[cid:image005.jpg@01D7B09F.D5E2ACD0]
CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

From: Richard Pachulski <rpachulski@pszjlaw.com>
Sent: Thursday, September 23, 2021 4:34 PM
To: Evan Smith <elsmith@messinahankinlaw.com>
Cc: Scott Dew <SDew@rpdcatalyst.com>; John Messina, Jr. <jmessina@messinahankinlaw.com>
Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

Because their B Piece buyers want more. Less money and a higher interest rate. That and dealing with Stuart are turning me off from voting for the loan.

Richard Pachulski
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>

vCard<http://www.pszjlaw.com/vcard-35.vcf> | Bio<http://www.pszjlaw.com/attorneys-richard-m-pachulski.html> | LinkedIn<https://www.linkedin.com/in/richard-pachulski-a3891ba0>

[X]<http://www.pszjlaw.com/>
Los Angeles | San Francisco | Wilmington, DE | New York | Houston

From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
Sent: Thursday, September 23, 2021 4:32 PM
To: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
Cc: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>; John Messina, Jr. <jmessina@messinahankinlaw.com<mailto:jmessina@messinahankinlaw.com>>
Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

Rich:

Ouch. Any reason given?

Evan
[cid:image001.jpg@01D7B09C.FC575E90]
CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

From: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
Sent: Thursday, September 23, 2021 4:31 PM
To: Evan Smith <elsmith@messinahankinlaw.com<mailto:elsmith@messinahankinlaw.com>>
Cc: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>; John Messina, Jr. <jmessina@messinahankinlaw.com<mailto:jmessina@messinahankinlaw.com>>
Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

They will close at a much higher interest rate.

Richard Pachulski
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>
vCard<http://www.pszjlaw.com/vcard-35.vcf> | Bio<http://www.pszjlaw.com/attorneys-richard-m-pachulski.html> | LinkedIn<https://www.linkedin.com/in/richard-pachulski-a3891ba0>

[X]<http://www.pszjlaw.com/>
Los Angeles | San Francisco | Wilmington, DE | New York | Houston

From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
Sent: Thursday, September 23, 2021 4:30 PM
To: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
Cc: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>; John Messina, Jr. <jmessina@messinahankinlaw.com<mailto:jmessina@messinahankinlaw.com>>

Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

Rich:

Please clarify, are you saying Cit is backing out and will not close the loan?

Evan
[cid:image002.jpg@01D7B09C.FC575E90]
CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

From: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
Sent: Thursday, September 23, 2021 4:28 PM
To: Evan Smith <elsmith@messinahankinlaw.com<mailto:elsmith@messinahankinlaw.com>>
Cc: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>; John Messina, Jr. <jmessina@messinahankinlaw.com<mailto:jmessina@messinahankinlaw.com>>
Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

Evan, Citi is now retrading so the decision may be easy.

Richard Pachulski
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>
vCard<http://www.pszjlaw.com/vcard-35.vcf> | Bio<http://www.pszjlaw.com/attorneys-richard-m-pachulski.html> | LinkedIn<https://www.linkedin.com/in/richard-pachulski-a3891ba0>

[X]<http://www.pszjlaw.com/>
Los Angeles | San Francisco | Wilmington, DE | New York | Houston

From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
Sent: Thursday, September 23, 2021 3:38 PM
To: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
Cc: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>; John Messina, Jr. <jmessina@messinahankinlaw.com<mailto:jmessina@messinahankinlaw.com>>
Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

Rich:

Thank you for your reply, I appreciate your sharing your thoughts with me as to the issues you are considering beyond the interpleader in evaluating whether you want to proceed with the refinancing transaction at all. It helps me evaluate options to resolve this matter. As I have said to you before, I understand why you are upset with Stuart. That said, here are my thoughts on the points in your reply:

1. I understand why you don't like the size of the defeasance, but RPP's share is only approximately $ 3.750 million, the mortgage payment will go down, and the mortgage matures in about 18 months so it has to be addressed in any event, and the interest is tax deductible.
2. I do not believe there is a real risk of RPP being sued by any of Stuart's creditors, and as I have suggested money can be set aside for that with the claims procedure I suggested (my Mosier option).
3. As for your suggestion that the partners just sell the property, based on my understanding the property has a very low adjusted basis and high market value, so that is not a practical alternative from a tax perspective. Additionally, the property has quality tenants so it sounds like a keeper, and I understand the partners have previously rejected a proposal that it be sold for reasons including the foregoing.

I am an outsider, but to me this appears to be a good deal that we can get done to all the partners' benefit. However, it will require you to get beyond your issues with Stuart. Please give the foregoing some thought and then get back to me, I am available to talk if you want to discuss it.

Sincerely yours,
Evan
[cid:image003.jpg@01D7B09C.FC575E90]
CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

From: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
Sent: Thursday, September 23, 2021 1:32 PM
To: Evan Smith <elsmith@messinahankinlaw.com<mailto:elsmith@messinahankinlaw.com>>
Cc: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>; John Messina, Jr. <jmessina@messinahankinlaw.com<mailto:jmessina@messinahankinlaw.com>>
Subject: RE: La Cienega-Sawyer Refinance - Interpleader Issue

Evan, at this point I am not sure I am inclined to vote for the transaction going forward because Stuart is pushing us in a bad direction and I am not in love with paying a $5 million defeasance. There are other issues, but that is enough for now. RPP will not risk being sued by one of Stuart's creditors, and you are not taking into account Stuart having created these issues and being in default of the LLC agreements. At best I would vote that no money gets distributed to any of us, but I am not even sure I want to go forward with the transaction at all for reasons independent of Stuart, and for the reason described below.

I will advise Isaac, Nathan and Harbor Trading of Stuart's position, but you should know that Isaac has advised me since the time Stuart almost caused us to lose the Property by fraudulently encumbering the Property with a lien granted to his personal creditor without our knowledge or consent, that being Stuart's partner is too difficult for him, and he would prefer to just sell the Property. If that is Isaac's position when he hears of Stuart's present position, I see no reason to go forward with the refinancing. In the past I have had to convince Isaac not to push for a sale, but I am now moving into his camp. Being Stuart's partner is just way too difficult. His disrespect of us is monumental and unacceptable.

Regards,

Richard

Richard Pachulski
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>
vCard<http://www.pszjlaw.com/vcard-35.vcf> | Bio<http://www.pszjlaw.com/attorneys-richard-m-pachulski.html> | LinkedIn<https://www.linkedin.com/in/richard-pachulski-a3891ba0>

[X]<http://www.pszjlaw.com/>
Los Angeles | San Francisco | Wilmington, DE | New York | Houston

From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
Sent: Thursday, September 23, 2021 1:03 PM
To: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
Cc: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>; John Messina, Jr. <jmessina@messinahankinlaw.com<mailto:jmessina@messinahankinlaw.com>>
Subject: La Cienega-Sawyer Refinance - Interpleader Issue
Importance: High

Rich:

We need to resolve this interpleader issue. An interpleader action may not be maintained on the mere pretext or suspicion of double vexation, it requires the filing party to have facts showing a reasonable probability of double vexation. Hancock Oil Co. v. Hopkins, 24 Cal. 2d 497, 510; and Westamerica Bank v. City of Berkeley, 201 Cal.App.4th 598, 607-608. In this matter you lack such facts, and your suspicions based on past grievances against Stuart are not enough to satisfy the prerequisites for filing an interpleader complaint. They certainly are not sufficient to endanger the current refinancing.

Attached are copies of the most recent UCC searches on ASR and Stuart. That is the public record, and you as manager of RPP LP can rely on that information. The amounts Stuart is agreeing to have paid out of escrow to the three banks totals $ 3,295,000.00 apportioned as follows; Bank Hapoalim $ 1,020,000.00, Bank Leumi $ 1,275,000.00, and East West Bank $ 1,000,000.00.

We propose the following to resolve this matter and allow the refinancing to proceed as everyone desires:

1. RPP LP can set aside the sum of $ 100,000.00 for 120 days to provide for any claimants who come out of the woodwork. If you want, we can get a 3rd party to hold the funds with some sort of notice to anyone whose UCC filing was terminated in the past 90 days to make a claim. Our firm had a similar issue recently and Bob Mosier as a neutral held the funds. I will ask him to serve here if acceptable to you.
2. Upon closing RPP LP will release the amounts it has been withholding from ASR of its share of partnership distributions, and provide a written reconciliation showing equal treatment with the other partners.
3. Beginning with October 2021, ASR will receive its future draws from RPP LP.
4. We will be promptly provided a copy of the estimated closing statement for the New Loan, which we believe should be ready today.

If this matter is not brought to a mutually acceptable resolution, Stuart fully reserves his rights to exercise any and all available remedies.

Sincerely yours,

Evan
[cid:image004.jpg@01D7B09C.FC575E90]

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

# EXHIBIT F-10

---

**From:** Evan Smith <elsmith@messinahankinlaw.com>
**Sent:** Monday, September 27, 2021 6:09 PM
**To:** Scott Dew
**Cc:** John Messina, Jr.
**Subject:** RE: RPP New Loan - Proposed Use of ASR/Rubin Share of Funds and Related

Scott:

Stuart authorizes me to relay his agreement to the terms you suggested below.

Evan

EVAN L. SMITH
*OF COUNSEL*

MESSINA & HANKIN LLP
LAWYERS

*Temecula Valley Office*
*24910 Las Brisas Road, Suite 102, Murrieta, California 92562*
*Newport Beach Office*
*1400 Quail Street, Suite 200, Newport Beach, California 92660*
*Telephone: (951) 894-7332; Writer's Direct Extension: 119*
*Writer's Mailing Address:* Temecula Valley; *Direct Dial: (951) 894-7332*
*Writer's E-mail:* ELSmith@MessinaHankinLaw.com
*Website:* www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

---

**From:** Scott Dew <SDew@rpdcatalyst.com>
**Sent:** Monday, September 27, 2021 10:31 AM
**To:** Evan Smith <elsmith@messinahankinlaw.com>
**Subject:** FW: RPP New Loan - Proposed Use of ASR/Rubin Share of Funds and Related

Evan,
See below. If this meets with Stuart's approval, I'll send it to the guys.

Scott C. Dew
President
**RPD Catalyst, LLC**
1801 S. LaCienega Blvd., Suite 301
Los Angeles, CA 90035-4658
310.557.1311 ext. 103
sdew@rpdcatalyst.com
www.rpdcatalyst.com

---

**From:** Evan Smith [mailto:elsmith@messinahankinlaw.com]
**Sent:** Sunday, September 26, 2021 4:35 PM

**To:** Scott Dew <SDew@rpdcatalyst.com>
**Cc:** John Messina, Jr. <jmessina@messinahankinlaw.com>
**Subject:** RPP New Loan - Proposed Use of ASR/Rubin Share of Funds and Related

Scott:

Stuart proposes the following with respect to the funds distributable on his behalf at closing of LCS's New Loan with Citibank (based in part on RPP holding an estimated $ 190K in impounds for ASR, and his estimated share of the Reserves RPP will get back post-closing being $ 75K, which when combined with ASR's approximately $ 2.893M from the escrow provides an estimated total of $ 3.158M):

Stuart/ASR Bank Settlement Payments

| | |
|---|---|
| Bank Hapoalim | $ 760,000 |
| Bank Leumi | $ 1,275,000 |
| East West Bank | $ 1,000,000 |
| Total | $ 3,035,000 |

We need to know the amount of the remaining Hapoalim settlement and Hapolim's agreement to accept the unpaid portion over time. Also, we need to know the amount of the monthly payments Stuart is obligated to make, and the collateral that secures Hapoliam's obligation. RPPLP will need to make those payments on Stuart's behalf from funds that would otherwise be distributable to Stuart.

My understanding is that Bank Leumi and EW will be paid off in full based on the amounts shown above. Please let me know if that is not correct.

After the Banks are paid:

1. The balance remaining of ASR's impound funds will be released with an account reconciliation through the end of September
2. ASR's share of the reserves (est. $ 75K) will be released to ASR when received back by RPP
3. ASR's monthly partnership distributions will re-commence with the October payments. Should a claim arise against Stuart's or ASR's interests in La Cienega-Sawyer Ltd, Rains LLC and/or their affiliates, distributions to ASR will be suspended pending resolution of the claim.

4. Stuart/ASR will indemnify La Cienega-Sawyer Ltd, Rains LLC and their affiliates for any claims that may arise against Stuart/ASR. The indemnity will be secured by a first-priority security interest in Stuart's or ASR's interests in, and right to receive distributions from, Rains LLC, Rubin-Pachulski Properties, LP and Rubin-Pachulski Properties IV. Stuart will have the obligation to show to the other parties' reasonable satisfaction that the security interest is senior to all other interests.

We need to get this resolved before closing. I'm available on my cell if you want to discuss the above.

Thanks,

Evan

# EXHIBIT F-11

**From:** Richard Pachulski <rpachulski@pszjlaw.com>
**Sent:** Sunday, May 1, 2022 7:42 PM
**To:** Evan Smith
**Cc:** Nathanet; Scott Dew; srubin@rprp.com; Isaac M. Pachulski
**Subject:** Re: Rubin Attachment

Evan, I spent time significant time speaking to an attorney yesterday who specializes in creditor rights, and particularly attachments, who RPP is considering hiring. He was very clear that we cannot unilaterally make the decision that the levy is improper. Rather we have no choice but to turn over any funds to the levying officer and, if your side thinks that is wrong, you need to go to Court and have the levying officer release the funds. He was very clear that to do otherwise puts RPP at serious risk. He was also very clear that there is no reason we should not contact Calmwater to explain your position and see if the matter can be resolved.

While we will go to mediation, I believe it is a complete waste of time, but we will do so if you insist. What we won't do is violate a Court order or put RPP at risk.

Sent from my iPhone

On Apr 30, 2022, at 11:41 AM, Richard Pachulski <rpachulski@pszjlaw.com> wrote:

Does our agreement provide that we must use ADR? If not, I would propose Peter Lichtman at Signature.

Also, I have started to reach out to potential counsel to represent RPP and have been told that not filing a motion for clarification with the Court and/or interpleading the funds and/or advising USRECH about Stuart's contention regarding ASR would put RPP at risk. As I informed you, we will not put RPP at risk.

If you have authority relating to writs of attachment that all of the above 3 courses of action are impermissible, please advise.

Sent from my iPhone

On Apr 29, 2022, at 7:52 PM, Evan Smith <elsmith@messinahankinlaw.com> wrote:

Nathan,:

Understood, have a good evening.

Evan

---

From: Nathanet <jnrubinmd@yahoo.com>
Sent: Friday, April 29, 2022 7:49 PM
To: Evan Smith <elsmith@messinahankinlaw.com>
Cc: Richard Pachulski <rpachulski@pszjlaw.com>; Scott Dew <SDew@rpdcatalyst.com>; srubin@rprp.com <srubin@rprp.com>; Isaac M. Pachulski <ipachulski@pszjlaw.com>
Subject: Re: Rubin Attachment

I don't know them so no objection
I defer to Rich on process
I am simply eliminating Justice Zembrowski

Sent from my iPhone

On Apr 29, 2022, at 7:31 PM, Evan Smith <elsmith@messinahankinlaw.com> wrote:

Nathan:

Are the alternates I suggested acceptable to you?

Evan

---

From: Nathanet <jnrubinmd@yahoo.com>
Sent: Friday, April 29, 2022 7:27 PM
To: Evan Smith <elsmith@messinahankinlaw.com>
Cc: Richard Pachulski <rpachulski@pszjlaw.com>; Scott Dew <SDew@rpdcatalyst.com>; srubin@rprp.com <srubin@rprp.com>; Isaac M. Pachulski <ipachulski@pszjlaw.com>
Subject: Re: Rubin Attachment

Zembrowski is still doing an arbitration that L&R is involved in and I will not agree to use him as a mediator

Sent from my iPhone

On Apr 29, 2022, at 7:12 PM, Evan Smith <elsmith@messinahankinlaw.com> wrote:

Rich:

What do you see as the conflicting demands?

Evan

---

From: Richard Pachulski <rpachulski@pszjlaw.com>
Sent: Friday, April 29, 2022 7:10 PM
To: Evan Smith <elsmith@messinahankinlaw.com>
Cc: Scott Dew <SDew@rpdcatalyst.com>; srubin@rprp.com <srubin@rprp.com>; nathan rubin <jnrubinmd@yahoo.com>; Isaac M. Pachulski <ipachulski@pszjlaw.com>
Subject: Re: Rubin Attachment

Evan, I think Calmwater is indispensable. Second, I believe there are conflicting demands and I have no intention of defrauding Calmwater, so I intend to advise them of the dispute and my view that they should be part of the mediation, while your side does not. You would be well-served to consider basic ethical responsibilities.

By the way, I believe Stuart's indemnification is worthless, so the offer does not give me any comfort.

Regards,

Richard

Sent from my iPhone

> On Apr 29, 2022, at 6:49 PM, Evan Smith <elsmith@messinahankinlaw.com> wrote:
>
> Rich:
>
> Judge Zebrowski is acceptable to us. If he is not available I suggest either Jan Frankel Schau or Mary Fingal-Schulte as alternates. Are they acceptable to you? This is not a complex matter, and should only require a 4 hour mediation. Stuart will pay the mediator fees for ASR and RPP. We will not agree to Calmwater and/or USRECH being involved. They are not indispensable parties. There is no question they have a valid attachment order against Stuart. As I understand it, you are concerned that RPP and/or its partners will be exposed to liability if RPP distributes partnership distributions to ASR. I don't think that's possible, but we can work through it with the Judge. In any event, Stuart has a duty to indemnify RPP under the Distribution Agreement if it were to happen. Finally, you don't need to telephone USRECH's attorneys to give them a heads up as to their mis-service on ASR. They'll get there on their own soon enough.
>
> Please advise.
>
> Evan
>
> CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.
>
>
>
> -----Original Message-----
> From: Richard Pachulski <rpachulski@pszjlaw.com>
> Sent: Friday, April 29, 2022 6:00 PM
> To: Evan Smith <elsmith@messinahankinlaw.com>
> Cc: Scott Dew <SDew@rpdcatalyst.com>; srubin@rprp.com; nathan rubin <jnrubinmd@yahoo.com>; Isaac M. Pachulski <ipachulski@pszjlaw.com>
> Subject: Re: Rubin Attachment
>
> If we do go to mediation how about John Zebrowski? Stuart has dealt with him for over 10 years and I have never had any dealings with him, except for testifying in the L and R trial. He is a good judge for what I am told. I do need answers to my questions to determine what are next steps, and if mediation makes any sense.
>
> Sent from my iPhone
>
> On Apr 29, 2022, at 5:34 PM, Richard Pachulski <rpachulski@pszjlaw.com> wrote:
>
> Is Stuart prepared to pay for the mediation and include Calmwater or USTECH? Please advise as the agreement does not specify who pays and Calmwater/USTECH is an indispensable party. I will also advise Calmwater/USTECH of your position and let them battle this mess out with you.
>
> Sent from my iPhone
>
> On Apr 29, 2022, at 5:20 PM, Evan Smith <elsmith@messinahankinlaw.com> wrote:
>

>
> Rich:
>
>
> 1. Calmwater is not the party that obtained the attachment, USRECH is, and for procedural reasons I won't bore you with we are proceeding to move for reconsideration of the attachment on changed facts with the new Judge. B. This disagreement does not involve Calmwater or USRECH, it's a dispute over whether ASR's partnership distributions can be withheld under the Distribution and Security agreements. C. There are not competing demands to ownership (provisional remedy, not a judgment lien). I'll get with ADR Services Monday and we'll get the mediation set. I suggest RPP LP as the party on your side as it is the one who would have the funds to distribute to ASR, not LCS Ltd. ( Do you agree on that point?). Also, here is a link to the ADR neutrals, please let me know if you object to any of them https://www.adrservices.com/neutrals/#comboFilters%5Bexperience%5D=.commercial-contracts-general-business&comboFilters%5Blocation%5D=.greater-los-angeles&comboFilters%5Bservices%5D=.mediation-service<https://www.adrservices.com/neutrals/#comboFilters%5Bexperience%5D=.commercial-contracts-general-business&comboFilters%5Blocation%5D=.greater-los-angeles&comboFilters%5Bservices%5D=.mediation-service><https://www.adrservices.com/neutrals/#comboFilters%5Bexperience%5D=.commercial-contracts-general-business&comboFilters%5Blocation%5D=.greater-los-angeles&comboFilters%5Bservices%5D=.mediation-service<https://www.adrservices.com/neutrals/#comboFilters%5Bexperience%5D=.commercial-contracts-general-business&comboFilters%5Blocation%5D=.greater-los-angeles&comboFilters%5Bservices%5D=.mediation-service>>
>
> Thanks,
>
> Evan
> [image004.jpg]
> CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.
>
>
>
> From: Richard Pachulski <rpachulski@pszjlaw.com>
> Sent: Friday, April 29, 2022 5:10 PM
> To: Evan Smith <elsmith@messinahankinlaw.com>; Scott Dew <SDew@rpdcatalyst.com>
> Cc: srubin@rprp.com
> Subject: RE: Rubin Attachment
>
> Evan, Scott was not directed or, even asked, how to distribute the money. I really don't think you want to get into why Stuart was removed, as his failure to comply with any formalities was the least of the problems. Mediation is unnecessary, but you can arrange it if you like, but without Calmwater involved the mediation is a complete waste of time. We have no interest in getting sued by Calmwater, and they have clearly demanded all proceeds that ASR and Stuart are entitled to from any RP related entity. There are actually competing demands. You can write me all the e-mails you want, but it is clear that Stuart distributed money in such a way that figuring out whether ASR is the rightful entity to get money or Stuart is the right person is virtually impossible, and we are not going to play Judge here. You should take it up with Calmwater and the Court that issued the attachments.
>
> Regards,
>
> Richard
>

> From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
> Sent: Friday, April 29, 2022 4:53 PM
> To: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>; Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Cc: srubin@rprp.com<mailto:srubin@rprp.com>
> Subject: RE: Rubin Attachment
>
> Rich:
>
> Good afternoon. The issue is not how did Stuart handle things when he was managing LCS. I believe proper differentiation is necessary, and am (and have been) working from the expectation that under Scott's direction the corporate formalities have been and are being properly observed. My understanding is that he replaced Stuart in order to effectuate that.
>
> Stuart says that he last received a direct distribution from LCS about 1.5 years ago, and that since that time ASR has received all distributions from RPP LP related to its interest in that entity. Your suggestion that ASR's funds be interpleaded won't work for two reasons (a) there are not competing demands to ownership of those funds, and (b) both the Distribution Agreement and the Security Agreement have mediation clauses to cover any disputes (see sections 6 and 8 of those agreements, respectively).

>
> It should not be necessary to go to mediation, but we are willing if necessary. As I said, if Rains LLC has funds for Stuart, remit them to the levying officer. The service to Scott on behalf of ASR is invalid as he has no authority over or on behalf of ASR, and there is no order of attachment against ASR. Therefore, RPP can and should just distribute to ASR its share at the same time as it makes distributions to its other partners. If and when ASR is properly served that will not involve the partners in any fashion, but will be up to ASR to deal with.
>
> Sincerely yours,
>
> Evan
> [image001.jpg]
> CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.
>
>
>
> From: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
> Sent: Friday, April 29, 2022 4:15 PM
> To: Evan Smith <elsmith@messinahankinlaw.com<mailto:elsmith@messinahankinlaw.com>>; Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Cc: srubin@rprp.com<mailto:srubin@rprp.com>
> Subject: RE: Rubin Attachment
>
> Evan, I had Scott check and Stuart made all distributions to Stuart, not ASR, from LCS before Stuart was removed. To say this is unclear is a massive understatement. We will not put the partners at risk because of the outstanding litigation between Stuart and Calmwater. Stuart paid whomever he wanted whenever he wanted. He never differentiated between Rains and LCS and just paid himself, not ASR. You are welcome to do what you want when this is a mess Stuart created. We will let the partners decide, but my recommendation to the partners is to interplead the proceeds due ASR

and/or Stuart or just put them in a separate account. Stuart cannot just decide when it is ASR and when it is him personally as to entitlement of LCS and Rains distributions. This is not some shell game.
>
> Regards,
>
> Richard
>
> From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
> Sent: Friday, April 29, 2022 3:14 PM
> To: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Cc: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>; srubin@rprp.com<mailto:srubin@rprp.com>
> Subject: RE: Rubin Attachment
>
> Scott:
>
> That is consistent with my position. The attachment is against Stuart, not ASR or anyone else. If served properly to Rains LLC it must be honored by that entity because Stuart own a direct interest in Rains LLC. The is no attachment against ASR, and it seems that the service of the order against Stuart to you on behalf of ASR is improper as you have no role with ASR. There is no attachment of ASR's funds (its not even a party to the action where the attachment against Stuart was issued). ASR is entitled to its distributions. If and when The serve ASR with an attachment against Stuart ASR will be responsible for dealing with it. LCS, RPP, and the partners aren't involved in that. Also, if you read the Distribution and Security agreements in their entirety they are clearly concerned with the possibility of Stuart voluntarily assigning his interests as collateral or having a judgment lien. These provisional remedy orders are different in scope and nature.
>
> Nothing here is dragging you into Stuart's litigation battle. If Rains has funds for Stuart remit them to the levying officer. There is no levy on ASR so its RPP distributions need to be made to it.
>
> Evan
> [image002.jpg]
> CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.
>
>
>
> From: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Sent: Friday, April 29, 2022 2:40 PM
> To: Evan Smith <elsmith@messinahankinlaw.com<mailto:elsmith@messinahankinlaw.com>>
> Cc: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
> Subject: RE: Rubin Attachment
>
> Evan,
> Paragraph 3 of the Distribution Agreement provides that, "Beginning with amounts to be distributed… and continuing thereafter, Rains LLC and RPP LP… shall pay monthly to Rubin his share of the funds distributed to the partners of RPP LP, and continue to do [so] except as set forth… in any subsequent court order or similar proceeding directing otherwise." There are other arguments in both agreements that support our position that we're not getting in the middle of Stuart's legal battles.

>
>
> Scott C. Dew
> President
> RPD Catalyst, LLC
> 1801 S. LaCienega Blvd., Suite 301
> Los Angeles, CA 90035-4658
> 310.557.1311 ext. 103
> sdew@rpdcatalyst.com<mailto:sdew@rpdcatalyst.com>
> http://www.rpdcatalyst.com<http://www.rpdcatalyst.com><http://www.rpdcatalyst.com>
>
>
> From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
> Sent: Friday, April 29, 2022 2:04 PM
> To: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Subject: RE: Rubin Attachment
>
> Scott:
>
> How so? Stuart did not voluntarily permit any lien to attach to the collateral, or otherwise voluntarily create a lien or make an assignment secured by his interests, so he is not in default under the Distribution or Security Agreement. Looking at the organizational chart it is clear that Stuart himself individually owns a 18.75% interest in Rains LLC, so if that entity has funds to pay Stuart I agree that it must honor the attachment (a provisional remedy). However, LCS LTD as I read the chart remits only to RPP LP (74.50%) Harbor Trading USA (25%) and LCS GP LLC (0.50%), and nothing to Stuart himself. RPP LP then remits about 24.75% of its partnership distributions to ASR Development Co. Inc., not to Stuart because he does not individually have an interest in RPP LP. Stuart manages ASR, not you so any issues re the attachments served on ASR are not correctly directed to you. Also, you are not the agent for service of process so I don't understand why they served you on behalf of ASR.
>
> What is your interpretation of the agreements with Stuart and ASR?
>
> Evan
> [image003.jpg]
> CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.
>
>
>
>
>
> From: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Sent: Friday, April 29, 2022 12:48 PM
> To: Evan Smith <elsmith@messinahankinlaw.com<mailto:elsmith@messinahankinlaw.com>>
> Subject: RE: Rubin Attachment
>
> We disagree on your interpretation of the Distribution and Security Agreements.
>
> Scott C. Dew

> President
> RPD Catalyst, LLC
> 1801 S. LaCienega Blvd., Suite 301
> Los Angeles, CA 90035-4658
> 310.557.1311 ext. 103
> sdew@rpdcatalyst.com<mailto:sdew@rpdcatalyst.com>
> http://www.rpdcatalyst.com<http://www.rpdcatalyst.com/><http://www.rpdcatalyst.com>
>
>
> From: Evan Smith [mailto:elsmith@messinahankinlaw.com]
> Sent: Friday, April 29, 2022 12:23 PM
> To: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Subject: RE: Rubin Attachment
>
> Scott:
>
> Thanks.  Correct me if I'm wrong, but (a) you don't own or manage ASR Development, Stuart does, and (b) the levy would be for distributions by ASR to Stuart, nothing more.
>
> I reviewed the Distribution and Security Agreements, and they aren't triggered by this situation.
>
> Evan
> [image003.jpg]
> CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.
>
>
>
> From: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Sent: Friday, April 29, 2022 12:15 PM
> To: Evan Smith <elsmith@messinahankinlaw.com<mailto:elsmith@messinahankinlaw.com>>
> Subject: RE: Rubin Attachment
>
> Evan,
> I received attachments on ASR Development, RPD Catalyst, LLC and RPD Properties V, LLC.  I'll scan and email them to you.
>
> Scott C. Dew
> President
> RPD Catalyst, LLC
> 1801 S. LaCienega Blvd., Suite 301
> Los Angeles, CA 90035-4658
> 310.557.1311 ext. 103
> sdew@rpdcatalyst.com<mailto:sdew@rpdcatalyst.com>
> http://www.rpdcatalyst.com<http://www.rpdcatalyst.com/><http://www.rpdcatalyst.com>
>
>
> From: Evan Smith [mailto:elsmith@messinahankinlaw.com]

> Sent: Thursday, April 28, 2022 2:17 PM
> To: Scott Dew <SDew@rpdcatalyst.com<mailto:SDew@rpdcatalyst.com>>
> Subject: Rubin Attachment
>
> Scott:
>
> Please email me a copy of the attachment paperwork served to your firm(s)
>
> Thanks,
>
> Evan
> [image003.jpg]
> CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.
>
>

# EXHIBIT F-12

PREFERRED BANK

**For Assistance Call:** 888-673-1808
**Visit Us Online:** www.preferredbank.com
**Written Inquiries:**
PREFERRED BANK
601 S FIGUEROA ST FL 47
LOS ANGELES, CA 90017-5752

Date 6/30/21 Page 2
Primary Account 3199

COMMERCIAL ACCOUNT ANALYSIS 3199 (Continued)

***DEBITS***

| Date | Description | Amount |
|---|---|---|
| 6/15 | Wire Transfer Debit<br>STUART RUBIN<br>[redacted]0782<br>[redacted]5476<br>1801 S LA CIENEGA BLVD<br>LOS ANGELES CA 90035<br>BK WEST WAL CRK<br>SAN RAMON CA<br>[redacted] | 27,125.00- |

[redacted]

# EXHIBIT F-13

PREFERRED BANK

**For Assistance Call:** 888-673-1808
**Visit Us Online:** www.preferredbank.com
**Written Inquiries:**
PREFERRED BANK
601 S FIGUEROA ST FL 47
LOS ANGELES, CA 90017-5752

Date 11/30/21 Page 2
Primary Account 3199

COMMERCIAL ACCOUNT ANALYSIS 3199 (Continued)

***DEBITS***

| Date | Description | Amount |
|---|---|---|
| 11/17 | [redacted] | |
| 11/17 | Wire Transfer Debit<br>ASR DEVELOPMENT COMPANY<br>[redacted]0782<br>5476<br>1801 S LA CIENEGA BLVD<br>LOS ANGELES CA 90035<br>BK WEST WAL CRK<br>SAN RAMON CA<br>ASR DISTRIBUTIONS<br>[redacted] | 81,750.00- |
| 11/17 | [redacted] | |

# EXHIBIT F-14

PREFERRED BANK

**For Assistance Call:** 888-673-1808
**Visit Us Online:** www.preferredbank.com
**Written Inquiries:**
PREFERRED BANK
601 S FIGUEROA ST FL 47
LOS ANGELES, CA 90017-5752

Date 12/31/21 Page 2
Primary Account 3199

COMMERCIAL ACCOUNT ANALYSIS 3199 (Continued)

***DEBITS***

| Date | Description | Amount |
|---|---|---|
| [redacted] | | |
| 12/16 | Wire Transfer Debit<br>ASR DEVELOPMENT STUART RUBIN<br>[redacted]0782<br>[redacted]5476<br>1801 SOUTH LA CIENEGA BLVD SUI<br>301<br>LOS ANGELES CA 90035<br>BK WEST WAL CRK<br>SAN RAMON CA<br>[redacted] | 18,437.50- |
| 12/16 | [redacted] | |
| 12/17 | [redacted] | |
| 12/17 | [redacted] | |
| 12/17 | [redacted] | |
| 12/17 | [redacted] | |

[redacted]

# EXHIBIT F-15

1275-0094

PREFERRED BANK

# WIRE TRANSFER INSTRUCTIONS

- *To ensure same day processing, all wire transfers must be received by 12:30 PM PST*
- *Please Type or Print*

☐ **Domestic** ☐ **International** **Date:** 06-15-2021

| US DOLLAR AMOUNT | Foreign Currency Type | Foreign Currency Amount |
|---|---|---|
| 27125.00 | | |

| | |
|---|---|
| **ORIGINATOR INFORMATION** | |
| Originator Name<br>Rubin Pachulski Properties 36, LLC | Debit Account Number<br>[redacted]3199 |
| **BENEFICIARY INFORMATION** | |
| Beneficiary Name<br>Stuart Rubin / A S R Development | Credit Account Number<br>[redacted]5476 |
| Beneficiary Physical Address<br>1801 S La Cienega Blvd | City/State/ZIP<br>Los Angeles, CA 90035 |
| **BENEFICIARY BANK INFORMATION (US Domestic)** | |
| Beneficiary Bank Name<br>Bank of the West | Bank ABA/Routing Number<br>[redacted]0782 |
| Beneficiary Bank Physical Address | City/State/ZIP |
| **BENEFICIARY BANK INFORMATION (International)** | |
| International Beneficiary Bank Name | Bank IBAN/SWIFT/Sort Code |
| International Beneficiary Bank Physical Address | City/Country/Mail Code |
| **OTHER INFORMATION** | |
| Originator to Beneficiary Information | |
| Bank-to-Bank Information | |

I have read, understand and agree to the terms and conditions set forth in the Preferred Bank Account Agreement regarding Payment Orders, Wire Transfers and Other Funds Transfers which may be amended from time to time. I further certify that the information provided in this instruction is true, complete and accurate.

| Print Name of Authorized Signer | Authorized Signature |
|---|---|
| Scott Dew | [signature] |

**BANK USE ONLY**

**Verified Signature Above:** ☐ Yes ☐ No **Purpose of Wire:** ____

**Request Received Via:** ☐ Email ☐ Facsimile ☐ In Person ☐ Mail

**Callback Confirmation (must be confirmed with an authorized signer):**

| Name of Authorized Signer | Phone Number Called (Use Phone Number on CIF) | Email Address (Consumer Remittance Only) | Date | Time |
|---|---|---|---|---|
| | ( ) | | | |

**Method of Verification of Authorized Signer for Non In-Person Requests (must select two (2) methods):**

☐ Birth Date ☐ Birth Place ☐ TIN (last 4 digits) ☐ Passcode ☐ Mother's Maiden Name

**Confirmed By:** ____

**Approved By:** ____ **Approved By:** ____

**Entered By:** ____ **Released By:** ____

**Rosa Tomchak**

**From:** Scott Dew
**Sent:** Tuesday, June 15, 2021 10:59 AM
**To:** Rosa Tomchak
**Subject:** Stuart's Wire Instructions

-----Original Message-----
From: Stuart Rubin [mailto:srubin@rprp.com]
Sent: Tuesday, June 15, 2021 10:58 AM
To: Scott Dew <SDew@rpdcatalyst.com>
Subject:

Account information for the wire:

Bank of the west
Asr Developmemt company
1801 s la cienegA blvd
Los Angeles , California 90017

Routing: [redacted]0782 ✓

Acct number: [redacted]5476 ✓ [redacted]

Many thanks,
Let me know when it goes off
Stuart

Sent from my iPhone (310) 614 0540
Verbally confirmed w/SL
6/15/2021

# EXHIBIT G

**ASR DEVELOPMENT CO**
1801 SOUTH LA CIENEGA, #301
LOS ANGELES, CA 90035 4658

99001

DATE 1/7/2022

90-78/1211

PAY TO THE ORDER OF Reed Smith $ 15,435

Fifteen Thousand Four hundred Thirty Five DOLLARS

BANK of the WEST
BNP PARIBAS

Beverly Hills
9401 WILSHIRE BLVD
BEVERLY HILLS, CA 90212
1-800-488-2265

FOR legal Fees

[redacted]

**PROOF OF SERVICE**
***U.S Real Estate Credit Holdings III-A v. Glenroy Coachella***
***Riverside Superior Court Case No. RIC1905743***

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On December 5, 2023, I served the following document(s) by the method indicated below:

***DECLARATION OF CHRISTOPHER O. RIVAS IN SUPPORT OF PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S OPPOSITION TO ASR DEVELOPMENT CO'S THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT OF POSSESSION***

| | |
|---|---|
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below |
| ☑ | by transmitting via email to the parties at the email addresses listed below: |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be maintained at our offices and will be made available to any party requesting it. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 5, 2023, at Los Angeles, California.

Gilda S. Anderson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

***BY EMAIL & UPS OVERNIGHT*:**
Rudy Perrino, Esq.
Kutak Rock LLP
777 S. Figueroa Street, Suite 4550
Los Angeles, CA 90017

***Attorney for Glenroy Coachella, LLC, Glenroy Coachella Holdings, LLC, A. Stuart Rubin, Force Rubin LLC, Force Rubin 2 LLC***

Email: Rudy.Perrino@KutakRock.com

***BY UPS OVERNIGHT:***
Beverly Hills Sheriff
9355 Burton Way
Beverly Hills, CA 90210

Sean A. O'Keefe (SBN 122417)
**OKEEFE & ASSOCIATES LAW CORP., P.C.**
26 Executive Park, Suite 250
Irvine, CA 92614

***Counsel to defendants Elliot B. Lander and Coachella Resort, LLC, a California limited liability company***

Email: sokeefe@okeefelawcorporation.com

Law Office of Stephen J. Armstrong, Esq.
44200 Monterey Ave., Ste. B
Palm Desert, California 92260-2708

***Attorney for Apple J Plumbing, Inc., Desert Palms Electric, Inc., Mascorro Concrete Construction, Inc., and Temalpakh, Inc. dba The Works Floor and Wall, Al Miller & Sons Roofing, Tandem West Glass, Inc. and Jacobsson Engineering Construction, Inc.***

Email: Stephen@SJALaw.com

Brian S Harnik, Esq.
**ROEMER & HARNIK LLP**
45025 Manitou Drive
Indian Wells, California 92210

***Attorney for Blair Air, Inc.***

Email: bharnik@rhlawfirm.com
AMontez@rhlawfirm.com
jadams@rhlawfirm.com

Marc S Homme
**LAW OFFICES OF MARC S HOMME APC**
P.O. Box 1645
Rancho Mirage, California 92270

***Attorney for Doug Wall Construction, Inc.***

Email: marc@hommelaw.net

Milene C Apanian, Esq.
**LAW OFFICES OF ABDULAZIZ, GROSSBART & RUDMAN**
6454 Coldwater Canyon, Ave
North Hollywood, California 91606

***Attorney for BMC West, LLC***

Email: mca@agrlaw.com

Michael K Murray, Esq.
**LANAK & HANNA, P.C.**
1851 E 1st St Ste 700
Santa Ana, CA 92705

***Attorney for The Shermin-Williams Company and L & W Supply Corporation***

Email: mkmurray@lanak-hanna.com

A Maria Plumtree, Esq.
Ferdi Trampe, Esq.
**PLUMTREE & ASSOCIATES**
7111 Garden Grove Blvd., Suite 200
Garden Grove, California 92841-4296

***Attorney for GF Investment Group, Inc. aba The Investment Center***

Email: mplumtree@plumtreelaw.com
nbrunner@plumtreelaw.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Patrick C McGarrigle, Esq.
**MCGARRIGLE, KENNEY & ZAMPIELLO, APC**
9600 Topanga Canyon Blvd., Suite 200
Chatsworth, California 91311

***Attorney for Quonset Partners, LLC***

Email: patrickm@mkzlaw.com

Alan G. Tippie, Esq.
Mark S. Horoupian, Esq.
**GREENSPOON MARDER LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

***Attorney for Edwin W. Leslie***

Email: alan.tippie@gmlaw.com; Mark.Horoupian@gmlaw.com

Damian D. Capozzola
Timothy R. Laquer
**LAW OFFICES OF DAMIAN D. CAPOZZOLA**
633 W. Fifth Street, 26th Floor
Los Angeles, CA 90071

***Attorneys for Gary Stiffelman***

Email: ddc@ddclaw.com trl@ddclaw.com

Scott R. Carpenter, Esq.
**CUMMINS & WHITE, LLP**
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764

***Attorneys for La Hacienda Nursery & Landscape, Inc.***

Email: scarpenter@cwlawyers.com; DPimentel@cwlawyers.com

Trevor O. Resurrecceccion
Mark A. Walsh
**Lynberg & Watkins, APC**
1100 Town & Country Road, Suite 1450
Orange, CA 92868

***Attorney for Doug Wall Construction, Inc.***

Email: tresurreccion@lynberg.com; mwalsh@lynberg.com; jorellana@lynberg.com bwilson@lynberg.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT C**

Electronically FILED by Superior Court of California, County of Riverside on 11/09/2023 04:11 PM
Case Number RIC1905743 0000075442048 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jose Valdez, Clerk

Rudy R. Perrino, Esq. (SBN: 190672)
**KUTAK ROCK LLP**
777 South Figueroa Street, Suite 4550
Los Angeles, CA 90017-5800
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
E-Mail: rudy.perrino@kutakrock.com

Attorneys for Third Party Claimant,
ASR DEVELOPMENT CO.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE – SOUTHWEST JUSTICE CENTER**

U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., an Irish limited partnership,

Plaintiff,

v.

GLENROY COACHELLA, LLC, a Delaware limited liability company, et al.,

Defendants.

AND ALL OTHER RELATED ACTIONS.

Case No.: RIC 1905743

Assigned to Judge Angel M. Bermudez
Department S-302

**PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]**

**[Filed concurrently with the Declaration of Rudy R. Perrino and [Propose] Order.]**

**Date: January 8, 2024**
**Time: 8:30 a.m.**
**Dept.: S302**
**Reservation No.: 426392331054**

Action Filed: November 19, 2019
Trial Date: June 21, 2024

**TO THE COURT AND COUNSL OF RECORD:**

Third Party Claimant, ASR Development Co., a California corporation ("ASR or "Third-Party Claimant"), having filed its Second Third-Party Claim of Ownership with the levying officer pursuant to California Civil Procedure Code § 720.220 on October 16, 2023 ("Second Third-Party Claim"), and after waiting five (5) days for the levying officer to serve the creditor pursuant to

California Civil Procedure Code § 720.240(a), followed by ten (10) days for objection by the creditor pursuant to Section 720.240(b), with no objection having been received, hereby petitions the Court for a hearing on the validity of its Second Third-Party Claim and for proper disposition of the property that is the subject of that claim in accordance with California Civil Procedure Code § 720.310. A true and correct copy of the Second Third-Party Claim of Ownership is attached to the associated Declaration of Rudy R. Perrino as **Exhibit A**. A true and correct copy of the proof of service of the Second Third-Party Claim and two copies associated with the filing with the levying officer is attached the Declaration of Rudy R. Perrino as **Exhibit B**.

WHEREFORE, the purpose of the hearing is to determine the validity of ASR's Second Third Party Claim, the proper disposition of the property that is subject to the Second Third Party Claim, Third Party Claimant will and does hereby seek an order directing the release of the aforementioned property to be used solely for the purposes specified in the Second Third-Party Claim, or as otherwise ordered by the Court.

WHEREFORE, a Memorandum of Points and Authorities is included with this petition, along with the associated Declaration of Rudy R. Perrino authenticating the Second Third-Party Claim and associated proof of service. The Memorandum of Points and Authorities addresses certain legal issues that may arise at the hearing on the Petition, and is incorporated by reference in support thereof.

WHEREFORE, Third Party Claimant hereby requests that a hearing date be set and held as soon as possible, but in no event later than twenty (20) days after the filing of this petition as required by California Civil Procedure Code 720.310(c).

Dated: November 9, 2023

**KUTAK ROCK LLP**

By: [signature]
Rudy R. Perrino
Third Party Claimant,
ASR DEVELOPMENT CO.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 16, 2023, ASR Development Co., a California corporation ("ASR" or "Third Party Claimant") caused its Second Third Party Claim of Ownership and Superior Right to Possession ("Second Third Party Claim") and two copies to be served on the levying officer, consistent with California Civil Procedure Code § 720.310. (Declaration of Rudy R. Perrino, ("Perrino Decl.") ¶ 3 & **Exhibits A and B**.) In its Second Third Party Claim, ASR seeks a declaration of its ownership of partnership distributions since May 2022 by Rubin-Pachulski Properties LP ("RPP") which have been diverted to the Los Angeles County Sheriff at 9355 Burton Way, Beverly Hills, CA 90210, as the levying officer. As of the date of filing the Petition for Hearing and this related memorandum of points and authorities, no objection to ASR's Third-Party Claim has been received. (Perrino Decl., ¶ 4.)

Respectfully, ASR submits the following Memorandum of Points and Authorities in support of its Petition for Hearing.

## II. ARGUMENT

### A. Third Party Claim and Attachment Statutes are Narrowly Tailored and Are to be Strictly Construed.

A third-party claimant has the burden of proof to establish ownership of the property at issue. (Code Civ. Proc. § 720.360.) Once the third-party claimant has established that it owns the levied property, the burden shifts to the creditor to demonstrate that its claim is superior. (*Oxford Street Properties, LLC v. Rehabilitation Associates*, LLC (2012) 206. Cal.App.4th 296, 307; *Whitehouse v. Six Corp*. (1995) 40 Cal.App.4th 527, 535.) In general, "discovery is not available" in third-party claim proceedings. (*Whitehouse v. Six Corp.* (1995) 40 Cal.App.4th 527, 536.)

Attachment procedures, as creatures of statute, must be strictly construed (*Arcata Publications Group v. Beverly Hills Publishing Co*. (1984) 154 Cal.App.3d 276, 279.) Attachment is a harsh remedy in that an alleged debtor loses control of his property before the claim against him has been adjudicated. this being so, the provisions relating thereto should be strictly construed. (*Barceloux v. Dow*, (1959) 174 Cal.App.2d 170, 174.) The judicial role is to simply ascertain the

intent of the Legislature, not to insert what has been omitted, or to omit what has been inserted, as the judiciary has no power to rewrite plain statutory language under the guise of construction. (*Greyhound Lines, Inc. v. County of Santa Clara* (1986) 187 Cal.App.3d 480, 487.)

According to the Court's ruling on August 4, 2022 on ASR's third party claim of ownership to the May 2022 partnership distribution from Rubin-Pachulski Properties, LP, ("RPP", "ASR Distribution Funds"), the Court denied the validity of those funds specifically on the grounds that "upon the evidence presented – including the Memorandum of Garnishee and amended Memorandum of Garnishee – there does not appear to be any appreciable difference between Rubin and ASR. On this, ASR has failed to present sufficient evidence.".

In ASR's Second Third-Party Claim, which seeks to validate its ownership of partnership distributions from RPP ***after*** the May 2022 distribution, ASR has presented substantial evidence demonstrating not only its ownership of the RPP Distributions subsequent to May 2022, but also has declared that it does not intend to distribute the funds to Stuart Rubin, as the Court feared in its August 4, 2022 ruling. Importantly, the Attachment Statutes do not contemplate or even require such evidence in order to establish a valid claim of right. The statutory framework regarding third party claims is devoid of any specific mention of alter ego, and there is scant case law on point to suggest that alter ego can even be used as a basis to defeat ASR's right to partnership distributions which it owns. Moreover, as discussed below, "outside reverse piercing" of the corporate veil is not available in California. Nevertheless, because the Court expressed concerns, ASR has addressed those concerns in its Second Third-Party Claim.

As related to this Second Third-Party Claim of Ownership, ASR has sufficiently complied with its obligations to prove ownership and the basis for which Claimant suspects USRECH would employ in opposition to state their claim superior is without justification at this stage without first securing a judgment against Stuart Rubin and a conclusive finding that ASR is an alter ego of Stuart Rubin. Consequently, ASR's Second Third-Party Claim should be validated.

**B. Determinations of Alter Ego are Improper.**

Where the issue of alter ego is presented, there is a presumption of the separate existence of the corporate entity. (*Mid-Century Ins. Co. v. Gardner*, (1992) 9 Cal. App. 4th 1205.) (emphasis

added.) Whether the evidence has established that the corporate veil should be ignored is primarily a **question of fact, not a question of law,** the conclusion of which should not be disturbed when supported by substantial evidence." (*Alexander v. Abbey of the Chimes*, (1980) 104 Cal. App. 3d 39, 46–47; *Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1248.)(emphasis added).) The corporate entity cannot be ignored on the basis of surmise or suspicion; there must be an affirmative showing that it is a mere instrumentality of the principal stockholder. (*Consolidated Photographic Industries v. Marks*, (1952) 109 Cal. App. 2d 310.) The burden of proving facts under which a corporate entity may be disregarded is on the party alleging that the corporation is merely the alter ego of the individual. (*MacPherson v. Eccleston* (1961) 190 9 Cal. App. 4th 1213.) "[T]he conditions under which the corporate entity may be disregarded vary according to the circumstances in each case and the matter is particularly within the province of the trial court." (*Alexander v. Abbey of the Chimes* (1980) 104 Cal.App.3d 39, 46.) The alter ego test encompasses a host of factors, and no single factor is determinative, instead, the court must examine all the circumstances on whether to apply the doctrine. (*Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799, 811–812.)

The determination of whether the requirements exist for disregarding the corporate entity is primarily one for the trier of fact (*Klajic v. Castaic Lake Water Agency*, (2001) 90 Cal. App. 4th 987.), as it is a question of fact (*Greenspan v. LADT, LLC*, (2010) 191 Cal. App. 4th 486.); *Zoran Corp. v. Chen*, (2010) 185 Cal. App. 4th 799.) The determination is not a question of law (*Misik v. D'Arco*, (2011) 197 Cal. App. 4th 1065.)

Importantly, "outside reverse piercing" of the corporate veil is impermissible in California. In *Postal Instant Press, Inc. v. Kaswa Corp*. (4th Dist. 2008) 162 Cal.App.4th 1510, the Court of Appeal held that "outside reverse piercing" of the corporate veil—passing an individual's liability onto a corporation—is ***not*** permitted in California, that is, the corporate veil will not be pierced to satisfy the debt of an individual shareholder. (*Id*. at 1524.) The Court there reasoned that "[o]utside reverse piercing can harm innocent shareholders and corporate creditors, and [importantly] allow judgment creditors to bypass normal judgment collection procedures." (Id at 1513.)

/ / /

Here, it would be improper for this Court to continue to prevent ASR from receiving ASR Distribution Funds being redirected based on inferences of alter ego because, at a minimum, that **question of fact** has not been conclusively established at this stage, nor could it have been, where a judgment hasn't even been issues. The funds in this Second Third-Party Claim have been specifically earmarked for payment of legal counsel. Rejection of ASR's Second Third-Party Claim would interfere with ASR's responsibility to indemnify its corporate officer and quite possibly implicates the due process rights of both ASR and Stuart Rubin. (See, *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 788.) Consequently, ASR requests release of the ASR Distribution Funds as stated in its Second Third-Party Claim.

### C. The Court's August 4, 2022 Ruling on Claimant's First Third Party Claim of Ownership is Not Res Judicata as to the Claims Raised in the Second Third Party Claim of Ownership.

Hearings on third party claims are "summary proceedings" that "provide a quick and effective way to determine such claims." (*Cassel v. Kolb* (1999) 72 Cal.App.4th 568, 579.) The judgment creditor need not file any pleading to oppose the claim as the third party's claim is "deemed controverted by the creditor." (Code Civ. Proc. § 720.350(b).)

ASR does not question that, once the court reaches the merits of the third-party claim, final judgment is entered and "the judgment is conclusive between the parties to the proceeding." (Code Civ. Proc. § 720.390; *see Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1016–1017 [third-party claim ruling is res judicata].) However, the prerequisite elements for applying the doctrine [of res judicata] to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is ***identical*** to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a ***final judgment*** on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. (*Boeken v. Philip Morris USA, Inc.,* (2010) 48 Cal.4th 788, 797.) While ASR is the same party seeking relief here, its claims are not identical to those raised in the first Third-Party claim, nor has a final judgment been entered on the topic.

/ / /

Previously, on August 4, 2022, this Court made a ruling which denied Claimant's initial third-party claim of ownership and right to possession ***solely*** of the May 2022 distribution from RPP in the amount of $62,437.50. That prior ruling was on ASR's Third Party claim as to May 2022 distribution specifically, and a claim to future distributions was not made by ASR and, therefore, was not at issue at that time. Moreover, given the Court's finding that ASR had failed to meet its burden of proof regarding ownership solely of the May 2022 funds, the ownership to subsequent distributions has not yet been determined. Consequently, it would be improper for the Court to expand the August 4, 2022 ruling to ASR's Second Third-Party Claim

Moreover, while USRECH filed a notice of ruling on August 9, 2022 related to the Court's determination denying ASR's initial third-party claim of ownership, no further judgment was sought or entered by the Court. Without an entered judgment on the ruling, the ruling can have no *res judicata* effect.

In sum, Claimant seeks a hearing and opportunity to be heard on their Second Third-Party Claim of Ownership because it is necessary to illuminate which partnership distributions and which issues may be subject to res judicata regarding whether the Court will validate ASR's Second Third-Party Claim of Ownership.

## III. CONCLUSION

For the reasons stated in the foregoing, Third-Party Claimant respectfully requests this Court for a hearing and to confirm the validity of ASR's Second Third-Party Claim of Ownership.

Dated: November 9, 2023

**KUTAK ROCK LLP**

By: [signature]
Rudy R. Perrino
Third Party Claimant,
ASR DEVELOPMENT CO.

**PROOF OF SERVICE**

*U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P. v. GLENROY COACHELLA, LLC, et al.*
Riverside Superior Court – Southwest Justice Center – Case No.: RIC 1905743

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the City of Los Angeles in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 777 South Figueroa Street, Suite 4550, Los Angeles, California 90017.

On **November 9, 2023**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]**

☐ **(BY ELECTRONIC MAIL)** I caused such document to be delivered to the offices of the addressees via electronic mail pursuant to C.C.P §1013(a). Said document was transmitted to the email addresses of the offices which are listed on the service list. Said document was served electronically and the transmission was reported as complete and without error.

☒ **(BY ELECTRONIC SERVICE THROUGH COURT AUTHORIZED THIRD-PARTY VENDOR – OneLegal)** Pursuant to California Rule of Court 2.251(b)(1)(b) and C.C.P. Section 1010.6, the above document was served electronically on the parties appearing on the service list associated with this case at their respective email addresses.

**SEE ATTACHED SERVICE LIST**

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 9, 2023**, at Los Angeles, California.

*Kiara P. Garcia*

**SERVICE LIST**

| | |
|---|---|
| Marsha A. Houston, Esq.<br>Christopher O. Rivas, Esq.<br>Shayna A. Jackson, Esq.<br>**REED SMITHLLP**<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1514 | *Attorneys for Plaintiff, U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., et al*<br><br>Bus: (213) 457-8000<br>Fax: (213) 457-8080<br>E-Mail: mhouston@reedsmith.com<br>E-Mail: crivas@reedsmith.com<br>E-Mail: sjackson@reedsmith.com |
| Sean A. O'Keefe, Esq<br>**OKEEFE & ASSOCIATES LAW CORP., P.C.**<br>26 Executive Park, Suite 250<br>Irvine, CA 92614 | *Attorneys for Defendants, ELLIOT B. LANDER and COACHELLA RESORT, LLC, a California limited liability company*<br><br>E-Mail: sokeefe@okeefelawcorporation.com |
| Stephen J. Armstrong, Esq.<br>Miguel Arballo, Esq.<br>**LAW OFFICES OF STEPHEN J. ARMSTRONG**<br>75100 Mediterranean<br>Palm Desert, CA 92211 | *Attorneys for APPLE J. PLUMBING, INC., DESERT PALMS ELECTRIC, INC., MASCORRO CONCRETE CONSTRUCTION, INC., TEMALPAKH, INC. dba THE WORKS FLOOR AND WALL, AL MILLER & SONS ROOFING, TANDEM WEST GLASS, INC. and JACOBSSON ENGINEERING CONSTRUCTION, INC.*<br><br>E-Mail: stephen@sjalaw.com |
| Brian S. Harnik, Esq.<br>**ROEMER & HARNIK LLP**<br>45025 Manitou Drive<br>Indian Wells, CA 92210 | *Attorney for BLAIR AIR, INC.*<br><br>E-Mail: bharnik@rhlawfirm.com<br>E-Mail: amontez@rhlawfirm.com |
| Marc S. Homme, Esq.<br>**MARC S. HOMME, APLC**<br>P.O. Box 1645<br>Rancho Mirage, CA 92270 | *Attorney for DOUG WALL CONSTRUCTION, INC.*<br><br>E-Mail: marc@hommelaw.net |
| Milene C. Apanian, Esq.<br>**LAW OFFICES OF ABDULAZIZ, GROSSBART & RUDMAN**<br>6454 Coldwater Canyon Avenue<br>North Hollywood, CA 91606 | *Attorneys for BMC WEST, LLC*<br><br>E-Mail: mca@agrlaw.com |

| | |
|---|---|
| Michael K. Murray, Esq.<br>**LANAK & HANNA, P.C.**<br>625 The City Drive South, Suite 190<br>Orange, CA 92868 | *Attorneys for THE SHERMIN-WILLIAMS COMPANY and L&W SUPPLY CORPORATION*<br><br>E-Mail: mkmurray@lanak-hanna.com |
| A. Maria Plumtree, Esq.<br>Ferdi Trampe, Esq.<br>**PLUMTREE & ASSOCIATES**<br>11132 Winners Circle, Suite G207<br>Los Alamitos, CA 90720 | *Attorneys for GF INVESTMENT GROUP aba THE INVESTMENT CENTER*<br><br>E-Mail: mplumtree@plumtreelaw.com<br>E-Mail: nbrunner@plumtreelaw.com |
| Patrick C. McGarrigle, Esq.<br>**McGARRIGLE, KENNEY & ZAMPIELLO, APC**<br>9600 Topanga Canyon Blvd., Suite 200<br>Chatsworth, CA 91311 | *Attorneys for QUONSET PARTNERS, LLC*<br><br>E-Mail: patrickm@mkzlaw.com |
| Alan G. Tippie, Esq.<br>Mark S. Horoupian, Esq.<br>Sulmeyer Kupetz, Esq.<br>**GREENSPOON MARDER LLP**<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | *Attorney for EDWIN W. LESLIE*<br><br>E-Mail: alan.tippie@gmlaw.com<br>E-Mail: mark.horoupian@gmlaw.com |
| Damian D. Capozzola, Esq.<br>Timothy R. Laquer, Esq.<br>**LAW OFFICES OF DAMIAN D. CAPOZZOLA**<br>633 W. Fifth Street, 26th Floor<br>Los Angeles, CA 90071 | *Attorneys for GARY STIFFELMAN*<br><br>E-Mail: ddc@ddclaw.com<br>E-Mail: trl@ddclaw.com |
| Scott R. Carpenter, Esq.<br>Zachariah Tomlin, Esq.<br>**CUMMINS & WHITE, LLP**<br>2424 S.E. Bristol Street, Suite 300<br>Newport Beach, CA 92660-0764 | *Attorneys for LA HACIENDA NURSERY & LANDSCAPE, INC.*<br><br>E-Mail: scarpenter@cwlawyer.com<br>E-Mail: ztomlin@cwlawyers.com<br>E-Mail: dpimentel@cwlawyers.com |
| Trevor O. Resurreccion, Esq.<br>Mark A. Walsh, Esq.<br>**LYNBERG & WATKINS, APC**<br>1100 Town & Country Road, Suite 1450<br>Orange, CA 92868 | *Attorneys for DOUG WALL CONSTRUCTION, INC.*<br><br>E-Mail: tresurreccion@lynberg.com<br>E-Mail: mwalsh@lynberg.com<br>E-Mail: jorellana@lynberg.com<br>E-Mail: bwilson@lynberg.com |

| | |
|---|---|
| Michael T. Chulak, Esq.<br>**MICHAEL T. CHULAK ASSOCIATES**<br>30343 Canwood Street, Suite 203<br>Agoura Hills, CA 91301 | Bus: (818) 991-9019<br>Fax: (818) 991-5077<br>E-Mail: mchulak@mtclaw.com |
| George Sykulksi, Esq.<br>**GEORGE SYKULSKI, APLC**<br>P.O. Box 10426<br>Burbank, California 91510 | *Attorneys for Plaintiff, FERGUSON ENTERPRISES, LLC*<br><br>E-Mail: georgesykulski@roadrunner.com |

☒ (BY PERSONAL SERVICE) – VIA ASAP LEGAL - DELIVERED THE FOREGOING DOCUMENT(S) **PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]** BY HAND DELIVERY TO THE OFFICE(S) OF THE ADDRESSEE(S) AS FOLLOWS:

LOS ANGELES SHERRIFF
9533 Burton Way
Beverly Hills, CA 90210

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

# Make a Reservation

U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC

Case Number: RIC1905743 Case Type: Civil Category: Unlimited Civil Breach of Contract/Warranty
Date Filed: 2019-08-26 Location: Southwest Justice Center - Department S302

## Reservation

| | |
|---|---|
| Case Name:<br>U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC | Case Number:<br>RIC1905743 |
| Type:<br>Civil Motion (PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]) | Status:<br>RESERVED |
| Filing Party:<br>ASR DEVELOPMENT CO. (Third Person) | Location:<br>Southwest Justice Center - Department S302 |
| Date/Time:<br>01/08/2024 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>426392331054 | Confirmation Code:<br>CR-XOIARAU6IJMDAGOEJ |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Civil Motion (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | **$0.00** |

## Payment

| | |
|---|---|
| Amount:<br>$0.00 | Type:<br>NOFEE |
| Account Number:<br>n/a | Authorization:<br>n/a |

Chat

Print Receipt    Reserve Another Hearing    View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

# EXHIBIT D

RECEIVED 01/08/24

MB2

JAN 11 2024

APP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 190672<br>NAME: Rudy R. Perrino<br>FIRM NAME: KUTAK ROCK LLP<br>STREET ADDRESS: 777 S. Figueroa Street, Suite 4550<br>CITY: Los Angeles STATE: CA ZIP CODE: 90017<br>TELEPHONE NO.: (213) 312-4000 FAX NO.: (213) 312-4001<br>EMAIL ADDRESS: rudy.perrino@kutakrock.com<br>ATTORNEY FOR (name): Third-Party Claimant ASR Development Co. | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>JAN 08 2024<br>A. Oliva |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>STREET ADDRESS: 30755-d Auld Road<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Murrieta, 92563<br>BRANCH NAME: SOUTHWEST JUSTICE CENTER | |
| PLAINTIFF/PETITIONER: U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP<br>DEFENDANT/RESPONDENT: THIRD-PARTY CLAIMANT ASR DEVELOPMENT CO | |
| ☒ **NOTICE OF APPEAL** ☐ **CROSS-APPEAL**<br>**(UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>RIC1905743 |

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001-INFO) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

1. NOTICE IS HEREBY GIVEN that:
   a. *(Name):* Third-Party Claimant ASR Development Co. appeals from a judgment or order in this case.
   b. The judgment or order was entered on *(list the date or dates the judgment and each order being appealed were entered):* December 29, 2023
   c. The appeal is from the following order or judgment *(check all that apply):*
      - ☐ Judgment after jury trial
      - ☐ Judgment after court trial
      - ☐ Default judgment
      - ☐ Judgment after an order granting a summary judgment motion
      - ☐ Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430
      - ☐ Judgment of dismissal after an order sustaining a demurrer
      - ☐ An order after judgment under Code of Civil Procedure, § 904.1(a)(2)
      - ☐ An order or judgment under Code of Civil Procedure, § 904.1(a)(3)-(13)
      - ☒ Other *(describe and specify the code section or other authority that authorizes this appeal):* Appeal of judgment issues pursuant to Cal. Civ. Proc. Code Section 720.390. Cal. Civ. Proc. Cose Section 720.420.
   d. ☐ The judgment or order being appealed directs payment of sanctions by an attorney for a party. The attorney *(name):* appeals.
2. For cross-appeals only:
   a. Date notice of appeal was filed in original appeal:
   b. Date superior court clerk mailed notice of original appeal:
   c. Court of Appeal case number *(if known)*:
3. ☒ The judgment or order being appealed is attached *(optional)*.

Date: January 8, 2024

Rudy R. Perrino
(TYPE OR PRINT NAME)

▶ *[signature]*
(SIGNATURE OF PARTY OR ATTORNEY)



Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2024]

**NOTICE OF APPEAL/CROSS-APPEAL—UNLIMITED CIVIL CASE**
**(Appellate)**

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

# ATTACHMENT

Electronically RECEIVED by Superior Court of California, County of Riverside on 12/26/2023 02:22 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Carla Alvarez, Clerk

Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
Shayna A. Jackson (SBN 340864)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for
U.S. Real Estate Credit Holdings III-A, LP

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
DEC 29 2023
A. Behrmann

JAN 03 2024

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE – SOUTHWEST JUSTICE CENTER**

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>GLENROY COACHELLA, LLC, a Delaware limited liability company; et al.<br><br>Defendants. | Case No.: RIC1905743<br>Master File: RIC1905743<br><br>Assigned for all Purposes to:<br>Hon. Angel M. Bermudez, Dept. S302<br><br>**[~~PROPOSED~~] JUDGMENT DENYING SECOND THIRD PARTY CLAIM OF ASR DEVELOPMENT CO.**<br><br>Hearing<br>Date: December 12, 2023<br>Dept.: S302<br>Time: 8:30 a.m. |
| AND ALL CONSOLIDATED CASES. | Complaint filed: November 19, 2019 |

The Petition for Hearing on Second Third Party Claim of Ownership and Superior Right to Possession (the "Second ASR Petition") filed by ASR Development Co. ("ASR") came on for a merits hearing on December 12, 2023, at 8:30 a.m. in Department S302 of the above-entitled court, located at 30755-D Auld Road, Murietta, CA 92563. The Court's findings and rulings are as set forth in the Court's minute order, which is attached hereto as **Exhibit A**.

**~~[PROPOSED]~~ JUDGMENT**

Based on the foregoing, the Court hereby enters judgment against ASR and in favor of U.S. Real Estate Credit Holdings III-A, LP.

DATED: DEC 29 2023

Honorable Angel M. Bermudez
Judge of the Superior Court

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# Exhibit A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

---

**APPEARANCES:**

U.S. REAL ESTATE CREDIT HOLDINGS III A LP [PLA] represented by Chris Rivas and Marsha Houston present (Telephonically) .
ASR DEVELOPMENT CO. [TP] represented by Rudy Perrino present (Telephonically).
STIFFELMAN, GARY [DEF] represented by Timothy Laquer present (Telephonically).

---

At 09:00 AM, the following proceedings were held:
Court has read and considered documents relating to this matter.
Court's tentative is issued.
Counsel argue.
Matter is taken under submission
Off the record – Court subsequently rules on matter taken under submission as follows:
The Petition is DENIED. The $866,144.00 which are the subject of ASR's second third-party claim are ordered delivered to the Los Angeles County Sheriff to be held in trust pending judgment in this action.

First, it appears that the Petition is time-barred. The third-party claim statute provides: "Not later than 15 days after the third-party claim is filed with the levying officer pursuant to Section 720.120 or 720.220, or 15 days after filing an undertaking pursuant to Section 720.610, either the creditor or the third person may petition the court for a hearing to determine the validity of the third-party claim and the proper disposition of the property that is the subject of the claim." (Code Civ. Proc., § 720.310(a).) Here, as stated in the supporting declaration of ASR's counsel, the third-party claim was filed with the sheriff's office on October 16, 2023. (Perrino Decl., ¶ 3.) As ASR concedes, no undertaking has been

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

---

filed by either USRECH or ASR. (Reply, 2:3-4, 13-14.) Therefore, a petition had to be filed within 15 days of filing the third-party claim with the sheriff on October 16, 2023, by no later than October 31, 2023. Here, the petition was filed on November 9, 2023. Other than to assert that the sheriff's department has failed to follow the procedures under section 720.330 by filing the claim with the court and providing the requisite notice to the parties, ASR presents no argument to show that its petition was timely brought. If the petition is not timely filed, the court that entered the judgment loses jurisdiction to determine the third-party claim. (Ballagh v. Williams (1942) 50 Cal.App.2d 303, 304 [decided under former law].)

Even if it is not time-barred, the second third-party claim is res judicata. Under Code of Civil Procedure section 720.110, a third person claiming ownership or the right to possession of property may make a third-party claim, where personal property has been levied upon under a writ of attachment, "if the interest claimed is superior to the creditor's lien on the property." (Code Civ. Proc., § 720.110(b).) "Once the third party establishes its entitlement to the property, the burden shifts to the creditor … to establish that its claim is superior." [Citation.] (Oxford Street Properties, LLC v. Rehabilitation Associates, LLC (2012) 206 Cal.App.4th 296, 307.) In a petition to determine the validity of a third-party claim, ASR bears the initial burden of establishing that it has ownership over the property and that its lien is superior to that of USRECH. The issue of ownership has already been determined by this Court in its August 04, 2022 ruling on ASR's first third-party claim.

In the August 04, 2022, ruling, the Court ruled that ASR presented insufficient evidence of its ownership interest sufficient to shift the burden upon the Levying Creditor, USRECH, and ordered the funds to be delivered to the Los Angeles County Sheriff to be held in trust pending judgment in this action. Although ASR argues that the first third-party claim was limited to the May 2022 distribution for the amount of $62,437.50, and has no bearing on future distributions made subsequent to that time, and that the ruling was only based on insufficient evidence, the issue of ASR's ownership interest in RPP was heard by this Court and finally determined by its ruling. The Court ruled that ASR failed to present evidence that it is a limited partner of RPP entitled to monthly distributions (e.g., that it holds

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

24.7% ownership interest as being asserted in the second claim). The Court noted in its ruling that ASR could not make the showing of its ownership interest through the submission of various corporate documents of RPP. Rulings made at hearings on third party claims are res judicata. (Lyons v. Security Pac. Nat'l Bank (1995) 40 Cal.App.4th 1001, 1016 [res judicata applied to bar third party claimant's action against bank to contest the validity of the bank's lien which was an issue fully litigated and finally decided in the hearing on the third party claim].) Because ASR failed to meet its burden of ownership, and thereby the superiority of its interest over the lien interest of USRECH, ASR is barred by res judicata to relitigate this matter.

The Court also mentioned in its August 2022 ruling that "the evidence submitted in support of the claim suggested that any money distributed to ASR will be delivered directly to ASR's owner, Rubin" and that "there does not appear to be any appreciable difference between Rubin and ASR." (Perrino Decl., ¶ 3, Ex. A [Second Third-Party Claim, Ex. 1 (Minute Order dated August 04, 2022)].) Also on this ground, the Court ruled that ASR failed to present sufficient evidence. The same concerns are present in ASR's second third-party claim, which justifies denying the petition. ASR admittedly states that the funds from the RPP distribution would be used to pay legal bills of both ASR and Stuart Rubin (Second Third-Party Claim, 4:19-5:3), meaning the funds would be used for the benefit of the debtor rather than satisfying the lien of the levying creditor. The second third-party claim fails to clarify what portion of the funds are to be allocated towards paying Mr. Ruin's legal bills. A copy of the writ of attachment was delivered to ASR as a levy upon any property of ASR to which Mr. Rubin has interest, which is to expire after "three years from the date of issuance of the writ of attachment under which the levy was made." (Code Civ. Proc., § 488.510(a).) As such, any money ASR is obligated to pay to Mr. Rubin or to disburse for his benefit is subject to the writ of attachment. In that, ASR fails to show that its interest is superior to the lien of USRECH.

Notice of ruling to be prepared, served and submitted by prevailing party.
Notice to be given by Clerk to THE LAW OFFICES OF DAMIAN D CAPOZZOLA , Christopher Orlando Rivas , RUDY PERRINO.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing re: Motion PETITION FOR HEARING ON SECOND THIRD PARTY CLAIM OF OWNERSHIP AND SUPERIOR RIGHT TO POSSESSION; [PROPOSED] ORDER SETTING HEARING DATE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [C.C.P. § 720.310]

12/12/2023
8:30 AM
Department S302

AMENDED
**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Josh Manea, Pro Tempore, Court Reporter

**PROOF OF SERVICE**

*U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P. v. GLENROY COACHELLA, LLC, et al.*
Riverside Superior Court – Southwest Justice Center – Case No.: RIC 1905743

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614-8595.

On **January 8, 2024**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**THIRD PARTY CLAIMANT, ASR DEVELOPMENT CO. NOTICE OF APPEAL**

☒ **(BY ELECTRONIC SERVICE THROUGH COURT AUTHORIZED THIRD-PARTY VENDOR)** Pursuant to California Rule of Court 2.251(b)(1)(b) and C.C.P. Section 1010.6, the above document was served electronically on the parties appearing on the service list associated with this case at their respective email addresses.

**PLEASE SEE SERVICE LIST PROVIDED BY CASEANYWHERE**

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 8, 2024**, at Irvine, California.

[signature]

Angela Campos

**SERVICE LIST**

| | |
|---|---|
| John A. Messina, Jr., Esq.<br>Evan L. Smith, Esq.<br>Jeffrey J. Van Wick, Esq.<br>**MESSINA & HANKIN LLP**<br>24910 Las Brisas Road, Suite 102<br>Murrieta, CA 92562 | *Attorneys for A. STUART RUBIN, FORCE RUBIN LLC and FORCE RUBIN 2 LLC, COACHELLA RESORT and ELLIOT LANDER*<br><br>Bus: (951) 894-7332<br>Fax: (951) 894-7332<br>E-Mail: jmessina@messinahankinlaw.com<br>E-Mail: elsmith@messinahankinlaw.com<br>E-Mail: jvanwick@messinahankinlaw.com<br>E-Mail: cshewman@messinahankinlaw.com |
| Marsha A. Houston, Esq.<br>Christopher O. Rivas, Esq.<br>Shayna A. Jackson, Esq.<br>**REED SMITHLLP**<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1514 | *Attorneys for Plaintiff, U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., et al*<br><br>Bus: (213) 457-8000<br>Fax: (213) 457-8080<br>E-Mail: mhouston@reedsmith.com<br>E-Mail: crivas@reedsmith.com<br>E-Mail: sjackson@reedsmith.com |
| Sean A. O'Keefe, Esq<br>**OKEEFE & ASSOCIATES LAW CORP., P.C.**<br>26 Executive Park, Suite 250<br>Irvine, CA 92614 | *Attorneys for Defendants, ELLIOT B. LANDER and COACHELLA RESORT, LLC, a California limited liability company*<br><br>E-Mail: sokeefe@okeefelawcorporation.com |
| Stephen J. Armstrong, Esq.<br>Miguel Arballo, Esq.<br>**LAW OFFICES OF STEPHEN J. ARMSTRONG**<br>75100 Mediterranean<br>Palm Desert, CA 92211 | *Attorneys for APPLE J. PLUMBING, INC., DESERT PALMS ELECTRIC, INC., MASCORRO CONCRETE CONSTRUCTION, INC., TEMALPAKH, INC. dba THE WORKS FLOOR AND WALL, AL MILLER & SONS ROOFING, TANDEM WEST GLASS, INC. and JACOBSSON ENGINEERING CONSTRUCTION, INC.*<br><br>E-Mail: stephen@sjalaw.com |
| Brian S. Harnik, Esq.<br>**ROEMER & HARNIK LLP**<br>45025 Manitou Drive<br>Indian Wells, CA 92210 | *Attorney for BLAIR AIR, INC.*<br><br>E-Mail: bharnik@rhlawfirm.com<br>E-Mail: amontez@rhlawfirm.com |

| | |
|---|---|
| Marc S. Homme, Esq.<br>**MARC S. HOMME, APLC**<br>P.O. Box 1645<br>Rancho Mirage, CA 92270 | *Attorney for DOUG WALL CONSTRUCTION, INC.*<br><br>E-Mail: marc@hommelaw.net |
| Milene C. Apanian, Esq.<br>**LAW OFFICES OF ABDULAZIZ, GROSSBART & RUDMAN**<br>6454 Coldwater Canyon Avenue<br>North Hollywood, CA 91606 | *Attorneys for BMC WEST, LLC*<br><br>E-Mail: mca@agrlaw.com |
| Michael K. Murray, Esq.<br>**LANAK & HANNA, P.C.**<br>625 The City Drive South, Suite 190<br>Orange, CA 92868 | *Attorneys for THE SHERMIN-WILLIAMS COMPANY and L&W SUPPLY CORPORATION*<br><br>E-Mail: mkmurray@lanak-hanna.com |
| A. Maria Plumtree, Esq.<br>Ferdi Trampe, Esq.<br>**PLUMTREE & ASSOCIATES**<br>11132 Winners Circle, Suite G207<br>Los Alamitos, CA 90720 | *Attorneys for GF INVESTMENT GROUP aba THE INVESTMENT CENTER*<br><br>E-Mail: mplumtree@plumtreelaw.com<br>E-Mail: nbrunner@plumtreelaw.com |
| Patrick C. McGarrigle, Esq.<br>**McGARRIGLE, KENNEY & ZAMPIELLO, APC**<br>9600 Topanga Canyon Blvd., Suite 200<br>Chatsworth, CA 91311 | *Attorneys for QUONSET PARTNERS, LLC*<br><br>E-Mail: patrickm@mkzlaw.com |
| Alan G. Tippie, Esq.<br>Mark S. Horoupian, Esq.<br>Sulmeyer Kupetz, Esq.<br>**GREENSPOON MARDER LLP**<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | *Attorney for EDWIN W. LESLIE*<br><br>E-Mail: alan.tippie@gmlaw.com<br>E-Mail: mark.horoupian@gmlaw.com |
| Damian D. Capozzola, Esq.<br>Timothy R. Laquer, Esq.<br>**LAW OFFICES OF DAMIAN D. CAPOZZOLA**<br>633 W. Fifth Street, 26th Floor<br>Los Angeles, CA 90071 | *Attorneys for GARY STIFFELMAN*<br><br>E-Mail: ddc@ddclaw.com<br>E-Mail: trl@ddclaw.com |
| Scott R. Carpenter, Esq.<br>Zachariah Tomlin, Esq.<br>**CUMMINS & WHITE, LLP**<br>2424 S.E. Bristol Street, Suite 300<br>Newport Beach, CA 92660-0764 | *Attorneys for LA HACIENDA NURSERY & LANDSCAPE, INC.*<br><br>E-Mail: scarpenter@cwlawyer.com<br>E-Mail: ztomlin@cwlawyers.com<br>E-Mail: dpimentel@cwlawyers.com |

| | |
|---|---|
| Trevor O. Resurreccion, Esq.<br>Mark A. Walsh, Esq.<br>**LYNBERT & WATKINS, APC**<br>1100 Town & Country Road, Suite 1450<br>Orange, CA 92868 | *Attorneys for DOUG WALL CONSTRUCTION, INC.*<br><br>E-Mail: tresurreccion@lynberg.com<br>E-Mail: mwalsh@lynberg.com<br>E-Mail: jorellana@lynberg.com<br>E-Mail: bwilson@lynberg.com |
| Michael T. Chulak, Esq.<br>**MICHAEL T. CHULAK ASSOCIATES**<br>30343 Canwood Street, Suite 203<br>Agoura Hills, CA 91301 | Bus: (818) 991-9019<br>Fax: (818) 991-5077<br>E-Mail: mchulak@mtclaw.com |
| Farhad Novian<br>Michael Gerst<br>**NOVIAN & NOVIAN LLP**<br>1801 Century Park East, Suite 1201<br>Los Angeles, CA 90067 | Bus: (310) 553-1222<br>Fax: (310) 553-0222<br>E-Mail: farid@novianlaw.com<br>E-Mail: gerst@novianlaw.com |
| George Sykulksi, Esq.<br>**GEORGE SYKULSKI, APLC**<br>P.O. Box 10426<br>Burbank, California 91510 | *Attorneys for Plaintiff, FERGUSON ENTERPRISES, LLC*<br><br>E-Mail: georgesykulski@roadrunner.com |